**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>      *Plaintiffs,*<br><br>      vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, *et al.*,<br><br>      *Defendants.* | Case No. 1:25-cv-11916 |

**INDIVIDUAL PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

The Individual Plaintiff, a pregnant physician who seeks a Covid-19 vaccine to protect herself and her innocent unborn child despite the directive of the Secretary of the Department of Health and Human Services ("Secretary") rescinding the recommendation that pregnant individual routinely get vaccinated against Covid-19, brings this motion seeking leave to participate as a plaintiff in the above-captioned action under a pseudonym.

The attached Complaint sets forth how the Defendants' actions in rescinding the Centers for Disease Control and Prevention ("CDC") recommendation that healthy pregnant individuals receive a vaccination against Covid-19 is arbitrary and capricious and contrary to law and that Defendant's action rescinding that recommendation put her and her baby at current and future risk for contracting a Covid-19 infection, experiencing severe symptoms of the same, and possibly dying. Individual Plaintiff seeks to bring this action under a pseudonym because the facts in the Complaint relate to sensitive information about Individual Plaintiff's medical condition, medical history, and her reproductive health. Additionally, Individual Plaintiff seeks to bring this action

1

under a pseudonym out of fear of the effect of publicity on her personal and professional lives and to avoid participating in a chilling effect on similarly-situated individuals who seek to hold federal health officials to account for unlawful overreaches and attacks on science For these reasons and the reasons set forth below, Plaintiff respectfully asks the Court to grant her motion to proceed under a pseudonym.

## I.    BACKGROUND

Individual Plaintiff is a pregnant physician who works in a hospital. Declaration in Support of Individual Plaintiff's Motion for Preliminary Injunction and Declaratory Relief and for Expedited Consideration at ¶¶ 2–4 (filed contemporaneously with this Motion and attached hereto as Exhibit A for the Court's convenience). She is exposed to infectious diseases every day she works at the hospital. *Id*. at ¶ 6. To protect herself from Covid-19, Individual Plaintiff has already received the Covid-19 vaccination and several booster vaccines against COVID-19. *Id*. at ¶ 7. She is joining this lawsuit because challenging the Secretary's directive to rescind the recommendation that healthy pregnant individuals receive a Covid-19 vaccine will benefit her personally, her unborn baby, and other expecting parents. *Id*. at ¶ 7. She has seen news coverage of politically-motivated violence in the past several weeks and months involving challenges to government policies. Declaration in Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order, (attached as Exhibit B). The frequency and severity of politically-motivated attacks scares her and discourages her from taking  actions that publicize her views on topics that have been politicized, such as vaccine safety and federal vaccine policy. Ex. B  at ¶ 2. If required to proceed under her legal name, she would likely be harassed by individuals in her personal life, and possibly professional life, with whom she tries to avoid speaking about politically-charged topics. *Id*. at ¶ 3. If required to proceed under her legal name, her life will be unsafely disrupted

emotionally by individuals and organizations seeking to prevent her from maintaining her views that the Covid-19 vaccine is a safe and effective way to protect pregnant individuals and their babies from Covid-19 infection, severe Covid-19 symptoms, and death. *Id*. at ¶ 4. If required to participate in the above-captioned litigation under her legal name, she risks her personal physical safety and that of her unborn baby from agents who would target them for a politically-motivated attack. *Id*. at ¶ 5. If required to participate in the above-captioned litigation under her legal name, that fact will require  disclosing her personal medical and reproductive choices to the public, which are sensitive to her and to which she would not want her colleagues, her patients, or the public to know about.  *Id*. at ¶ 6. Her fear that participating in the above-captioned litigation under her legal name will cause her severe emotional, reputational, professional, and even physical harm to the extent  that she doubts she will elect to proceed with her claims if she is not permitted to move forward under a pseudonym. *Id*. at ¶ 7.

## II.    LEGAL STANDARD

In general, pseudonymity in litigation is permitted only in "exceptional circumstances" and courts must balance the public's interest in open judicial fora with the privacy interest on a case-by-case basis and the party seeking pseudonymity bears the burden of rebutting the strong presumption against it. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70, 73 (1st Cir. 2022); *Doe v. United States*, Case No. 1:24-cv-1145, ECF No. 20 (D. Mass. Oct. 15, 2024). The First Circuit lacks a formalized test for when a party can proceed pseudonymously. *Mass. Inst. of Tech.*, 46 F.4th 70. Rather, courts in the First Circuit "enjoy broad discretion to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests" in deciding to permit pseudonymity. *Id*. Broadly, courts within the First Circuit permit pseudonymity in several general categories: (1) cases where the would-be-Doe "reasonably fears

3

that coming out of the shadows will cause him [or her] severe harm (either physical or psychological); (2) "cases in which identifying the would-be-Doe would harm 'innocent nonparties'"; and (3) "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Mass. Inst. of Tech.*, 46 F.4th at 71 (collecting cases).

