IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>*Plaintiffs,*<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-11916<br><br>District Judge: Hon. William G. Young<br>Magistrate Judge: M. Page Kelley<br><br>**REQUEST FOR EVIDENTIARY HEARING AND ORAL ARGUMENT** |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs American Academy of Pediatrics, American College of Physicians, Inc., American Public Health Association, Infectious Diseases Society of America, Massachusetts Public Health Association d/b/a Massachusetts Public Health Alliance, Society for Maternal-Fetal Medicine, Massachusetts Chapter of the American Academy of Pediatrics (collectively the "Association Plaintiffs"), Jane Doe 1, and Jane Doe 2 (together the "Jane Doe Plaintiffs," collectively with the Association Plaintiffs, "Plaintiffs"), by and through their counsel, move this Court for a preliminary injunction and declaratory relief and expedited consideration (the "Motion").

Department of Health and Human Services' ("HHS") Secretary, Robert F. Kennedy, Jr. (the "Secretary") issued a directive dated May 19, 2025 (the "Directive") rescinding prior evidence-based recommendations that pregnant women and healthy children ages six months to 17 years old be routinely immunized against Covid and directing the Centers for Disease Control

and Prevention ("CDC") to remove the Covid vaccine recommendation from the immunization schedules (the "Schedules") for these populations. The Secretary issued the Directive without following a process that HHS has followed for decades and without reasoned explanation. The Directive is a quintessential arbitrary and capricious agency action, is not in accordance with law, and violates the Administrative Procedure Act ("APA"). The Secretary's Directive immediately exposes vulnerable populations to heightened risk for a serious illness with potentially irreversible long-term effects and, in some cases, death. This is a pressing public health emergency, not just because the Directive discourages parents of children and pregnant women to agree to a Covid vaccine that could prevent serious illness or death, but also because of the confusion, chaos, and skepticism the Directive has injected into the conversation between patients and physicians and pharmacists regarding the safety and efficacy of other vaccines as well. This situation demands immediate legal attention before the respiratory virus season arrives in the Fall.

Plaintiffs are likely to succeed on the merits of their claims set forth in the Complaint under 5 U.S.C. § 706(2)(A), (D). The Directive is arbitrary and capricious under the APA because the Secretary, without providing reasoned and reasonable explanation, ignored the process and procedure that HHS has followed for decades to make recommendations on safe and effective use of vaccines to include on CDC immunization schedules.

In addition, the Directive is not in accordance with law. Congress and state legislatures have created an intertwined, complex statutory and regulatory framework that incorporates reliance on the vaccine recommendations of the Advisory Committee on Immunization Practices ("ACIP"), which, up until recently, was comprised of true subject-matter experts. By making a unilateral decision to change the CDC immunization schedules without following the ACIP recommendation process, the Secretary has effectively rewritten these statutes and violated the

2

existing statutory and regulatory framework. In addition, the Secretary contravened his mandate under 42 U.S.C. § 245(a) to carry out a national evidence-based campaign to increase knowledge of and fight misinformation about vaccines and disseminate scientific and evidenced-based vaccine related information when he issued his Directive.

Plaintiffs are facing and will continue to face irreparable harm absent injunctive and declaratory relief. Plaintiffs are individuals, physicians, and public health associations who live and practice across the United States. The Directive has harmed the Association Plaintiffs by undermining patient trust, interfering with the practice of medicine according to best practices, disrupting essential immunization schedules for patients, creating dangerous confusion in clinical settings, and forcing doctors to choose between following the Directive or the optimal standard of care.  Both outcomes expose Association Plaintiffs' members to a heightened risk of professional liability. Moreover, the Jane Doe Plaintiffs face an elevated risk of contracting Covid because of the Directive. Worse, because of the confusion and chaos the Directive has caused in the vaccine infrastructure, the Jane Doe Plaintiffs must navigate doctors, nurses, and pharmacists who refuse to give them the Covid vaccine in fear that they may lose their licenses if they administer a vaccine in contravention of the Directive.

Finally, the balance of harms and the public interest greatly weigh in favor of the Plaintiffs. The interest in public safety and protecting our nation's most vulnerable populations—pregnant individuals and children—and further protecting the physician-patient relationship greatly outweigh any interest in defending a Directive that is antithetical to the public's health.

For the reasons set forth in more detail in Plaintiffs' Memorandum of Law in Support of their Motion, declarations, and exhibits, which are incorporated herein by reference, Plaintiffs respectfully request that the Court grant the Plaintiffs' Motion, vacate the Directive, consolidate

the evidentiary hearing with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), and issue an order consistent with the proposed order attached to Plaintiffs' Motion as Exhibit A.

Dated: July 29, 2025

Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (*admitted pro hac vice*)
Kathleen Barrett (*admitted pro hac vice*)
Carolyn O. Boucek (*admitted pro hac vice*)
Lydia Pincsak (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email:  joh@ebglaw.com
        kbarrett@ebglaw.com
        cboucek@ebglaw.com
        lpincsak@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email:  emcevoy@ebglaw.com

Richard H. Hughes IV (*admitted pro hac vice*)
Stuart M. Gerson (*admitted pro hac vice*)
Robert Wanerman (*admitted pro hac vice*)
William Walters (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email:  rhhuges@ebglaw.com
        sgerson@ebglaw.com
        rwanerman@ebglaw.com
        wwalters@ebglaw.com

Marguerite Stringer (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
6000 Poplar Avenue, Suite 250
Memphis, TN 38119

Tel:    901.712.3200
Fax:   615.691.7715
Email: mstringer@ebglaw.com

Jeremy A. Avila (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:   415.398.0955
Email: javila@ebglaw.com

*Attorneys for Plaintiffs*

**LOCAL RULE 7.1 CERTIFICATE REGARDING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF
AND REQUEST FOR EXPEDITED CONSIDERATION**

Per Local Rule 7.1, counsel for Plaintiffs state that they conferred with counsel for Defendants via videoconference on July 9 and July 29, 2025, during which, counsel for Defendants stated that they oppose on the relief sought by Plaintiffs' Motion for a Preliminary Injunction and Declaratory Relief and Request for Expedited Consideration.

                                                                */s/ James J. Oh*
                                                                James J. Oh (IL Bar No. 6196413)

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served upon the following parties by email on this 29th day of July 2025:

| | |
|---|---|
| Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services | Marty Makary, in his official capacity as Commissioner of the Food and Drug Administration |
| Jay Bhattacharya, in his official capacity as Director of the National Institutes of Health | Matthew Buzzelli, in his official capacity as Acting Director Centers for Disease Control and Prevention |

c/o Leah Belaire Foley, US Attorney
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

c/o James Harlow
Acting Assistant Director
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
(202) 514-6786
james.w.harlow@usdoj.gov

c/o Isaac Belfer
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
(202) 305-7134
Isaac.C.Belfer@usdoj.gov

/s/ James J. Oh
James J. Oh (IL Bar No. 6196413)