IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>*Plaintiffs,*<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-11916-WGY<br>District Judge: William G. Young<br>Magistrate Judge: M. Page Kelley |

## PARTIES' SCHEDULING CONFERENCE STATEMENT

Pursuant to Local Rule 16.1, counsel for Plaintiffs American Academy of Pediatrics, American College of Physicians, Inc., American Public Health Association, Infectious Diseases Society of America, Massachusetts Public Health Association d/b/a Massachusetts Public Health Alliance, Society for Maternal-Fetal Medicine, Massachusetts Chapter of the American Academy of Pediatrics, Jane Doe 1, and Jane Doe 2 (collectively "Plaintiffs"), and counsel for Defendants Robert F. Kennedy, Jr., Secretary of the United States Department of Health and Human Services ("HHS"), the HHS, Marty Makary, Commissioner of the Food and Drug Administration ("FDA"), the FDA, Jay Bhattacharya, the Director of the National Institutes of Health ("NIH"), the NIH, Matthew Buzzelli, the Acting Director of the Centers for Disease Control and Prevention ("CDC"), and the CDC (collectively, "Defendants") have conferred and submit this Scheduling Conference Statement in advance of the July 31, 2025 Case Management Conference ("CMC").

### A. Pretrial Discovery Plan

Because the claims at issue involve alleged violations of the Administrative Procedure Act, 5 U.S.C. §706(2)(A), (D), the parties agree that this case is subject to the record review rule. *Sierra Club v. Marsh*, 976 F.2d 763, 772 (1st Cir. 1992) ("The focal point for a court's review of an agency's decision is the administrative record."). However, Plaintiffs reserve the right to challenge Defendants' production of the Administrative Record for completeness and file a motion to supplement the Administrative Record, if necessary. *See id*. ("The administrative record may be supplemented, if necessary, by affidavits, depositions, or other proof of an explanatory nature.") (internal quotation marks and citations omitted). The Plaintiffs' proposed deadlines for Defendants' production of the Administrative Record and for Plaintiffs' motion to supplement or challenge the completeness of the administrative record, if any, are set forth below in Plaintiffs' proposed briefing and hearing schedule.

### B. Pending Motions

The currently pending motions in this matter are: (i) Motion to Intervene by Jose A. Perez, ECF No. 57; (ii) Plaintiffs' Motion to File Declarations in Support of Motion for Preliminary Injunction and Declaratory Relief and Request for Expedited Consideration Under Seal, ECF No. 69; and (iii) Plaintiffs' Motion for Preliminary Injunction and Declaratory Relief and Request for Expedited Consideration, ECF. No. 73.  Plaintiffs intend to seek leave to withdraw the motion to seal (ECF No. 69) at the CMC. Defendants also intend to file a Motion to Dismiss. The Parties have set forth proposed briefing schedules on these motions below.

### C. Proposed Briefing and Hearing Schedule

Plaintiffs' counsel met and conferred with Defendants' counsel on July 29, 2025 via videoconference. During that conference, the Parties discussed a potential briefing schedule.

Following that conference, Plaintiffs' counsel sent their proposed briefing and hearing schedule to Defendants' counsel via email. Defendants disagreed with Plaintiffs' proposed schedule. Accordingly, the parties outline their respective proposals below.

**Plaintiffs' Position**

Plaintiffs respectfully request that the Count enter the following proposed briefing and hearing schedule in this matter:

| Event | Deadline |
|---|---|
| Filing of Defendants' Response to Motion to Intervene | **August 12, 2025** |
| Filing of Defendants' Consolidated Response to Plaintiffs' Motion for Preliminary Injunction and Motion to Dismiss | **August 26, 2025** |
| Filing of Administrative Record by Defendants | **September 2, 2025** |
| Filing of Plaintiffs' Consolidated Reply ISO Plaintiffs' Motion and Opposition to Defendants' Motion to Dismiss | **September 9, 2025** |
| Filing of Defendants' Reply ISO Motion to Dismiss | **September 23, 2025** |
| Filing of Plaintiffs' Motion to Supplement or Challenge the Completeness of the Administrative Record (if any) | **September 23, 2025** |
| Consolidated Preliminary Injunction Hearing and Trial on the Merits Pursuant to Fed. R. Civ. P. 65(a)(2) | **October 14, 2025 or the Court's earliest convenience** |

Plaintiffs believe the Administrative Record ("AR") should be produced before a preliminary injunction hearing because the AR is likely to be helpful to the Court in deciding the first prong of a request for a preliminary injunction; *i.e.*, likelihood of success on the merits. Knowing what "documents that literally passed before the eyes of the final agency decision maker as well as those considered and relied upon by subordinates who provided recommendations," *Regents of Univ. of Cal. V. U.S. Dep't of Homeland Sec.,* 2017 WL 4642324, at *2 (N.D.Cal. Oct. 17, 2017) is relevant to whether or not Plaintiffs are likely to succeed on the merits of their claim that Defendants acted arbitrarily and capriciously and not in accordance with law when Defendant

Robert F. Kennedy, Jr., Secretary of the Department of Health and Human Services (the "Secretary") issued a Secretarial Directive (the "Directive") that ordered the Centers for Disease Control and Prevention ("CDC") to remove the Covid-19 vaccine recommendation for pregnant individuals and for children from the CDC's immunization schedules.

