IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN ACADEMY OF
PEDIATRICS, ET AL

    Plaintiffs

Versus                                         **Case no. 1:25-cv-11916-WGY**

ROBERT F. KENNEDY , JR , et al

    Defendants

_____/

**MOTION FOR THE COURT
TO GRANT OR DENY THE RULE 59(e) MOTION**

**OR IN THE ALTERNATIVE**

**A CERTIFICATION PURSUANT TO 28 USC 1292(b)**[1]

    Putative intervenor Jose A. Perez appears in propia persona and respectfully moves the court to grant or deny his Rule 59(e), FRCP, Motion. As an alternative Mr. Perez seek a Certification pursuant to 28 USC 1292(b) . As grounds in support thereof Mr. Perez shows :

    1- Mr. Perez incorporates herein all his previously filed motions.

---

[1] Trustees of Boston University v Everlight Electronics Co. , 199 F Supp. 3d 364 (D. Mass – 2016)

1

# I

## THE EVIDENCE FINALLY AVAILABLE ON SEPTEMBER 3rd, 2025 SHOWS THAT THE DEFENDANTS DO NOT ADEQUATELY REPRESENT MR. PEREZ' INTERESTS

2- On September 3rd, 2025 the Defendants finally submitted their Motion to Dismiss[2]. Prior to that date there was no way of knowing whether or not the Defendants adequately represented Mr. Perez' interests as claimed by the Plaintiffs.

3- It is the Putative Intervenor's responsibility to identify any inadequacy of representation[3]. Adequate representation must not be presumed where, as here, the goals of the applicants are not the same as those of the defendants[4]. The presumption that the government will adequately defend an action is rebuttable[5]. Mr. Perez does so in sub-section (a) infra:

### (a)

### ESSENTIAL AND FUNDAMENTAL KEY ISSUES WHICH THE GOVERNMENT DEFENDANTS WILL NOT REPRESENT

---

[2] CM/ECF #104
[3] Daggett, et al v Commission on Governmental Ethics and Elections Practices, et al, 172 F. 3d 104 (1st Cir-1999) citing Trbovich v. United Mine Workers, 404 US 528, 538 & n. 10 (1972);
[4] Daggett, et al v Commission on Governmental Ethics and Elections Practices, et al, 172 F. 3d 104 (1st Cir-1999) citing Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207(1st Cir. 1998).
[5] Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207(1st Cir. 1998) citing Cotter v. Mass. Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 35 (1st Cir. 2000).

4- <u>Firstly, In  Weinberger v. Hynson, Wescott & Dunning, Inc.</u>, 412 U.S. 609, 617-618  (1973) the United States Supreme Court  ruled that medications including vaccines must be approved **AFTER**  clinical evidence in the form of randomized clinical studies have been submitted[6]. The Supreme Court added that  a fundamental precept of The Food, Drug, and Cosmetic Act (FDCA or Act)[7],  is that, the potential for inflicting death or physical injury must be offset by the possibility of therapeutic benefit[8].  Neither the government nor the plaintiffs have shown evidence that (1)  randomized clinical studies were submitted prior to approval (2) that the covid19 vaccination is therapeutic.

5- Secondly , The United States Supreme Court has also  declared  that Medical Equipment such as Type III  Medical Devices like  the RT-PCR Tests must be approved AFTER  clinical evidence in the form of randomized clinical studies have been submitted[9].  No such evidence has been submitted.

6- The Supreme Court has emphasized  that neither  uncontrolled   or partially controlled studies – nor  anecdotal evidence can be considered admissible evidence [10].

---

[6] Weinberger v. Hynson, Wescott & Dunning, Inc., 412 U.S. 609, 617-618 (1973)
[7] 21 U. S. C. § 301 *et seq*
[8] United States v. Rutherford, 442 US 544, , 556 (1979)
[9] Weinberger v. Hynson, Wescott & Dunning, Inc., 412 U.S. 609, 617-618 (1973)
[10] Ibid

7- Thirdly , there is no scientific evidence that the (a) SARS-CoV2 was isolated, purified and replicated and responsible for the COVID19 condition

8- Fourthly . there is no scientific evidence that the RT-PCR Test can detect SARS-CoV2 .

## II

## THE RULE 59(e) MOTION WAS PROPERLY BEFORE THE COURT

An Order denying a Motion to Intervene is a "judgment" under Fed. R. Civ. P. 54(a)[11]: The term "judgment" as used in the rules "includes a decree and any order from which an appeal lies because Rule 59(e) encompasses all motions seeking to "alter or amend " a judgment[12].

## MR. PEREZ ADAMANTLY BUT RESPECTFULLY EMPHASIZES THAT HE HAS FULLY COMPLIED WITH FRCP 8(a)(2)

9- Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it

---

[11] Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207(1st Cir. 1998) (The district court's denial of a motion for intervention as of right lays the foundation for an immediate appeal) citing Flynn v. Hubbard, 782 F.2d 1084, 1086 (1st Cir. 1986).
[12] Fiore v Washington County Community Mental Health Center , 960 F. 2d 229 (1st -1992) (en banc) citing Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 27 (1st Cir. 1988).

4

rests[13]. The Plaintiffs have not, and can not, claim that Mr. Perez factual allegations did not posses heft.

## CONCLUSION

WHEREFORE Mr. Perez respectfully submits that the Court vacate the the July 31st, 2025 Order , or in the alternative , grant or deny his Rule 59(e) FRCP Motion.

Respectfully Submitted

_____
Jose A Perez
307 Lakeside Drive
North Augusta , SC 29841
917-817-6104
theaesculapius@gmail.com

---

[13] Wilborn v Walsh , 584 F. Supp. 2d 384 (D. Mass- 2008) citing Erickson v. Pardus, 551 US 89 (2007) quoting Bell Atl. Corp. v. Twombly, 550 US 544 (2007)

## CERTIFICATE OF SERVICE

It is hereby certified that on this 8th day of September 2025 a true and correct copy of the foregoing document was served upon all counsel identified in the docket sheet via email.

*[signature]*

Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104