UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>Defendants. | Case No. 1:25-cv-11916-BEM |

**Defendants' Opposition to Plaintiffs' Motion to Lift Stay and Continue This Case on Schedule During the Federal Government Shutdown**

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

SARMAD M. KHOJASTEH
Senior Counsel
Civil Division

LISA K. HSIAO
Acting Director

JAMES W. HARLOW
Acting Assistant Director

ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Enforcement & Affirmative Litigation Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20044-0386
Telephone: (202) 305-7134
Isaac.C.Belfer@usdoj.gov

**INTRODUCTION**

On October 2, 2025, the Court granted Defendants' motion to stay the deadline for Defendants' reply in support of their motion to dismiss for lack of standing until Congress has restored appropriations to the Department of Justice, which Plaintiffs did not oppose. ECF No. 122. Plaintiffs now reverse course and move to lift the stay. But Plaintiffs raise no arguments that they did not possess a few weeks ago when they agreed not to oppose the stay. Nor has there been any change in circumstances that warrants lifting the stay.

The lapse in appropriations continues. The COVID-19 vaccine remains approved by the Food and Drug Administration ("FDA").[1] Healthcare providers remain free to prescribe or administer the COVID-19 vaccine to their patients. Indeed, the Centers for Disease Control and Prevention's ("CDC") current immunization schedules, as revised on October 7, 2025, *encourage* pregnant and pediatric patients (or their parent/guardian) to engage in shared clinical decision-making with their healthcare providers about whether to get the COVID-19 vaccine.[2] Thus, Plaintiffs have not shown good cause to lift the stay, and their motion should be denied.

**LEGAL STANDARD**

"The party moving to lift a stay bears the burden of establishing good cause for doing so." *Beu v. City of Vineland*, No. CV 20-2510 (RBK/EAP), 2024 WL 2014160, at *2 (D.N.J. May 7, 2024); *see* Fed. R. Civ. P. 16(b)(4). The movant must show a "change in circumstances

---

[1] FDA has approved several COVID-19 vaccines, and for convenience, this brief will refer to them collectively as "the COVID-19 vaccine" or "the vaccine."

[2] CDC, Recommended Child and Adolescent Immunization Schedule for Ages 18 Years or Younger, at 2, 4–5, https://perma.cc/TL5F-6E2P (rev. Oct. 7, 2025); CDC, Recommended Adult Immunization Schedule for Ages 19 Years or Older, at 3–4, https://perma.cc/LQN9-ACLC (rev. Oct. 7, 2025). Note that the current recommendation for pregnant women differs from the entry for pregnant women in the immunization schedules in place when the Second Amended Complaint was filed, which indicated, "No Guidance/Not Applicable." ECF No. 103-2 at 4; ECF No. 103-3 at 3.

that would warrant" lifting the stay. *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 617 B.R. 173, 179 (D.P.R. 2020) (quotations omitted); *see Cruz v. Melecio*, 204 F.3d 14, 25 (1st Cir. 2000) (district court may vacate the stay "in the event of changed circumstances"); *Beu*, 2024 WL 2014160, at *2; *Lynn Scott, LLC v. Grubhub, Inc.*, No. 20-CV-6334, 2022 WL 10535473, at *2 (N.D. Ill. Oct. 18, 2022). In particular, the movant must show that "circumstances have changed such that the court's reasons for imposing [the] stay no longer exist or are inappropriate." *Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, No. 3:17-CV-6664-BRM-DEA, 2021 WL 12111843, at *3 (D.N.J. Mar. 10, 2021).

## ARGUMENT

Plaintiffs do not even attempt to show that "circumstances have changed such that the court's reasons for imposing [the] stay" on October 2, 2025, "no longer exist or are inappropriate." *Nasdaq*, 2021 WL 12111843, at *3. For good reason: the circumstances that led this Court to enter a stay have not changed. As Defendants' motion explained, "At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed," and "[t]he same is true for the majority of other Executive agencies, including the defendant agencies in this case." ECF No. 121, ¶ 1. Absent an appropriation, "many Department of Justice attorneys and employees of the defendant agencies are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" *Id.* ¶ 2 (quoting 31 U.S.C. § 1342). There is still a lapse in appropriations, and employees of the Department of Justice and the defendant agencies are still sharply limited in their ability to work.

Although Plaintiffs claim there is an "urgent[]" need to lift the stay, ECF No. 127 ("Mot."), ¶ 9, Plaintiffs did not see any urgency that would preclude a stay on October 1, 2025,

when they agreed not to oppose the stay, and since then, nothing has changed to create any urgency. The COVID-19 vaccine remains approved by FDA, and healthcare providers can still recommend and administer the vaccine to pediatric and pregnant patients. Indeed, CDC *encourages* such patients to engage in shared clinical decision-making with their healthcare provider about the vaccine. There simply is no basis for this Court to reverse course and restart litigation during the lapse in appropriations.

