UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, *et al.*,<br><br>                Defendants. | CIVIL ACTION NO.: 1:25-CV-11916 |

**UNOPPOSED MOTION FOR LEAVE OF AMICUS CURIAE DEFEND PUBLIC HEALTH TO FILE A BRIEF IN SUPPORT OF PLAINTIFFS**

David S. Schumacher (BBO # 647917)
Heather M. Romero (BBO # 705828)
HOOPER, LUNDY & BOOKMAN, P.C.
470 Atlantic Avenue, Suite 1201
Boston, MA 02210
(617) 532-2700
dschumacher@hooperlundy.com
hromero@hooperlundy.com

Wendy E. Parmet (BBO # 390210)
NORTHEASTERN UNIVERSITY
SCHOOL OF LAW
416 Huntington Avenue, 77 Cargill Hall
Boston, Massachusetts 02115
(617) 373-2019
w.parmet@northeastern.edu

10322088.2

Defend Public Health respectfully moves for leave to file an amicus curiae brief in support of Plaintiffs. A copy of the proposed brief is attached as Exhibit A. Plaintiffs consent to this motion, and Defendants do not oppose it.

This Court has recognized its inherent authority to permit amicus briefs when they aid the Court's consideration of important issues. *Bos. Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006); *Students for Fair Admissions v. President & Fellows of Harvard Coll.*, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018). Amicus briefs serve to "assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues." *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008) (quotation marks omitted), aff'd, 555 F.3d 21 (1st Cir. 2009). The critical consideration is whether the amicus brief "will assist the judge by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.,* 339 F.3d 542, 545 (7th Cir. 2003). Participation is especially appropriate where the amicus offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997); *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905–06 (C.D. Cal. 2021).

Defend Public Health brings precisely that perspective. Its members include physicians, nurses, public health experts, and researchers with direct experience in vaccine policy and clinical care. This multidisciplinary composition affords comprehensive contextual awareness from clinical, social, and policy-based perspectives. The proposed brief explains how the Secretary of Health and Human Services' May 19, 2025 Directive and ACIP's subsequent downgrade of COVID-19 vaccination to shared clinical decision-making have disrupted vaccine access and

jeopardized public health. Drawing on evidence and frontline experience, the brief demonstrates that these changes have imperiled pharmacy access by introducing liability risks and operational barriers that discourage pharmacists from administering COVID-19 vaccines—undermining a critical access point for rural and underserved communities. It further shows that pregnant people and children face heightened harm, as the downgrade has delayed shipments under the Vaccines for Children program and eroded prenatal vaccine access, leaving vulnerable populations without timely protection against severe illness. Finally, the brief explains that reduced vaccination coverage burdens hospitals and the health care workforce, increasing preventable admissions, worsening emergency department boarding, and elevating nosocomial infection risk, all of which compound staffing shortages and burnout. These consequences are neither speculative nor remote—they are measurable and immediate. By providing clinical and public health context, Defend Public Health's brief will assist the Court in evaluating the Directive's real-world impact on patients, providers, and health system capacity. Additionally, the proposed brief is timely and will not delay proceedings. It adheres to Local Rule 7.1(b)(4) and does not exceed twenty pages.

For these reasons, Defend Public Health respectfully requests that the Court grant leave to file the attached amicus curiae brief.

Dated:  December 12, 2025

Respectfully submitted,

/s/    *David S. Schumacher*
David S. Schumacher (BBO # 647917)
Heather M. Romero (BBO # 705828)
HOOPER, LUNDY & BOOKMAN, P.C.
470 Atlantic Avenue, Suite 1201
Boston, MA 02210
(617) 532-2700
dschumacher@hooperlundy.com
hromero@hooperlundy.com


Wendy E. Parmet (BBO # 390210)
NORTHEASTERN UNIVERSITY SCHOOL OF LAW
416 Huntington Avenue, 77 Cargill Hall
Boston, Massachusetts 02115
(617) 373-2019
w.parmet@northeastern.edu

*Counsel for Amicus Curiae,*
Defend Public Health

10322088.2

4

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

     I hereby certify that counsel for Amici Curiae conferred with counsel for Defendants and Plaintiffs on, and, respectively, regarding this motion. Defendants consent to the filing of this motion. Defendants do not oppose this motion.

     /s/ *David S. Schumacher*
     David S. Schumacher (BBO # 647917)


**CERTIFICATE OF SERVICE**

     In accordance with Local Rule 5.4(c), I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants on the Notice of Electronic Filing (NEF) on December 12, 2025.

     /s/ *David S. Schumacher*
     David S. Schumacher (BBO # 647917)