UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>Defendants. | Case No. 1:25-cv-11916-BEM |

**Defendants' Notice Regarding Supplemental Goldman Declaration**

On December 9, 2025, Plaintiffs filed a Motion for Leave to File the Supplemental Declaration of Dr. Jason Goldman in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss. ECF No. 147. Defendants opposed that motion, ECF No. 147-2, and intended to file an opposition, *see* L.R. 7.1(b)(2). However, before Defendants could do so, the motion was granted. ECF No. 159.

Defendants now file this notice to explain why the declaration may not be considered in resolving Defendants' motion to dismiss. ECF No. 144. Defendants have moved to dismiss the Third Amended Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim for relief under Rule 12(b)(6). The First Circuit has held that "declarations submitted by [plaintiffs] as part of their opposition to [a] motion to dismiss" may "be considered in evaluating the existence of jurisdiction under Rule 12(b)(1)" but are "outside the scope of the pleadings—and, thus, outside the compass of the record under Rule 12(b)(6)." *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 207 (1st Cir. 2016); *see Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012) (identifying what may

be considered in resolving a Rule 12(b)(6) motion); *Snaza v. Howard Johnson Franchise Sys., Inc.*, No. CV 09-10017-PBS, 2009 WL 10694317, at *1 n.1 (D. Mass. Dec. 22, 2009) (refusing to consider "the materials filed as exhibits to the plaintiffs' opposition" to a Rule 12(b)(6) motion because they "do not fall within the limited exceptions to the general rule" that courts are "limited to considering facts and documents that are part of or incorporated into the complaint" (quotations omitted)); *DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 137 (D.N.H. 2021).

The Supplemental Goldman Declaration, which is intended to bolster Plaintiffs' claim that Secretary Kennedy violated the Federal Advisory Committee Act ("FACA"), ECF No. 147, ¶ 1, is not relevant to Defendants' subject-matter jurisdiction arguments under Rule 12(b)(1). It does not relate to Defendants' argument that any challenge to the Secretarial Directive is moot or that Plaintiffs lack standing. At most, the declaration relates to Defendants' argument that Count II fails to state a plausible claim for relief under Rule 12(b)(6). Indeed, Plaintiffs ask the Court to consider the declaration in "decid[ing] whether Plaintiffs have stated a plausible FACA claim and whether [to grant] Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Count II." ECF No. 147, ¶ 5; *see id.* ¶ 6. However, the declaration cannot be considered in resolving Defendants' Rule 12(b)(6) motion. *See Winkelman*, 827 F.3d at 207; *Schatz*, 669 F.3d at 55–56; *Snaza*, 2009 WL 10694317, at *1 n.1; *DeLima*, 561 F. Supp. 3d at 137.

Additionally, in this Administrative Procedure Act ("APA") case, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142 (1973); *see* 5 U.S.C. § 706. The information in the Supplemental Goldman Declaration is not part of the administrative record because it reflects events in December 2025, after the challenged actions. *See Seafreeze Shoreside, Inc. v. U.S. Dep't of the Int.*, 123 F.4th 1, 27 (1st Cir. 2024). For this

reason as well, the declaration cannot be considered.

December 16, 2025                                   Respectfully submitted,

                                                               BRETT A. SHUMATE
                                                               Assistant Attorney General
                                                               Civil Division

                                                               JAMES W. HARLOW
                                                               Acting Assistant Director

                                                               */s/ Isaac C. Belfer*
                                                               ISAAC C. BELFER (D.C. Bar No. 1014909)
                                                               Trial Attorney
                                                               Federal Programs Branch
                                                               Civil Division
                                                               U.S. Department of Justice
                                                               1100 L Street, NW
                                                               Washington, DC 20005
                                                               (202) 305-7134
                                                               (202) 514-8742 (fax)
                                                               Isaac.C.Belfer@usdoj.gov

                                                               *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.


December 16, 2025             */s/ Isaac C. Belfer*
                                                    Isaac C. Belfer