# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, AMERICAN COLLEGE OF PHYSICIANS, INC., AMERICAN PUBLIC HEALTH ASSOCIATION, INFECTIOUS DISEASES SOCIETY OF AMERICA, MASSACHUSETTS PUBLIC HEALTH ASSOCIATION D/B/A MASSACHUSETTS PUBLIC HEALTH ALLIANCE, SOCIETY FOR MATERNAL-FETAL MEDICINE, THE MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, JANE DOE 1, JANE DOE 2, and JANE DOE 3, <br><br> *Plaintiffs,* <br><br> vs. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JIM O'NEILL, in his official capacity as Acting Director of Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; and DOES 1–50, inclusive, <br><br> *Defendants.* | Case No. 1:25-cv-11916-BEM <br><br> District Judge: Hon. Brian E. Murphy <br> Magistrate Judge: Hon. M. Page Kelley <br><br> **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> **REQUEST FOR ORAL ARGUMENT** |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs American Academy of Pediatrics, American College of Physicians, Inc., American Public Health Association, Infectious Diseases Society of America, Massachusetts Public Health Association d/b/a Massachusetts Public Health Alliance, Society for Maternal-Fetal Medicine, Massachusetts Chapter of the American Academy of Pediatrics (collectively, the "Plaintiff Organizations"), and

Jane Doe 1, Jane Doe 2, and Jane Doe 3 (together, the "Jane Doe Plaintiffs," and collectively with the Plaintiff Organizations, "Plaintiffs"), by and through undersigned counsel, respectfully move for entry of a preliminary injunction enjoining Defendants from implementing, enforcing, or giving effect to a series of unlawful final agency actions that have abruptly and unlawfully altered the nation's vaccine policy, bypassing the customary evidence-based review framework, and inflicting immediate, ongoing, and compounding harm on public health organizations, medical associations, clinician-members, and patients nationwide.

Plaintiffs satisfy the requirements for preliminary injunctive relief, as explained in the accompanying Memorandum of Law and supporting declarations in support of this Motion. Defendants have taken multiple unlawful final agency actions that unilaterally change public health policy on vaccines and depart from the evidence-based framework by which vaccine recommendations are evaluated and adopted in the United States. These unlawful agency actions include unilateral directives issued by Defendants that bypassed the best practices and procedures that the Advisory Committee on Immunization Practices ("ACIP") utilized for years (before the current ACIP) to make recommendations on how immunizations should be recommended on the immunization schedules of the Centers for Disease Control and Prevention ("CDC"), including the GRADE approach and Evidence to Recommendations ("ETR") framework (the "Non-ACIP Actions"); the improper appointment of unqualified members to the ACIP (the "ACIP Appointments"); and Defendants' adoption of votes by the current members of the ACIP who were appointed in violation of the Federal Advisory Committee Act, 5 U.S.C. §§ 1001, *et seq.* ("FACA"),  and the ACIP Charter (the "ACIP Actions").

The Non-ACIP Actions and the ACIP Actions violate the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701 et seq., because they are arbitrary, capricious, an abuse of discretion,

and not in accordance with law. Each of the challenged actions were undertaken without reasoned decision-making, adequate explanation, or adherence to the established ACIP evidence-based framework relied upon by public health authorities, healthcare systems, clinicians, and the public. Plaintiffs further challenge the constitution and operation of the current ACIP under FACA, which requires that advisory committees be "fairly balanced" and operate in a manner consistent with their statutory charge. As detailed in the Memorandum of Law, the Secretary's wholesale termination and replacement of ACIP members, as well as the failure of the reconstituted ACIP to follow evidence-based best practices to evaluate the quality of the data and evidence on which it can make recommendations, has resulted in a committee that disseminates false and misleading information regarding vaccine safety and disease burden, causing immediate and ongoing harm that can only be stopped by enjoining the next meeting of the ACIP from taking place.

Plaintiffs have already suffered irreparable harm, and will inevitably suffer further irreparable harm, in the absence of a preliminary injunction. *See New Hampshire Indonesian Cmty. Support v. Trump*, 157 F. 4th 29, 35 (1st Cir. 2025) (citing *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22–23 (2008)). Plaintiffs include national public health organizations, medical associations, clinician-members, and individuals on the front lines of the United States' public health system, who live and practice across the United States. Defendants' unlawful agency actions destabilize America's public health system, a system that depends on prevention, public trust, and scientific integrity to function. As Plaintiffs explain, "Defendants have set the public health infrastructure on fire, and the current ACIP pours gasoline on that fire," which harms every organization, professional, and individual operating within it. *See* Ex. 25 (Benjamin Decl.), ¶ 3. Absent preliminary injunctive relief, Plaintiffs and their members will continue to suffer irreparable injury, including the diversion of resources to immediately respond to the chaos and

confusion resulting from Defendants' actions, the erosion of trust, increased risk of vaccine-preventable disease outbreaks, and the continued propagation of health misinformation through official government channels. These harms are ongoing, compounding, and not susceptible to remediation through monetary or post-hoc relief.

Finally, the balance of equities and the public interest overwhelmingly weigh in favor of the Plaintiffs. There is no public interest in allowing unlawful agency actions that destabilize the nation's framework for evidence-based vaccine recommendations and put the organizations, professionals, and individuals operating on the front lines of America's public health system into a state of chaos, confusion, and perpetual crisis-response mode. By contrast, Plaintiffs' requested relief imposes no cognizable hardship on Defendants and is necessary to prevent immediate and irreversible harm to public health organizations, medication associations, clinician-members, and patients nationwide.

For the reasons set forth in more detail in Plaintiffs' Memorandum of Law in Support of their Motion, declarations, and exhibits, which are incorporated herein by reference, Plaintiffs respectfully request that the Court grant the Plaintiffs' Motion and enter a preliminary injunction in the form set forth in the proposed order attached to this Motion as **Exhibit A**.

Dated: January 26, 2026                    Respectfully submitted,

                                        By: */s/ James J. Oh* (IL Bar No. 6196413)
                                        James J. Oh (admitted *pro hac vice*)
                                        Kathleen Barrett (admitted *pro hac vice*)
                                        EPSTEIN BECKER & GREEN, P.C.
                                        227 W. Monroe Street, Suite 4500
                                        Chicago, IL 60606
                                        Tel:    312.499.1400
                                        Fax:    312.845.1998
                                        Email: joh@ebglaw.com
                                                kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
            rwanerman@ebglaw.com
            wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (*pro hac vice* pending)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

*Attorneys for Plaintiffs*

## **LOCAL RULE 7.1 CERTIFICATE REGARDING PLAINTIFFS' MOTION**

Per Local Rule, 7.1, counsel for Plaintiffs state that they conferred with counsel for Defendants by email/telephone on January 23, 2026, and counsel for Defendants oppose the filing of Plaintiffs' Motion for Preliminary Injunction.

*/s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the following parties on this 26th day of January 2026:

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

Jim O'Neill, in his official capacity as Acting Director Centers for Disease Control and Prevention

c/o Leah Belaire Foley, US Attorney
Michael L. Fitzgerald
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
michael.fitzgerald2@usdoj.gov

c/o Isaac Belfer
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044-0386
Isaac.C.Belfer@usdoj.gov

James W. Harlow
DOJ-Civ
Consumer Protection Branch
P.O Box 386
Washington, D.C. 20044
James.w.harlow@usdoj.gov

*/s/ James J. Oh*
James J. Oh

7