IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-11916 |

**UNOPPOSED MOTION FOR LEAVE FOR *AMICI CURIAE* PUBLIC HEALTH AND ADMINISTRATIVE LAW SCHOLARS TO FILE A BRIEF IN SUPPORT OF PLAINTIFFS**

Andrew J. Pincus (*pro hac vice* forthcoming)
Natasha Harnwell-Davis (*pro hac vice* forthcoming)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

Allison Aviki (BBO # 688328)
Graham White (*pro hac vice* forthcoming)
Crystal Paulino (*pro hac vice* forthcoming)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
aaviki@mayerbrown.com

*Counsel for Amici Curiae*

*Amici* public health and administrative law scholars respectfully move for leave to file a brief as *amici curiae* in support of Plaintiffs.[1] The proposed brief is attached as **Exhibit A**. The list of *amici* is set forth in the appendix to the proposed brief. Plaintiffs consent to this motion and Defendants do not oppose the motion.

The Federal Rules of Civil Procedure do not contain a provision governing the filing of *amicus* briefs, but a district court has inherent authority to approve the filing of *amicus* briefs in a proceeding before it. *Students for Fair Admissions v. President & Fellows of Harvard Coll.*, 2018 WL 9963511 (D. Mass. Oct. 3, 2018); *see also Bos. Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) ("Although . . . no procedural rule provides for filing of amicus briefs in federal district court, courts have inherent authority and discretion to appoint amici.").

This Court has recognized that "'district courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Arkansas Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*, 523 F. Supp. 3d 181, 193 (D. Mass. 2018) (quoting *Conservation Cong. v. U.S. Forest Serv.*, 2015 WL 300754, at *1 (E.D. Cal. 2015)). This Court has found submissions from scholars, like *amici*, helpful in reaching its decisions. *See, e.g.*, *United States v. Richmond Joseph*, 2020 WL 4288425, at *2 n.2 (D. Mass. July 27, 2020) (finding the *amicus curiae* briefs of legal scholars especially helpful as to certain issues raised by the defendants).

This action challenges the Centers for Disease Control and Prevention's ("CDC") recent changes to vaccine recommendations, specifically (1) downgrading from "routine" to "shared

---

[1] The *Amici* are listed in the Appendix to the proposed brief.

1

clinical decision making" ("SCDM") status a significant number of vaccines on the Childhood Vaccine Schedule; (2) downgrading the COVID-19 vaccine from routine to SCDM for all people 6 months and older; and (3) downgrading the Hepatitis B vaccine from routine to SCDM. These changes represent a dramatic shift in the CDC's approach to recommending vaccines and, as the proposed *amicus* brief explains, that shift will have dramatic adverse consequences for the Nation's public health and for the availability of critical vaccines for the country's children.

*Amici* are scholars with extensive expertise in public health and administrative law. That expertise gives them a deep understanding of the issues in this case, including maternal and child health, the importance of vaccines in advancing patient and public health, the role of the Advisory Committee on Immunization Practices in ensuring that federal standards governing vaccine use and administration are evidence-based, and principles of federal administrative law that govern agency action. *Amici* believe that providing their perspective on the important issues presented here will assist the Court in resolving the case. More specifically, by drawing on their unique perspectives and research, *Amici*'s proposed brief explains that the CDC vaccine changes are unlawful because the agency failed to follow the procedures required by law and its justifications for the changes are arbitrary and capricious.

The filing of the proposed *amicus* brief will not delay resolution of this case because it is being filed one week after Plaintiffs' motion and memorandum.

The Court's Local Rules do not provide instructions regarding the length of an acceptable *amicus curiae* brief. *Amici* have referred to Local Rule 7.1(b)(4), which generally limits a brief in support of a motion to 20 pages, and Federal Rule of Appellate Procedure 29(a)(5), which limits an amicus brief to one-half the maximum length of a party's principal brief, unless a court permits

a longer filing. The plaintiff's memorandum of law in support of their motion for a preliminary injunction is 54 pages. The proposed amicus brief does not exceed twenty pages.

For the foregoing reasons, *amici* respectfully request that the Court grant leave to file the attached brief as *amici curiae* and accept the proposed brief for filing.

Dated: February 2, 2026

Andrew J. Pincus (*pro hac vice* forthcoming)
Natasha Harnwell-Davis (*pro hac vice* forthcoming)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

Respectfully submitted,

/s/ Allison Aviki
Allison Aviki (BBO # 688328)
Graham White (*pro hac vice* forthcoming)
Crystal Paulino (*pro hac vice* forthcoming)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
aaviki@mayerbrown.com

*Counsel for* Amici Curiae

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that counsel for *Amici Curiae* conferred with counsel for Plaintiffs and Defendants on January 30, 2026, regarding this motion. Plaintiffs consent to this motion and Defendants do not oppose the motion.

*/s/ Allison Aviki*
Allison Aviki (BBO # 688328)

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.4(c), I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants on the Notice of Electronic Filing (NEF) on February 2, 2026.

*/s/ Allison Aviki*
Allison Aviki (BBO # 688328)