IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>    *Plaintiffs,*<br><br>    vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,<br><br>    *Defendants.* | Case No. 1:25-cv-11916 (BEM) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs respectfully move for leave to file three supplemental declarations in further support of their Motion for Preliminary Injunction: (1) Diana Zuckerman, Ph.D. (attached as Exhibit A); (2) Susan J. Kressly, M.D., FAAP (attached as Exhibit B); and (3) Suzanne Berman, M.D. (attached as Exhibit C). The supplemental declarations respond directly to arguments Defendants raised in their opposition and are intended to assist the Court in evaluating whether Plaintiffs satisfy the elements of a motion for preliminary injunction. In support of their Motion, Plaintiffs state:

1. On January 26, 2026, Plaintiffs filed their Motion for Preliminary Injunction and 29 supporting declarations challenging Defendants' January 5, 2026, changes to the CDC childhood immunization schedule (the "January 5 Schedule Change") and the impending February 25-26, 2026 ACIP meeting. *See* ECF 237. Defendants' Opposition (ECF 232) disputes the imminence of harm, the existence of an imbalance or inappropriate influence on the current Advisory Committee on Immunization Practices ("ACIP") or the failure to follow required

process. *See* ECF 232. Defendants argue further that Plaintiffs have only speculation of improper outside influence, manipulation, or deviation from FACA's statutory requirements. *See id.* In light of those arguments, Plaintiffs seek leave to supplement the record with declarations that directly respond to Defendants' Opposition.

2. District courts possess broad discretion to manage the evidentiary record in preliminary injunction proceedings. *See Rice v. Wells Fargo Bank, N.A.*, 2 F.Supp.3d 25, 31 (D. Mass. 2014) ("[T]his court has broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction, including hearsay."). Preliminary injunction proceedings are inherently flexible and may rely on affidavits and supplemental submissions. *See Asseo v. Pan. Am. Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986) (holding affidavits and hearsay materials are often received in preliminary injunction proceedings, particularly where the type of evidence is appropriate "given the character and objectives of the injunctive proceeding"). Courts routinely allow supplementation where it promotes judicial economy and allows the Court to consider developments relevant to the issues presented. *See Alan L. v. Lexington Pub. Schs.*, 2025 WL 3767420, at *6 (D. Mass. 2025) (court granted plaintiff's motion for leave to file supplemental declaration in support of motion for preliminary injunction five weeks after plaintiff filed motion for preliminary injunction and three weeks after defendant opposed the motion for preliminary injunction).

3. The declaration of Dr. Diana Zuckerman (attached as Exhibit A) directly rebuts Defendants' arguments that Plaintiffs have only "speculative accusation," not "concrete facts" to support their unfair balance and inappropriate influence claims pursuant to the Federal Advisory Committee Act ("FACA"). (ECF 232, pp. 24-30). The declaration of Diana Zuckerman, Ph.D. provides concrete facts in addition to those stated in their preliminary injunction papers.

4. Dr. Zuckerman's declaration states that seven months ago, **on June 12, 2025**, three days after the Secretary fired all 17 members of the ACIP and one day after he announced appointments of eight of the current ACIP members, Elizabeth Brehm, a partner at Siri & Glimstad, contacted her and stated that she was assisting Aaron Siri in identifying potential candidates for the ACIP. *See* Ex. A at ¶¶ 6-9. Aaron Siri is actively engaged in vaccine-related litigation and regulatory advocacy, has been publicly identified as a legal adviser to the Secretary, and presented for over an hour and a half at the December 5, 2025 ACIP meeting on the "Childhood/Adolescent Immunization Schedule." *See* ECF No. 180-1 at ¶ 41. Exactly one month after Siri's presentation, Defendant, Jim O'Neill, Acting Director of the CDC, announced the January 5, 2026, changes to the childhood schedule. Dr. Zuckerman's declaration provides concrete facts under oath of inappropriate outside influence and is directly relevant to whether Defendants violated the APA by, *inter alia*, failing to adhere to the ACIP's Membership Balance Plan ("MBP") and the "Candidate Identification Process" set forth therein. *See* ECF No. 184 at 44-45. The MBP requires formal candidate identification and vetting procedures designed to ensure neutrality and balance. *See id.*

