UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMERICAN ACADEMY OF PEDIATRICS, et al.,
      *Plaintiffs,*
         v.
ROBERT F. KENNEDY, JR., et al.,
      *Defendants,*
and
CHILDREN'S HEALTH DEFENSE, ANDREA SHAW,
SHANTICIA NELSON, DR. PAUL THOMAS,
AND DR. KENNETH STOLLER
      *Intervenor-Defendants/Counterclaim Plaintiffs.*
         v.
AMERICAN ACADEMY OF PEDIATRICS,
MASSACHUSETTS CHAPTER OF THE
AMERICAN ACADEMY OF PEDIATRICS,
and INFECTIOUS DISEASES SOCIETY OF AMERICA,
      *Counterclaim Defendants*

Case No. 1:25-cv-11916 (BEM)

---

**EMERGENCY MOTION OF CHILDREN'S HEALTH DEFENSE,
ANDREA SHAW, SHANTICIA NELSON, DR. PAUL THOMAS,
AND DR. KENNETH STOLLER TO INTERVENE AS DEFENDANTS
AND COUNTERCLAIM PLAINTIFFS**

Proposed Intervenor-Defendants Children's Health Defense ("CHD"), Andrea Shaw,

Shanticia Nelson, Dr. Paul Thomas, and Dr. Kenneth Stoller (collectively, "Proposed

Intervenors") respectfully and on an emergency basis move this Court for leave to intervene as

defendants/counterclaim plaintiffs in this action pursuant to Fed. R. Civ. P. 24(a)(2), or in the

alternative, Fed. R. Civ. P. 24(b)(1)(B), and to file the accompanying Proposed Answer to the

Fourth Amended Complaint with Affirmative Defenses and Counterclaims, and their Opposition

to Plaintiffs' Motion for a Preliminary Injunction.

In support of this Motion, Proposed Intervenors submit the following documents filed

simultaneously herewith: (1) Memorandum of Law in Support of Emergency Motion to

Intervene, (2) Declaration of Richard Jaffe, Esq. (with Exhibits A through E), (3) Proposed

1

Answer to the Fourth Amended Complaint with Affirmative Defenses and Counterclaims, (4) Proposed Order Granting Intervention, (5) Intervenors' Opposition to the Preliminary Injunction Motion, (6) Proposed Order Denying Preliminary Injunction.

## CERTIFICATION OF EMERGENCY

Proposed Intervenors certify that this motion requires emergency consideration for the following reasons:

1.      At its February 13, 2026, hearing, the Court granted Plaintiffs' Motion to File a Fourth Amended Complaint. At the same hearing, the Court heard argument on the first part of Plaintiffs' Preliminary Injunction Motion and took the motion under advisement. Per the clerk's notation, the Court ordered the defendants to file a supplemental opposition to Plaintiffs' supplemental declarations by 5:00 p.m. on February 18, 2026, and ordered counsel to file additional briefing regarding the legal consequence of the January guidance no later than the same date. The Court's ruling on the Preliminary Injunction motion appears to be imminent after it reviews the additional filings.

2.      The ACIP meeting that Plaintiffs seek to enjoin is scheduled for February 25–26, 2026. Plaintiffs seek to restore the prior vaccination schedule before that meeting occurs. If the Court rules without hearing from Proposed Intervenors, it will do so on a record in which no party has presented: the Institute of Medicine's findings that the cumulative childhood immunization schedule has never been tested for safety; the families whose children died under the schedule Plaintiffs seek to restore; or the physicians who lost their licenses for questioning it.

3.      This motion is filed contemporaneously with the deadline the Court set for the parties' supplemental submission. Proposed Intervenors have made every effort to file at the earliest

opportunity after learning the scope and posture of the Court's inquiry from the February 13 hearing. No party will be prejudiced by considering this motion now; all parties and the public will be prejudiced if the Court rules on an incomplete record.

**4.**     Absent emergency consideration, the Court may restore a vaccination schedule under which the Shaw twins and Sa'Niya Carter died, that the IOM found has never been tested, and that two physicians lost their licenses for questioning—all without hearing from a single affected family or any physician who can speak to what the schedule does to children. A family whose child is injured under a judicially restored schedule cannot be unvaccinated. The harm is irreversible.

<strong>GROUNDS FOR INTERVENTION</strong>

**5.**     Proposed Intervenors are entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2). The motion is timely—it is filed before the Court has ruled on the preliminary injunction and before any existing party is prejudiced. Proposed Intervenors have direct, concrete interests in this action: their children died under the schedule Plaintiffs seek to restore; their medical licenses were revoked for practicing the individualized medicine the government's new SCDM policy now permits; and they are parties to a pending RICO action against AAP whose outcome will be directly affected by this Court's PI ruling. These interests will be impaired if the Court rules without their evidence. And no existing party adequately represents these interests.

**6.**     The government's defense is procedural. In forty-five pages of opposition briefing, the government argues that the Secretary had the authority to revise the schedule. It does not argue the schedule needed revising. It does not present the IOM's findings. It does not challenge AAP's claim that the schedule was "rigorously tested." It does not identify a single child harmed. The government defends its right to act. It does not—and institutionally cannot—defend the

reasons for acting. The moment the government argues the prior schedule was substantively unsafe, it admits its own agencies endorsed an unsafe protocol for decades.

