**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., *et al.*, <br><br> Defendants. | Case No. 1:25-cv-11916-BEM |

**Memorandum in Opposition to Emergency Motion of**
**Children's Health Defense, Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas,**
**and Dr. Kenneth Stoller to Intervene as Defendants and Counterclaim Plaintiffs**

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

JAMES W. HARLOW
Acting Assistant Director

ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

**INTRODUCTION**

Children's Health Defense, Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, and Dr. Kenneth Stoller (collectively, Proposed Intervenors) seek both to intervene as defendants and to assert four novel counterclaims against several Plaintiffs. *See* ECF Nos. 248 and 249. Although Defendants do not oppose Proposed Intervenors' participation in this case as amici curiae, the circumstances do not warrant their intervention as parties.

Proposed Intervenors may not intervene as of right for two reasons. *First*, Defendants and Proposed Intervenors have a shared goal in advocating against the restoration of Plaintiffs' preferred immunization schedule. Restoration would be contrary to the Centers for Disease Control and Prevention's current immunization recommendations—a policy that Defendants are forcefully defending. Thus, Defendants adequately represent Proposed Intervenors' interest. *Second*, the Court's forthcoming ruling on Plaintiffs' motion for a preliminary injunction will not impede Proposed Intervenors' ongoing litigation against the American Academy of Pediatrics (AAP) in the District Court for the District of Columbia.

Permissive intervention also is unwarranted here. In opposing Plaintiffs' motion for leave to file the fourth amended complaint, Defendants argued that continued expansion of this case unnecessarily increases the burden of litigation and prejudicially delays a final, appealable judgment. The same rationale militates against Proposed Intervenors' attempt to expand this litigation through counterclaims not cabined by the Administrative Procedure Act's (APA) record-review rule. Things might be different if Proposed Intervenors were not attempting to inject entirely new issues into a suit that Defendants have been vigorously defending. But under these circumstances, intervention should be denied, and Proposed Intervenors instead may properly present their views and arguments to the Court as amici curiae.

## LEGAL STANDARD

To intervene as of right, the movant must "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The movant's "[f]ailure to satisfy any single requirement . . . is sufficient grounds to deny a request for intervention as of right." *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 560–61 (1st Cir. 2021) (quotation omitted).

Alternatively, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

### I.    Proposed Intervenors May Not Intervene As of Right

Proposed Intervenors do not satisfy at least two requirements for intervention as of right, each of which provides "sufficient grounds to deny [the] request." *Victim Rts. L. Ctr.*, 988 F.3d at 560–61. *First*, Proposed Intervenors assert an interest in preventing the restoration of the "prior [immunization] schedule," ECF No. 249, at 3-4, but Defendants "adequately represent that interest," Fed. R. Civ. P. 24(a)(2). The point is proved by Defendants' full-throated defense of CDC's modifications to the immunization schedule and opposition to Plaintiffs' bid for preliminary relief. *See Victim Rts. L. Ctr.*, 988 F.3d at 561-62; *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) ("[T]he presumption that a governmental entity defending official acts adequately represents the interests of its citizens applies full-bore, given the Town's vigorous, no-holds-barred defense of its refusal to grant a variance or other regulatory relief to T-Mobile.").

For Proposed Intervenors to nonetheless "intervene as a defendant alongside a government entity," the "burden of persuasion is ratcheted upward." *Victim Rts. L. Ctr.*, 988 F.3d at 561 (quotation omitted). The Court presumes "the government will defend adequately its action" and thus "requires a strong affirmative showing that the agency . . . is not fairly representing the applicants' interests." *Id.* (quotations omitted). Yet, at most, Proposed Intervenors would pursue a different "litigation strategy" for opposing Plaintiffs' motion, based on the "harm" of the prior schedule rather than "the Secretary's legal authority" to modify the schedule. ECF No. 249, at 5-6. But just because "the government has failed to make . . . arguments that [Proposed Intervenors] would make" does not establish that "the government's representation is inadequate." *Victim Rts. L. Ctr.*, 988 F.3d at 561. "Nor is perfect identity of motivational interests between the movant-intervenor and the government necessary to a finding of adequate representation." *Id.* at 562. All that matters is Defendants and Proposed Intervenors "share the same ultimate goal," *T-Mobile Ne.*, 969 F.3d at 39, as they do here: thwart Plaintiffs' attempt to restore immunization recommendations that are no longer in effect.

