**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>       *Plaintiffs,*<br><br>       vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,<br><br>       *Defendants.* | Case No. 1:25-cv-11916 (BEM) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs respectfully move for leave to file five supplemental declarations in further support of their Motion for Preliminary Injunction: (1) Dr. Georges C. Benjamin (attached as Exhibit A); (2) Dr. Suzanne Berman (attached as Exhibit B); (3) Dr. Fiona Havers (attached as Exhibit C); (4) Dr. José Romero (attached as Exhibit D); and, (5) Dr. Jason Goldman (attached as Exhibit E). The supplemental declarations of Dr. Benjamin and Dr. Berman provide the Court with updates regarding the ongoing and worsening harms to Plaintiffs and their members from the Defendants' challenges actions. The declarations of Dr. Havers, Dr. Romero, and Dr. Goldman respond directly to the two May 12, 2025 memoranda that Defendants produced for the first time as exhibits to their Opposition brief filed just last Friday (ECF Nos. 273-1 & 273-2). In support of their Motion, Plaintiffs state:

1.      On January 26, 2026, Plaintiffs filed their Motion for Preliminary Injunction challenging Defendants' May 19, 2025 Directive, June 2025, September 2025, and December 2025 ACIP Actions, January 5, 2026 Childhood Schedule change and the upcoming ACIP

meeting. *See* ECF 237.  The Court bifurcated the preliminary injunction proceedings into two hearings: the first addressing the January 5 Childhood Schedule Change and the then-impending ACIP meeting, and the second addressing Plaintiffs' remaining claims concerning the May 19, 2025 Directive and the June, September, and December 2025 ACIP Actions that each made changes to the CDC immunization schedules. In advance of the first hearing, Plaintiffs sought, and the Court granted, leave to file supplemental declarations responding to arguments raised in Defendants' Opposition. *See* ECF No. 241. The Court exercised its discretion to permit supplementation so that the record would accurately reflect the developing factual landscape at the time it considered preliminary relief. *See Id.*

2.     The proceedings now stand at the second phase of the bifurcated preliminary injunction. On Friday, February 27, 2026, Defendants filed their opposition brief attaching, for the first time, two May 12, 2025 memoranda that allegedly support the Secretary's decision-making related to the May 2025 Directive changing the CDC immunization schedules recommendations for Covid-19 vaccination for pregnant individuals and children: (i) a memorandum dated May 12, 2025, from Matthew Memoli, Principal Director, NIH, and Sara Brenner, Principal Deputy Commissioner, FDA, to the Secretary titled "Medical and Scientific Assessment of Secretary Becerra's Determination Recommending COVID-19 Vaccination of Children Less Than 18 Years of Age"; and (ii) a memorandum dated May 12, 2025, from Tracy Beth Hoeg to Secretary Robert F. Kennedy, Jr., concerning "COVID-19 vaccine safety in pregnant women". Because these materials were newly introduced through Defendants' Opposition, Plaintiffs did not previously have an opportunity to respond to them. In addition, Defendants dispute that the May 19 Directive and the June, September, and December ACIP Actions warrant injunctive relief. The consequences of those actions are not static. They are unfolding in real time. Because the challenged conduct is

ongoing, the harms are ongoing, and the factual record relevant to irreparable harm has continued

to develop. The supplemental declarations submitted here address these developments and ensure

that the Court evaluates Plaintiffs' remaining claims on a current and complete record.

3.      District courts possess broad discretion to manage the evidentiary record in

preliminary injunction proceedings. *See Rice v. Wells Fargo Bank, N.A.*, 2 F.Supp.3d 25, 31 (D.

Mass. 2014) ("[T]his court has broad discretion in deciding what evidence to consider in

connection with a motion for preliminary injunction, including hearsay.").  Preliminary injunction

proceedings are inherently flexible and may rely on affidavits and supplemental submissions. *See*

*Asseo v. Pan. Am. Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986) (holding affidavits and hearsay

materials are often received in preliminary injunction proceedings, particularly where the type of

evidence is appropriate "given the character and objectives of the injunctive proceeding").  Courts

routinely allow supplementation where it promotes judicial economy and allows the Court to

consider developments relevant to the issues presented. *See Alan L. v. Lexington Pub. Schs.*, 2025

WL 3767420, at *6 (D. Mass. 2025) (court granted plaintiff's motion for leave to file supplemental

declaration in support of motion for preliminary injunction five weeks after plaintiff filed motion

for preliminary injunction and three weeks after defendant opposed the motion for preliminary

injunction).

4.      The declaration of Dr. Georges C. Benjamin (Exhibit A) updates the Court on

ongoing harms to Plaintiff APHA and APHA members (including health clinics, clinicians, and,

public health officials, and, immunization programs) resulting from the May 19 Directive and

June, September, and December ACIP Actions.  Dr. Benjamin attests that, as of this week, APHA

members are actively undertaking ongoing adjustments to staffing, scheduling, allocation of

limited resources, public outreach materials, clinical guidance, workforce training, and infectious

disease preparedness and response in direct reaction to the May, June, September, and December challenged changes to the CDC immunization schedule. These real-time operational disruptions demonstrate the continuing and ongoing impact of Defendants' actions on APHA members who are the public health providers, agencies, clinics, and practitioners responsible for managing infectious disease prevention nationwide. The harms are occurring now, not hypothetically, and require the immediate diversion of scarce public health resources away from core disease-prevention activities to address uncertainty and instability created by Defendants' May, June, September, and December alterations to the CDC immunization schedule, thereby reinforcing the ongoing and irreparable nature of Plaintiffs' injuries.

