UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>                  Plaintiffs,<br><br>   v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>                  Defendants. | Case No. 1:25-cv-11916-BEM |

**Defendants' Response to the Court's February 27, 2026, Order**

Defendants hereby respond to the Court's February 27, 2026, order directing the parties to "submit supplemental briefing . . . on the applicability of the Federal Advisory Committee Act (FACA) to the Advisory Committee on Immunization Practices (ACIP)" in light of *Kennedy v. Braidwood Management, Inc.*, 606 U.S. 748 (2025). ECF No. 269.

The ACIP was established under the authority of the Secretary of Health and Human Services to "appoint such advisory councils or committees . . . , for such periods of time, as he deems desirable . . . for the purpose of advising him in connection with any of his functions." 42 U.S.C. § 217a(a); *see* ECF No. 185-21, at 2. The ACIP Charter provides that the ACIP "is governed by the provisions of [FACA]." ECF No. 185-21, at 2. That's because the ACIP's functions are "advisory," not "operational." 41 C.F.R. § 102-3.40(j). In other words, the committee does not "mak[e] or implement[] Government decisions or policy." *Id.* The ACIP advises the CDC Director "regarding use of vaccines and related agents for effective control of vaccine-preventable diseases." ECF No. 185-21, at 2. But the CDC Director retains full discretion whether to adopt the ACIP's recommendations as official CDC/HHS

recommendations. *See id.*

The Affordable Care Act ("ACA") did not affect the ACIP's status as an advisory committee. Although the ACA requires insurers to cover "immunizations that have in effect a recommendation from the [ACIP] with respect to the individual involved," 42 U.S.C. § 300gg-13(a)(2), an ACIP recommendation only "is considered in effect after it has been adopted by the Director of the [CDC]," 26 C.F.R. § 54.9815-2713(a)(1)(ii); *see* 29 C.F.R. § 2590.715-2713(a)(1)(ii); 45 C.F.R. § 147.130(a)(1)(ii). Thus, consistent with FACA, the ACIP is "utilized solely for advisory functions," and "[d]eterminations of action to be taken and policy to be expressed with respect to" immunizations are "made solely by . . . an officer of the Federal Government," such as the CDC Director or HHS Secretary. 5 U.S.C. § 1008(b).

In *Braidwood*, the Supreme Court held that the members of the U.S. Preventive Services Task Force "are inferior officers and therefore may be appointed by the Secretary" of Health and Human Services consistent with the Appointments Clause in Article II of the U.S. Constitution. 606 U.S. at 754. The Appointments Clause was implicated in the first place because "beginning in 2010 after the Affordable Care Act was enacted," the Task Force's "recommendations were no longer merely advisory," since "health insurers had to begin covering those recommended services at no cost to the insured." *Id.* at 783. Thus, "the Task Force members were officers, not just employees," *id.*, and the Task Force "ceased to be an advisory committee," *id.* at 766 n.3. Although the Secretary "can review the Task Force's recommendation and block it from going into effect," *id.* at 757, he is not required to do so, and the Task Force's recommendations become "binding" if the Secretary does not block them, *id.* at 766 n.3. Indeed, "Congress has confirmed that the post-ACA Task Force is not an advisory entity by expressly providing that 'the Task Force is not subject to' [FACA]." *Id.* at 766 n.3 (quoting 42 U.S.C. § 299b–4(a)(5)

2

(2018 ed., Supp. IV)).

The ACIP is fundamentally different from the U.S. Preventive Services Task Force. Whereas the Task Force's recommendations become "binding" if the Secretary does not block them, *id.*, the ACIP's recommendations are "in effect" for purposes of the ACA's insurance coverage requirements only when adopted by the CDC Director, ECF No. 185-21, at 2; 42 U.S.C. § 300gg-13(a)(2); 26 C.F.R. § 54.9815-2713(a)(1)(ii); 29 C.F.R. § 2590.715-2713(a)(1)(ii); 45 C.F.R. § 147.130(a)(1)(ii). And whereas the ACA expressly says "the Task Force is not subject to" FACA, 606 U.S. at 766 n.3 (quoting 42 U.S.C. § 299b–4(a)(5) (2018 ed., Supp. IV)); *see* Pub. L. No. 111-148, § 4003, 124 Stat. 119, 541-43 (Mar. 23, 2010), there is no similar FACA exemption for the ACIP, *see Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002) ("It is a general principle of statutory construction that when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (cleaned up). The Task Force and the ACIP also differ in how they were established. The creation of the Task Force was mandated by statute. *See* 42 U.S.C. § 299b-4(a)(1) ("The Director shall convene an independent Preventive Services Task Force . . . to be composed of individuals with appropriate expertise."). Not so for the ACIP, which exists pursuant to the Secretary's discretionary authority to "appoint such advisory councils or committees . . . , for such periods of time, as he deems desirable . . . for the purpose of advising him in connection with any of his functions." 42 U.S.C. § 217a(a).

*Braidwood* does not compel a contrary conclusion. *Braidwood* did not analyze the ACIP; it merely observed, in a footnote, that a recommendation from the ACIP is "not 'considered in effect' until 'it has been adopted by'" the CDC Director. 606 U.S. at 767 n.4 (quoting 45 C.F.R.

3

§ 147.130(a)(1)(ii)). Because the Secretary could promulgate a similar regulation for the Task Force, the Court explained, he "'ha[s] the *discretion* to review decisions rendered by' the Task Force," which makes Task Force members inferior officers under the Appointments Clause. *Id.* at 767–68 (quoting *United States v. Arthrex, Inc.*, 594 U.S. 1, 27 (2021)). Critically, the question of whether Task Force members are inferior officers is wholly separate from whether the Task Force qualifies as an advisory committee. Whereas the Appointments Clause inquiry asks whether the Secretary has the *discretion* to prevent the Task Force recommendations from being binding on their own, *id.*, the "advisory committee" inquiry asks whether the Task Force's recommendations can, *in fact*, be binding on their own, *id.* at 766 n.3. On the latter question, the Task Force's recommendations *can* be binding on their own, and thus the Task Force is not an advisory committee. By contrast, the ACIP's recommendations have no legal effect unless and until they are adopted by the CDC Director. Thus, the ACIP remains an advisory committee.

March 5, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

JAMES W. HARLOW
Acting Assistant Director

*/s/ Isaac C. Belfer*
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

March 5, 2026                                      */s/ Isaac C. Belfer*
                                                   Isaac C. Belfer