U.S. District Court
District of Massachusetts – Boston Division
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

March 19, 2026

The Honorable Brian E. Murphy
United States District Judge
United States District Court for the District of Massachusetts
District of Massachusetts – Boston Division

Re: American Academy of Pediatrics et al. v. Kennedy et al.,
Case No. 1:25-cv-11916 (D. Mass.)

Dear Judge Murphy:

We write as a group of practicing physicians who, for professional reasons, must remain anonymous. We understand the seriousness of addressing the Court in this manner, but we also hope the Court will appreciate that open dissent on vaccine policy can result in loss of employment, targeted complaints to medical boards, and ultimately the loss of one's medical license. The risk of professional retaliation is real and immediate for many clinicians who hold minority or critical views on current vaccination practices.

From our perspective in clinical practice, the institutional plaintiffs in this case are not disinterested guardians of child health. They receive and depend on very substantial funding from government agencies, pharmaceutical companies, and affiliated foundations, which creates powerful financial and reputational incentives to defend the existing vaccine schedule and to resist any meaningful re-evaluation of it. When organizations derive billions of dollars in direct and indirect support within the same policy space they are purporting to "objectively" oversee, it is reasonable to question whether their primary loyalty is to scientific rigor and patient welfare or to the preservation of that funding structure.

We are particularly concerned that the current childhood vaccine schedule, and the entrenched system surrounding it, treats children's immune systems as something to be aggressively programmed rather than carefully protected. Every vaccine fundamentally intervenes in a child's baseline immune function, which begins as a finely tuned, natural system. Many of us have observed what we regard as alarming increases in

immune-related conditions, chronic inflammatory illnesses, and malignancies in younger patients over the course of our careers. While causation is complex and multifactorial, it is professionally irresponsible, in our view, to dismiss out of hand the possibility that the overall load and timing of vaccines may be contributing to these trends.

Historically, serious cancers in children and young adults were rare in day-to-day clinical practice; now, we are seeing far more young patients facing diagnoses that were once unusual outside of older age groups. At the population level, the lifetime risk of cancer has climbed to the point where a very large proportion of men and women can expect to confront this disease at some point in their lives, and we are seeing more aggressive or earlier-onset presentations. Again, we do not claim that vaccines are the sole cause of these developments, but we strongly believe that a truly independent, transparent re-examination of the schedule and its cumulative effects is medically justified and ethically necessary.

In this context, Mr. Kennedy's efforts, as we understand them, are directed at scrutinizing longstanding assumptions, re-evaluating risk–benefit balances, and reducing unnecessary or poorly supported exposures for children. Whatever one thinks of his politics, the specific reforms at issue in this case represent, to many clinicians like us, an overdue attempt to realign federal vaccine policy with a more precautionary, child-focused approach. Blocking those efforts does not simply preserve the status quo in the abstract; it preserves a system in which financial conflicts of interest and bureaucratic inertia can outweigh careful, updated scientific assessment and genuine informed consent.

For every action, there is a reaction. When the Court enjoins changes aimed at reducing potential harms, the practical effect is to keep children on a path that may, in fact, be contributing to serious long-term health consequences. If Mr. Kennedy is prevented from carrying out reforms that could reduce unnecessary or harmful interventions, the costs of that decision will not be borne by institutions or agencies; they will be borne, quietly and individually, by children and families. From where we stand, continuing down the current path without allowing meaningful reform and transparent re-evaluation will foreseeably result in preventable suffering and loss of life.

We respectfully urge the Court to take seriously the possibility that the institutional plaintiffs' financial interests and longstanding policy commitments are not fully aligned with the best interests of children, and to allow Mr. Kennedy to proceed with measures designed to reassess and, where necessary, revise the childhood vaccine schedule. In our professional judgment, preventing that reassessment poses a greater risk to children than permitting it.

Enclosed for the Court's consideration are additional documents providing background on our concerns and supporting context for this letter.

Respectfully submitted,

A group of licensed physicians
Names and affiliations withheld out of concern for professional retaliation

Enclosures:
Background materials and supporting documents regarding vaccine policy and professional retaliation risks
Additional references regarding funding of major medical organizations and potential conflicts of interest