## III.    ARGUMENT

The Court should permit the Individual Plaintiff to proceed under a pseudonym for four reasons. First, revealing Plaintiff's identity will expose her to risk of harassment and attack by individuals for whom vaccination has become a political, rather than health issue. Second, denying Individual Plaintiff's motion will have a chilling effect on other individuals coming forward in opposition to the attacks by  federal officials on science at the expense of public health. Third, granting Individual Plaintiff's motion will not prejudice Defendants in any way because, if the Court grants her motion, the Individual Plaintiff will file a copy of the Complaint that includes her legal name under seal and provide a copy of the same to Defendants.

### A.  Revealing Individual Plaintiff's Identify Risks her Personal Safety and the Safety of her Innocent Unborn Child

The Court should permit the Individual Plaintiff to proceed pseudonymously to protect her and her innocent unborn baby's physical and emotional safety.

News media are reporting that political violence is on the rise in the United States; in April 2025, PBS News ran a story summarizing some of the recent political violence. *See e.g.*, *The growing list of political violence in the U.S.*, PBS NEWS (Apr. 14, 2025) https://www.pbs.org/newshour/politics/the-growing-list-of-political-violence-in-the-u-s.    The article details the arson attack on Pennsylvania's governor's mansion, protesters launching Molotov cocktails at Tesla showrooms, the two known assignation attempts on Donald Trump's life, the March 2025 fire at the New Mexico Republican Party headquarters, the shooting at the

Democratic National Committee office in Arizona last fall, the hammer attack on Nancy Pelosi's husband, and the events at the Capitol on January 6, 2021 to name just a few. *Id*. Since then, Minnesota State Representative Melissa Hortman was murdered along with her husband and Minnesota State Senator John Hoffman and his wife were also shot at their home. *Slain Minnesota lawmakers Melissa Hortman lies in state at Capitol in St. Paul*, PBS NEWS (June 27, 2025) https://www.pbs.org/newshour/politics/watch-live-slain-minnesota-lawmaker-melissa-hortman-lies-in-state-at-capitol-in-st-paul;  *see also*, *Understanding the root causes and possible solutions for rising political violence*. PBS News. (June 17, 2025) https://www.pbs.org/newshour/show/understanding-the-root-causes-and-possible-solutions-for-rising-political-violence (reporting that, according to experts, increased polarization and heated rhetoric from public figures is exacerbating a trend of targeted political violence in the United States). National Public Radio reported on July 1, 2025 that almost three quarters of Americans polled view politically-motivated violence as a "major problem." *Poll: Most feel democracy is threatened and political violence is a major problem.* NPR. (July 1, 2025) https://www.npr.org/2025/07/01/nx-s1-5452527/poll-democracy-trump-immigration.

The Individual Plaintiff is among those who fear politically-motivated violence for herself and for her innocent unborn baby. Unfortunately for public health, the science that underpins vaccines has become politically charged. *See e.g.*, Pearl Steinzor, *COVID-19 Vaccine Politicization Fueled hesitancy, Impacted Vulnerable Groups*, AMERICAN JOURNAL OF MANAGED CARE (Mar. 13, 2025) https://www.ajmc.com/view/covid-19-vaccine-politicization-fueled-hesitancy-impacted-vulnerable-groups. As a result, Individual Plaintiff is scared to come forward publicly in this lawsuit because she fears politically-motivated violence by individuals who disagree with her beliefs on vaccines safety and efficacy and the propriety and method of the

Secretary's decision to rescind the CDC's recommendation that healthy pregnant women be vaccinated against COVID-19. She fears that by proceeding as a party plaintiff in her legal name, she puts her own physical safety at risk and the safety of her innocent unborn child. *See e.g.*, *Doe v. Brandeis Univ.*, 2019 WL 13550592, at \*1 (D. Mass. may 15, 2019) (permitting the plaintiff proceed pseudonymously in the public record for fear of social stigmatization).