Expeditious production of the AR is also important as the country approaches the respiratory virus season, which usually begins in the months of September and October. As set forth in Plaintiffs' Amended Complaint and Memorandum In Support of Plaintiffs' Motion for Preliminary Injunction, physician members of Plaintiff medical and public health associations, pharmacists, and patients are currently experiencing confusion as to whether the Covid vaccine may lawfully be administered to pregnant individuals or healthy children and whether the vaccine will be covered by insurance. As a result of the Directive, Physicians are experiencing an increasing number of patients rejecting their recommendation to get the Covid vaccine, which will lead to serious illnesses or deaths that could have been prevented. Accordingly, while Plaintiffs seek preliminary relief as soon as practicable, a trial on the merits as soon as practicable would likewise be in the public's interest.

**Defendants' Position**

Defendants respectfully request that the Count enter the following proposed schedule:

| Event | Deadline |
|---|---|
| Filing of Defendants' Response to Motion to Intervene | **August 12, 2025** |
| Filing of Defendants' Consolidated Response to Plaintiffs' Motion for Preliminary Injunction and Motion to Dismiss | **August 26, 2025** |
| Filing of Plaintiffs' Consolidated Reply ISO Plaintiffs' Motion and Opposition to Defendants' Motion to Dismiss | **September 16, 2025** |
| Filing of Defendants' Reply ISO Motion to Dismiss | **October 7, 2025** |

4

| | |
|---|---|
| Oral Argument on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss | October 14, 2025 or the Court's earliest convenience |

Defendants' proposed schedule reflects the traditional sequence of litigation and is reasonable given the history of this case. Plaintiffs challenge an agency action from May 2025, yet they waited until July to file suit and then another three weeks to seek a preliminary injunction.

Plaintiffs' proposed administrative record deadline is inappropriate for three reasons. *First*, Defendants intend to file a motion to dismiss for lack of subject-matter jurisdiction. No administrative record will be necessary to rule on Defendants' motion. The Court should resolve Defendants' motion, and ascertain its own jurisdiction, before requiring Defendants to expend the resources to compile and produce the administrative record. *Second*, it does not make sense for Defendants to produce the administrative record halfway through briefing on Plaintiffs' preliminary injunction motion and Defendants' motion to dismiss—motions which can be resolved without the complete administrative record. *Third*, given that the administrative record requires compiling documents from several HHS offices and subagencies, and given Defendants' resource constraints and competing litigation demands, it would take Defendants two months to compile the administrative record.

Finally, scheduling a trial on the merits, as Plaintiffs propose, is inappropriate. The Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." *Donahue v. City of Boston*, 304 F.3d 110, 117 (1st Cir. 2002). If Defendants are correct that the Court lacks jurisdiction, then the Court would lack jurisdiction to take action beyond dismissing the complaint—including ordering the production of an administrative record and holding a trial. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Moreover, even if the Court reaches the merits, the proper mechanism for resolving Plaintiffs' APA claims is

5

not a trial. APA claims present pure questions of law based on the administrative record, which are properly resolved through cross-motions for summary judgment.

Dated: July 30, 2025                    Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (*admitted pro hac vice*)
Kathleen Barrett (*admitted pro hac vice*)
Carolyn O. Boucek (*admitted pro hac vice*)
Lydia Pincsak (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email:  joh@ebglaw.com
        kbarrett@ebglaw.com
        cboucek@ebglaw.com
        lpincsak@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email:  emcevoy@ebglaw.com

Richard H. Hughes IV (*admitted pro hac vice*)
Stuart M. Gerson (*admitted pro hac vice*)
Robert Wanerman (*admitted pro hac vice*)
William Walters (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email:  rhhuges@ebglaw.com
        sgerson@ebglaw.com
        rwanerman@ebglaw.com
        wwalters@ebglaw.com

Marguerite Stringer (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
6000 Poplar Avenue, Suite 250
Memphis, TN 38119

6

Tel: 901.712.3200
Fax: 615.691.7715
Email: mstringer@ebglaw.com

Jeremy A. Avila (*admitted pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel: 415.398.3500
Fax: 415.398.0955
Email: javila@ebglaw.com

*Attorneys for Plaintiffs*


By: */s/ Isaac C. Belfer*
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Attorney for Defendants*

7

**LOCAL RULE 7.1 CERTIFICATE REGARDING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF
AND REQUEST FOR EXPEDITED CONSIDERATION**

Per Local Rule 7.1, counsel for Plaintiffs state that they conferred with counsel for Defendants via videoconference and email on July 29, 2025, during which counsel for Defendants stated that Defendants oppose Plaintiffs' Motion for Preliminary Injunction and Declaratory Relief and Request for Expedited Consideration, ECF. No. 73.

                                                 */s/ James J. Oh*
                                                 James J. Oh (IL Bar No. 6196413)

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served upon the following parties by email on this 30th day of July 2025:

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

Marty Makary, in his official capacity as Commissioner of the Food and Drug Administration

Jay Bhattacharya, in his official capacity as Director of the National Institutes of Health

Matthew Buzzelli, in his official capacity as Acting Director Centers for Disease Control and Prevention

c/o Leah Belaire Foley, US Attorney
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

c/o James Harlow
Acting Assistant Director
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
(202) 514-6786
james.w.harlow@usdoj.gov

c/o Isaac Belfer
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
(202) 305-7134
Isaac.C.Belfer@usdoj.gov

*/s/ James J. Oh*
James J. Oh (IL Bar No. 6196413)