Plaintiffs' citation of the announcement from the Administrative Office of the United States Courts, Mot. ¶¶ 1–2, is inapposite. The announcement stated that court staff may continue to perform "activities necessary for the safety of human life" during the lapse in appropriations. Administrative Office of the U.S. Courts, *Judiciary Funding Runs Out; Only Limited Operations to Continue*, https://perma.cc/R8US-GRTN (Oct. 17, 2025). Plaintiffs seize on this language, arguing that "this case is about the safety of human life." Mot. ¶ 3. But the announcement did not purport to address the standard for lifting a stay, much less supersede the stay entered here.

Plaintiffs assert harm from the Secretarial Directive on Pediatric COVID-19 Vaccines for Children less than 18 Years of Age and Pregnant Women (the "Secretarial Directive" or "Directive"). Yet the Secretarial Directive was issued on May 27, 2025—*more than four months before the stay was entered* on October 2, 2025. *See* ECF No. 103-1. Moreover, the Secretarial Directive cannot cause any future harm to Plaintiffs because it has effectively been overtaken by intervening events. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) ("when a plaintiff seeks prospective relief such as an injunction, the plaintiff must establish a sufficient likelihood of future injury"). This summer, CDC implemented the Directive in the CDC immunization schedules. But those versions of the schedules were replaced on October 6 by new schedules based on new recommendations from the Advisory Committee on Immunization

3

Practices that were adopted by CDC. *See* CDC, *CDC Immunization Schedule Adopts Individual-Based Decision-Making for COVID-19 and Standalone Vaccination for Chickenpox in Toddlers*, https://perma.cc/SD3P-G2V7 (Oct. 6, 2025). Thus, the Directive cannot cause any future harm to Plaintiffs, and Plaintiffs' challenges to the Directive are moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (quotations omitted)).

Even putting aside how the Directive has effectively been overtaken by events, none of the arguments and evidence in Plaintiffs' motion—which *predate* the stay—show a "change in circumstances that would warrant" lifting the stay. *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 617 B.R. at 179 (quotations omitted). *First*, Plaintiffs' motion argues that the Directive has created confusion about "whether health care providers can administer the Covid-19 vaccine to children or pregnant women." Mot. ¶ 4 (citing ECF No. 118-6, ¶ 6). Plaintiffs previously made this argument in their complaint, ECF No. 99, ¶ 11, and opposition to Defendants' motion to dismiss, ECF No. 118 at 2–3. And Plaintiffs are incorrect. On its face, the Directive does not prevent healthcare providers from recommending or administering the COVID-19 vaccine to pediatric or pregnant patients. ECF No. 103-1. Indeed, the healthcare providers in this case continue to do so. *See, e.g.*, ECF No. 75-11, ¶ 9.[3]

Moreover, "confusion" is a "quintessential abstract harm[] that [is] beyond [courts'] power to remedy." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021); *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Clapper v. Amnesty Int'l USA*, 568

---

[3] Similarly, Plaintiffs American Academy of Pediatrics and Society for Maternal-Fetal Medicine have continued to recommend the COVID-19 vaccine for pediatric and pregnant patients. ECF No. 75-13, ¶ 22; ECF No. 99, ¶¶ 56, 105, 116.

4

U.S. 398, 418 (2013). Even if that were not so, such confusion certainly has not emerged in the past few weeks. Currently, CDC recommends that pregnant and pediatric patients (or their parent/guardian) engage in shared clinical decision-making with their healthcare providers about whether to get the COVID-19 vaccine. Thus, neither the Directive nor the CDC immunization schedules create confusion about "whether health care providers can administer the Covid-19 vaccine to children or pregnant women." Mot. ¶ 4.

*Second*, Plaintiffs' motion argues that Defendants sent "a message to parents discouraging them [from] vaccinat[ing] their children with the Covid-19 vaccine." *Id.* (quoting ECF No. 118-5, ¶ 9). In seeking a preliminary injunction, Plaintiffs likewise argued that a "shared clinical decision-making" recommendation for pediatric patients "has a chilling effect on vaccinations" by casting "doubt" on the vaccine. ECF No. 74 at 3–4 (cleaned up). This argument is also incorrect. Far from discouraging vaccination for pediatric patients, CDC recommends that pediatric patients and their parents/guardians engage in shared clinical decision-making with their healthcare providers about whether to get the COVID-19 vaccine. *See* ECF No. 104 at 15 n.18.