6. Since Plaintiffs filed their preliminary injunction motion, additional information has surfaced regarding the impact of the January 5, 2026, CDC Childhood Schedule Change (the "January 5 Action") and the anticipated action at the February 25-27, 2026, ACIP meeting to align federally funded vaccination programs with the January 5 schedule. The supplemental declarations of Dr. Kressly (attached as Exhibit B) and Dr. Berman (attached Exhibit C) attest to accumulating harms that the January 5 schedule change cause their organization and practice. Those material harms will be amplified at the next ACIP meeting scheduled for February 25-27, 2026, if, as ACIP Vice Chair Robert Malone stated in his substack, "the ACIP … vote[s] during their next meeting

to approve language aligning the Congressionally mandated Vaccines for Children program with the new schedule."[1] This vote would immediately alter reimbursement structures, provider participation, and access, and, once implemented these changes would be exceedingly difficult, if not impossible, to unwind. The pattern the Defendants have followed is that they forecast what they intend to do, and then they do it. Medical organizations and practitioners must plan for what federal health authorities forecast. Dr. Kressly and Dr. Berman's declarations attest to the diversion of resources that they have already experienced to address and plan for the accumulating and imminent harm.

7. The supplemental declarations do not add new legal claims and do not expand the scope of requested relief; they simply update the factual record in light of arguments made in Defendants' Opposition.

8. The Court has broad discretion regarding what evidence to consider in preliminary injunction proceedings, and included in that broad discretion is the ability to consider supplemental declarations. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F.Supp.3d 401, 412 n. 2 (D. Mass. 2025) ("The Court has 'broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction.'") (quoting *Rice v. Wells Fargo Bank, N.A.*, 2 F.Supp.3d 25, 31 (D. Mass. 2014); *see also Alan L.*, 2025 WL 3767420, at *6 (noting supplemental declarations were allowed in preliminary injunction proceedings). Where, as here, the Court has not yet ruled and the challenged conduct is ongoing, supplementation promotes judicial efficiency and provides the Court with a more fulsome record. Furthermore, any perceived prejudice can be cured by permitting Defendants to file a response, to which Plaintiffs would not object to the filing.

---

[1] *See* Robert W. Malone, HHS, CDC to Make Announcement on Children's Health Tomorrow, Malone News (Dec. 18, 2025), https://www.malone.news/p/hhs-cdc-to-make-announcement-on-childrens

9.     Counsel for Plaintiffs conferred via email with counsel for Defendants on February 12, 2026. Defendants oppose this Motion. Plaintiffs' Local Rule 7.1 Certification is attached hereto.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Supplemental Declarations of Diana Zukerman, Ph.D. (Exhibit A), Susan J. Kressly, M.D., FAAP (Exhibit B), and Suzanne Berman, M.D. (Exhibit C).

Dated: February 12, 2026

Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
           kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
           gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882

        Email: rhhughes@ebglaw.com
               rwanerman@ebglaw.com
               wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:   415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (*pro hac vice* pending)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:   813.367.9441
Email: dlee@ebglaw.com

**LOCAL RULE 7.1 CERTIFICATE REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Per Local Rule, 7.1, counsel for Plaintiffs state that they conferred with counsel for Defendants by email on February 12, 2026, and counsel for Defendants oppose the filing of Plaintiffs' Motion for Leave to File Supplemental Declarations in Support of their Motion for Preliminary Injunction.

*/s James J. Oh*

James J. Oh

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the following parties on this 12th day of February 2026:

| | |
|---|---|
| Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services | Jim O'Neill, in his official capacity as Acting Director Centers for Disease Control and Prevention |
| c/o Leah Belaire Foley, US Attorney<br>Michael L. Fitzgerald<br>Office of the US Attorney for the District of Massachusetts<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>michael.fitzgerald2@usdoj.gov | c/o Isaac Belfer<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044-0386<br>Isaac.C.Belfer@usdoj.gov |
| James W. Harlow<br>DOJ-Civ<br>Consumer Protection Branch<br>P.O Box 386<br>Washington, D.C. 20044<br>James.w.harlow@usdoj.gov | |

*/s/ James J. Oh*
James J. Oh