7.      This case is readily distinguishable from the Court's denial of Jose Perez's motion to intervene. Mr. Perez was pro se, did not confer with opposing counsel, filed procedurally deficient papers, and asserted only diffuse constitutional interests indistinguishable from those of any citizen. Proposed Intervenors are represented by experienced federal litigation counsel who serves as counsel of record in three related federal proceedings. They assert concrete interests—dead children, revoked licenses, pending RICO litigation—that no existing party represents. They offer evidence the government has not and cannot present: the IOM reports, the state-by-state comparison, the enforcement architecture that Plaintiffs' own declarations unwittingly expose. Their Proposed Answer with Affirmative Defenses and Counterclaims is filed simultaneously with this Motion.

8.      In the alternative, intervention is appropriate under Fed. R. Civ. P. 24(b)(1)(B). Proposed Intervenors' defenses and counterclaims share common questions of law and fact with the main action—principally, whether the childhood immunization schedule is evidence-based and safe. Intervention will not delay proceedings. Proposed Intervenors accept the Court's existing schedule and will not seek continuances.

### EVIDENCE BEFORE THE COURT

9.      Proposed Intervenors present evidence that transforms the factual landscape of this case and that bears directly on three of the four preliminary injunction factors:

*The schedule has never been tested.* The Institute of Medicine found in 2002 and again in 2013 that the cumulative childhood immunization schedule—the protocol as actually administered to American children, involving dozens of simultaneous and sequential

vaccinations—has never been tested for safety. Paragraph 34 of the Fourth Amended Complaint states that vaccine safety is "rigorously tested." The IOM said otherwise, twice. Neither Plaintiffs nor Defendants have cited these reports. They are attached to the Jaffe Declaration as Exhibits C and D.

*Plaintiffs' alarm is pretextual.* AAP calls the new schedule of 11 recommended vaccines "a very dark day for children." Massachusetts—where Plaintiffs chose to file—requires only 9 vaccines for grades K–6 and 10 for grades 7–12. California requires 10. AAP has never sued Massachusetts. AAP has never sued California. AAP has never called either state's schedule dangerous. If 11 is a "very dark day," then California's 10 and Massachusetts' 9 are darker still. Yet children in both states are healthy and vaccination rates exceed 95%.

*Plaintiffs' own declarations are confessions.* Every physician declaration filed in support of the preliminary injunction describes an enforcement infrastructure—HEDIS metrics tying reimbursement to compliance rates, combination vaccines that cannot be unbundled, "unbillable time" for informed consent counseling—that reveals a coercive system, not a public health program. What Plaintiffs characterize as harms from SCDM are the withdrawal symptoms of a system that never required the informed consent conversation in the first place.

*The balance of irreparable harms weighs against restoration.* Plaintiffs' Jane Does lost sleep, ground their teeth, and spent gasoline driving to pharmacies. Proposed Intervenors' families buried their children. The balance of irreparable harms weighs against restoration, not for it.

## RELIEF REQUESTED

10.    Proposed Intervenors respectfully request that this Court:

(a) Grant this Motion to Intervene and accept the accompanying Proposed Answer to the Fourth Amended Complaint with Affirmative Defenses and Counterclaims.

(b). Accept and consider Intervenors' Opposition paper to the Preliminary Injunction Motion.

(c) Consider the evidence presented in the Declaration of Richard Jaffe and its Exhibits before ruling on Plaintiffs' motion for a preliminary injunction; and

(d) Set an expedited briefing schedule for any opposition to this Motion, given the Court's stated need to decide the preliminary injunction on a tight timeline.

## CERTIFICATION OF CONFERRAL

Pursuant to L.R., D. Mass. 7.1(a)(2), undersigned counsel certifies that he had a lengthy zoom call with Plaintiffs' counsel James Ho and his partner. Plaintiffs oppose this motion, and request to respond to the motion within the 14-day time set out in the local rules. Plaintiffs will file a notice of intent to respond. Movants have no objection, except if it forecloses the Court's consideration of the facts and arguments related herein in its decision on the first Part of the pending preliminary injunction motion. In that case, Movant request the Court order a preliminary response to allow for the Court to consider the facts and arguments set forth herein on the pending motion or grant oral argument at the Court's earliest convenience.  I contacted the government's lead counsel yesterday afternoon, left a detailed voicemail but haven't heard back as of the time of filing.

## ORAL ARGUMENT

Intervenors' counsel can appear for oral argument on this motion at the Court's earliest convenience, with five hours advance notice. However, given the obvious tight schedule for the

first part of this Preliminary Injunction hearing, we waive oral argument, unless the Court's

schedule permits, it is determined that oral argument will assist in its deliberations, or as stated

above, to serve as Plaintiffs' response to this motion within the time frame of the Court's

impending decision.

Dated: February 18, 2026

Respectfully submitted,

RICHARD A. JAFFE (pro hac vice pending)
Cal. Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
rickjaffeesquire@gmail.com
*Attorney for Proposed Intervenor-*
*Defendants/Counterclaim Plaintiffs*


 /s/Robert N. Meltzer
ROBERT N. MELTZER, BBO #564745
The Mountain States Law Group
Wheelhouse at the Bradford Mill
33 Bradford Street Concord, Massachusetts, 01742
Tel: (978) 254-6289
inbox@mountainstateslawgroup.com
Local Counsel for Proposed
Intervenor/Defendants/Counterclaim Plaintiffs


## CERTIFICATE OF SERVICE


I hereby certify that on the date indicated above, I caused the foregoing Emergency

Motion to Intervene, Memorandum of Law in Support of Emergency Motion to Intervene,

Intervenor-Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary

Injunction, Proposed Answer to the Fourth Amended Complaint with Affirmative Defenses and

Counterclaims, Declaration of Richard Jaffe with Exhibits A through E, Proposed Order

7

Granting Intervention, Proposed Order Denying Preliminary Injunction to be filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Robert N. Meltzer

Robert N. Meltzer