*Second*, Proposed Intervenors have not shown that "disposing of [this] action" will "impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Proposed Intervenors fear that any preliminary injunction issued by this Court would "prejudic[e] their pending RICO claims" in *Shaw v. AAP*, No. 1:26-cv-171 (D.D.C.). ECF No. 249, at 4. But their right to pursue this separate litigation in a different circuit "is not in jeopardy"; nor would any preliminary order in this case "impede[] this entitlement in any real sense." *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998); *see Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*, 775 F. Supp. 2d 227, 239 (D. Mass. 2011) ("District courts are not bound to follow the decisions of other district courts."). The same is true for Drs. Thomas and Stoller's

"efforts to restore their [medical] practices" and Children's Health Defense's ability to publish

"vaccine-related health information." ECF No. 249, at 5. Accordingly, Proposed Intervenors have

not satisfied all requirements to intervene as of right.

## II.    Permissive Intervention Is Not Warranted

The Court also should deny Proposed Intervenors' alternative request to permissively

intervene because it "will unduly delay or prejudice the adjudication of the" current claims. Fed.

R. Civ. P. 24(b)(3). Defendants opposed Plaintiffs' motion for leave to file a fourth amended

complaint because, among other reasons, it would increase the burdens of litigation and "delay

. . . entry of a final judgment on the merits." ECF No. 233, at 1. Permissive intervention would

create the same problems. Right now, this is an APA case that will be resolved, at summary

judgment, on the basis of the administrative record. But adjudication of Proposed Intervenors'

four counterclaims would open up the prospects of civil discovery and a full-blown trial on the

merits. *See* ECF No. 248-1, ¶¶ 94-112 (counterclaims under the Lanham Act, 42 U.S.C. § 1983,

and the First Amendment). In other words, intervention "would add undue delay, cost, and

complexity to these proceedings." *See Students for Fair Admissions, Inc. v. President & Fellows

of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015). On the other

hand, denying permissive intervention would leave Proposed Intervenors no worse off because

they may raise all their counterclaims in *Shaw v. AAP*, No. 1:26-cv-171 (D.D.C.). Under these

circumstances, the Court should deny Proposed Intervenors' motion.

## III.    Proposed Intervenors May Participate As Amici Curiae

To the extent Proposed Intervenors wish the Court to consider their views "before ruling

on the preliminary injunction," ECF No. 249, at 8, that is "[t]he role of an amicus curiae,"

*Students for Fair Admissions*, 308 F.R.D. at 52. Defendants do not oppose Proposed Intervenors'

participation in that capacity, which still permits them "to present their views and arguments" to

the Court. *Id.* (denying intervention but permitting participation as amicus curiae).

CONCLUSION

For these reasons, the Court should deny Proposed Intervenors' motion to intervene but permit them to file a brief as amici curiae.

February 26, 2026                    Respectfully submitted,

                                     BRETT A. SHUMATE
                                     Assistant Attorney General

                                     ERIC J. HAMILTON
                                     Deputy Assistant Attorney General

                                     */s/ James W. Harlow*
                                     JAMES W. HARLOW
                                     Acting Assistant Director
                                     Federal Programs Branch
                                     Civil Division
                                     U.S. Department of Justice
                                     1100 L Street, NW
                                     Washington, DC 20005
                                     (202) 514-6786
                                     James.W.Harlow@usdoj.gov

                                     *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.


February 26, 2026                 */s/ James W. Harlow*
                                        James W. Harlow