5.      The declaration of Dr. Suzanne Berman (Exhibit B) provides updated testimony regarding the impact of the challenged May, December, and January 5 changes to the CDC childhood immunization schedule on her pediatric practice. Dr. Berman attests to the ongoing, increasing confusion among patients and families, heightened counseling burdens, and operational strain on her medical practice that must reconcile evolving federal guidance with established standards of care. She further explains how the challenged May 2025 changes to the CDC childhood immunization schedule recommendation for Covid-19 vaccination and the December 2025 and January 5 changes to the CDC childhood immunization schedule for Hepatitis B vaccination continue to cause her and her practice ongoing harm, impacting her provider decision-making regarding counseling, billing, reimbursement expectations, staffing, and patient communications, matters that directly affect her day-to-day clinical operations.

6.      Dr. Fiona Havers is a former epidemiologist at the CDC and served as the Lead, Respiratory Virus Hospitalization Surveillance Network (ESP-NET) Team prior to resigning on June 16, 2025. Dr. Havers declaration (Exhibit C) attests to her presentation at the April 15, 2025

ACIP meeting, the data she presented on Covid-19 related pediatric hospitalizations, as well as additional presentations delivered by CDC scientists and the ACIP Covid-19 Vaccines Work Group members. Her declaration explains that these presentations reflected the data that had undergone the CDC's established scientific clearance process prior to public dissemination consistent with longstanding agency practice governing ACIP deliberations on the CDC immunization schedule recommendations. Dr. Havers further attests that she had no knowledge of the May 12, 2025 memoranda, did not receive or review them during her time at the CDC, and is unaware of any CDC colleagues who were provided those memoranda.

7.    Dr. José Romero, former Chair of the ACIP (2018-2021), attests in his declaration (Exhibit D) based on his years of leadership on ACIP to the longstanding processes governing ACIP membership selection, committee balance requirements, and the development of CDC immunization schedule recommendations. He explains that, during his tenure, vaccine recommendation decisions consistently proceeded through structured ACIP deliberative processes and that the Secretary did not bypass those procedures. Dr. Romero further attests that the two May 12, 2025 memoranda relied upon by Defendants reflect a significant and highly irregular departure from established ACIP practices, as he has never known NIH or FDA officials to provide unilateral recommendations used to alter CDC immunization schedules outside the ACIP process.

8.    Dr. Jason Goldman, President of American College of Physicians and a longtime liaison to the ACIP Covid-19 Vaccines Work Group, attests in his declaration (Exhibit E), based on nearly eight years of participation in ACIP meetings and Work Group deliberations, that the two May 12, 2025 memoranda submitted with Defendants' Opposition were never shared with, discussed by, or incorporated into the ACIP Covid-19 Vaccines Work Group's established deliberative processes, and that he first saw them only in this litigation. His declaration further

explains that bypassing ACIP's established scientific EtR framework has created ongoing uncertainty and operational burdens for ACP and its physician members, reinforcing the continuing irreparable harms to Plaintiffs and their members resulting from Defendants' actions.

9.      These supplemental declarations do not introduce new legal claims and do not expand the scope of requested relief. They update the factual record in light of continuing developments, are in direct response to new evidence introduced by Defendants, and address questions the Court had at the February 13, 2026, hearing. Allowing Plaintiffs to supplement their Motion for Preliminary Injunction here promotes judicial efficiency and ensures that preliminary relief is evaluated on a complete record. *See also D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F.Supp.3d 401, 412 n. 2 (D. Mass. 2025) ("The Court has 'broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction.'") (quoting *Rice v. Wells Fargo Bank, N.A.*, 2 F.Supp.3d 25, 31 (D. Mass. 2014); *see also Alan L.*, 2025 WL 3767420, at *6 (noting supplemental declarations were allowed in preliminary injunction proceedings). Where, as here, the Court has not yet ruled and the challenged conduct is ongoing, supplementation promotes judicial efficiency and provides the Court with a more fulsome record.  Furthermore, any perceived prejudice can be cured by permitting Defendants to file a response. Plaintiffs would not object to such a filing.

9.      Counsel for Plaintiffs conferred via email with counsel for Defendants on March 2, 2026.  Defendants oppose this Motion.  Plaintiffs' Local Rule 7.1 Certification is attached hereto.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Supplemental Declarations of (1) Dr. Georges C. Benjamin (attached as <u>Exhibit A</u>); (2) Dr. Suzanne Berman (attached as <u>Exhibit B</u>); (3) Dr. Fiona Havers (attached as <u>Exhibit C</u>); (4) Dr. José Romero (attached as <u>Exhibit D</u>); and, (5) Dr. Jason Goldman (attached as <u>Exhibit E</u>).

Dated: March 2, 2026                    Respectfully submitted,


By: */s/ James J. Oh*
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
          kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
          gcostello@ebglaw.com


Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
          rwanerman@ebglaw.com
          wwalters@ebglaw.com


Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

**LOCAL RULE 7.1 CERTIFICATE REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

Per Local Rule, 7.1, counsel for Plaintiffs state that they conferred with counsel for Defendants by email on March 2, 2026, and counsel for Defendants oppose the filing of Plaintiffs' Motion for Leave to File Supplemental Declarations in Support of Their Motion for Preliminary Injunction.

*/s/ James J. Oh*
James J. Oh

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 2nd day of March 2026:

| | |
|---|---|
| Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services | Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention |
| | |
| c/o Leah Belaire Foley, US Attorney<br>Michael L. Fitzgerald<br>Office of the US Attorney for the District of Massachusetts<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>michael.fitzgerald2@usdoj.gov | c/o Isaac Belfer<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044-0386<br>Isaac.C.Belfer@usdoj.gov |

James W. Harlow
DOJ-Civ
Consumer Protection Branch
P.O Box 386
Washington, D.C. 20044
James.w.harlow@usdoj.gov

*/s/ James J. Oh*
James J. Oh