Furthermore, if required to proceed as a plaintiff in her legal name, her sensitive medical information including information about her reproductive health and decisions will be made public, which will cause Individual Plaintiff a significant emotional toll. Individual Plaintiff makes a point not to talk about politics or politically-charged topics with her family, friends, and patients. She is proceeding in this lawsuit to protect her health and the health of her unborn baby. She should not be required to choose between protecting herself and sacrificing some of the most intimate details of her life to the public eye in order to redress public officials overreaching their authority and interfering with her ability to protect herself and her innocent unborn baby. *See also*, *doe v. City of Springfield*, 2025 WL 1424333, at \*1 (D. Mass. May 16, 2025) (granting pseudonymity where disclosing the identity of a mother would result in disclosing the identity of the child-victim).

Individual Plaintiff's fears of the physical and emotional violence is so earnest and strong that she will not pursue her claims if required to identify herself to the public. Ex. B at ¶ 7.

**B. Revealing Individual Plaintiff's Identity Risks a Chilling Effect on Similarly Situated Individuals Holding Federal Health Officials to Account for Their Unlawful Overreaches**

If the Court denies her motion to proceed pseudonymously, it places her in a lose-lose situation with respect to her physical safety: she has to either pick to proceed to resign her right to access Covid-19 vaccine for herself and her baby or else put her and her baby at risk for politically-motivated attacks. That Sophie's choice is the exact type of conundrum that creates a chilling effect

on other similarly-situated individuals from bringing suit to assert their rights. *See e.g.*, *Doe v. United States*, Case No. 1:24-cv-11445-JEK, ECF No. 20 (D. Mass Oct. 15, 2024) (permitting pseudonymity for the plaintiff who was a victim of sexual violence on the basis that the scrutiny of proceeding publicly would deter other victims from stepping forward).

## IV.    CONCLUSION

For the reasons explained above, the Individual Plaintiff's circumstances warrant proceeding pseudonymously and therefore, Individual Plaintiff respectfully asks the Court to (1) grant her motion to proceed under the pseudonym "Jane Doe, M.D." and refer to her baby as "Baby Doe"; (2) enter a protective order prohibiting any defendant from disclosing Plaintiff's identity or the identity of her baby unless such disclosure is necessary to defend against this action; (3) order all unsealed public filings shall refer to the Individual Plaintiff as "Jane Doe, M.D." and to her baby as "Baby Doe" and that the filing party shall redact all personal identifiers and information about her or her baby that would, alone or with other disclosed information, reveal her identity or the identity of her baby in accordance with Federal Rule of Civil Procedure 5.2; and (4) order that any nonparty who is informed of the Individual Plaintiff's identity or the identity of her baby shall be bound by the Court's order and shall receive a copy of the same.

An unredacted copy of the Complaint will be filed under seal separately with the court and served on Defendant.

Dated: July 7, 2025                          Respectfully submitted,

                                             By: */s/ Elizabeth J.  McEvoy* (BBO No. 683191)
                                             Elizabeth J. McEvoy (BBO No. 683191)
                                             EPSTEIN BECKER & GREEN, P.C.
                                             One Financial Center, Suite 1520

Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email:  emcevoy@ebglaw.com

Richard H. Hughes IV (*pro hac vice pending*)
Stuart M. Gerson (*pro hac vice pending*)
Robert Wanerman (*pro hac vice pending*)
William Walters (*pro hac vice pending*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email:  rhhughes@ebglaw.com
        sgerson@ebglaw.com
        rwanerman@ebglaw.com
        wwalters@ebglaw.com

James J. Oh (*pro hac vice pending*)
Kathleen Barrett (*pro hac vice pending*)
Carolyn O. Boucek (*pro hac vice pending*)
Lydia Pincsak (*pro hac vice pending*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email:  joh@ebglaw.com
        kbarrett@ebglaw.com
        cboucek@ebglaw.com
        lpincsak@ebglaw.com

Jeremy A. Avila (*pro hac vice pending*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email:  javila@ebglaw.com

Marguerite Stringer (*pro hac vice pending*)
EPSTEIN BECKER & GREEN, P.C.
6000 Poplar Avenue, Suite 250
Memphis, TN 38119
Tel:    901.712.3200

8

Fax:    615.691.7715
Email: mstringer@ebglaw.com

*Attorneys for Plaintiffs*

9

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and served upon the

following parties by Process Server on this 7th day of July 2025:

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

Marty Makary, in his official capacity as Commissioner of the Food and Drug Administration

Jay Bhattacharya, in his official capacity as Director of the National Institutes of Health

Matthew Buzzelli, in her official capacity as Acting Director Centers for Disease Control and Prevention

c/o Leah Belaire Foley, US Attorney
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

*/s/ Elizabeth J. McEvoy* (BBO No. 683191)
Elizabeth McEvoy (BBO No. 683191)

10