*Third*, Plaintiffs' motion argues that the Directive "made it difficult for Jane Does 1 and 2, who are/were pregnant, to get the Covid-19 vaccine" and thereby pass antibodies to the fetus. Mot. ¶ 4 (citing ECF No. 75-12, ¶ 8; ECF No. 99, ¶ 4; ECF No. 118-1, ¶ 12). This argument merely reprises what Plaintiffs said in their complaint and prior briefing. *See* ECF No. 74 at 4–5, 8, 18; ECF No. 99, ¶¶ 4, 9, 23–24, 95, 100–01; ECF No. 118 at 1–3, 10–12.[4] Moreover, it is

---

[4] Plaintiffs' motion cites a proposed amicus brief for the proposition that administering the COVID-19 vaccine to pregnant women is safe and effective at preventing severe COVID-19 for pregnant women, fetuses, and infants. Mot. 3–4 (citing ECF No. 125-1 at 7–8). Although the proposed amicus brief was filed on October 9, 2025, Plaintiffs had made this argument before the stay was entered. *See* ECF No. 99, ¶¶ 4, 95; ECF No. 118 at 1–2.

5

irrelevant. Whatever past difficulty Jane Does 1 and 2 allegedly had in getting the vaccine, Mot. ¶ 4, both "have been vaccinated against COVID-19 and have received COVID-19 vaccine boosters," ECF No. 75-5, ¶ 7; ECF No. 75-12, ¶¶ 6, 19; *see* ECF No. 99, ¶¶ 9, 23; *All. for Hippocratic Med.*, 602 U.S. at 381 (a plaintiff seeking injunctive relief "must establish a sufficient likelihood of future injury"). And Jane Doe 1's concern about receiving another vaccine dose in the future, ECF No. 99, ¶ 23, is not a cognizable injury because it "rel[ies] on speculation about the unfettered choices made by independent actors not before the court[]," such as whether healthcare providers will administer the vaccine to her. *All. for Hippocratic Med.*, 602 U.S. at 383 (quoting *Clapper*, 568 U.S. at 414 n.5); *see* ECF No. 104 at 9–11.

*Fourth,* Plaintiffs' motion argues that more patients will "refuse COVID-19 vaccination" and "will contract COVID-19 and experience severe COVID-19 symptoms." Mot. ¶ 6 (citing ECF No. 75-14, ¶ 9; ECF No. 75-18, ¶ 36; ECF No. 75-26, ¶ 37; ECF No. 75-28, ¶ 5; ECF No. 118-8, ¶ 5). Plaintiffs made this argument in their complaint. *See, e.g.*, ECF No. 99, ¶¶ 104, 112. Yet, all the individual plaintiffs in this case have been vaccinated. ECF No. 75-5, ¶ 7; ECF No. 75-12, ¶¶ 6, 19; ECF No. 99, ¶¶ 9, 23; ECF No. 118-3, ¶ 11. And the organizational plaintiffs cannot "shoehorn themselves into Article III standing simply by showing that their [members'] patients have suffered injuries or may suffer future injuries." *All. for Hippocratic Med.*, 602 U.S. at 393 n.5.

Furthermore, this theory of injury is not cognizable because it rests on a causal chain that is "too speculative" and "attenuated." *Id.* at 390; *see Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 44 (1976). Plaintiffs "speculat[e] about the unfettered choice[]" whether to get vaccinated that unknown future patients—"independent actors not before the court[]"—will make after consulting with their healthcare providers, as CDC recommends. *All. for Hippocratic Med.*, 602

6

U.S. at 383 (quoting *Clapper*, 568 U.S. at 414 n.5). Plaintiffs further speculate that patients who decline vaccination "will contract COVID-19 and experience severe COVID-19 symptoms." Mot. ¶ 6. This highly speculative theory is not cognizable and does not support lifting the stay.

*Fifth*, Plaintiffs premise their motion on "[t]he Secretary's response to the measles outbreak" and his purported vaccine "agenda." Mot. ¶¶ 7–8. Plaintiffs similarly criticized these policies in the complaint. ECF No. 99, ¶¶ 45, 49. But Plaintiffs' causes of action do not challenge any decisions about measles or the Secretary's "agenda" writ large. Plaintiffs' disagreements with these other policies are no basis to lift the stay.

Given that there are no changed circumstances since October 2, 2025, that would warrant lifting the stay, Plaintiffs truly ask the Court to reconsider its order entering the stay. Reconsideration is "an extraordinary remedy which should be used sparingly." *Lyons v. Fed. Nat'l Mortg. Ass'n*, No. 1:18-CV-10365-ADB, 2019 WL 1961072, at *3 (D. Mass. May 1, 2019) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). It is not warranted here because Plaintiffs have not "demonstrate[d] (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Id.* at *2 (quotations omitted).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Lift Stay and Continue This Case on Schedule During the Federal Government Shutdown.

October 29, 2025                    Respectfully submitted,

*/s/ Isaac C. Belfer*
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Enforcement & Affirmative Litigation
Branch

7

        U.S. Department of Justice
        450 5th Street, NW, Suite 6400-South
        Washington, DC 20044-0386
        Telephone: (202) 305-7134
        Isaac.C.Belfer@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

October 29, 2025                                         */s/ Isaac C. Belfer*
                                                         Isaac C. Belfer