**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, et al., | |
| *Plaintiffs,* | **Case No. 1:25-cv-11916-BEM** |
| v. | |
| ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services, et al., | District Judge: Hon. Brian E. Murphy |
| *Defendants.* | |

**MOVANTS' MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL**

Movants Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, Dr. Kenneth Stoller, and Children's Health Defense, appellants in No. 26-1325 in the United States Court of Appeals for the First Circuit, file this motion to satisfy the threshold requirement of Federal Rule of Appellate Procedure 8(a)(1)(A), which the First Circuit invoked in its April 9, 2026 order denying Movants' emergency stay motion without prejudice. Jaffe Decl. ¶5, Ex. 1.

Since this Court entered the preliminary injunction on March 16, 2026, a material change in circumstances has occurred. On April 1, 2026, the Secretary filed a renewed ACIP charter pursuant to the mandatory biennial renewal provision of FACA, 5 U.S.C. § 1013(d). The renewed charter expands the expertise categories for ACIP membership, redefines the committee's scope of activities, and adds four new liaison organizations. Under the renewed charter, every ACIP member this Court found unqualified or arguably qualified satisfies at least one listed expertise

1

category. Jaffe Decl. ¶¶3-4, 7-16, 20-30, Ex. 2. The factual predicate for this Court's FACA analysis at least in part no longer exists. No party has presented this changed circumstance to this Court. Jaffe Decl. ¶6.

Movants respectfully request expedited consideration of this motion to preserve the possibility of review during the October Term 2025, which concludes in late June 2026.

This motion presents a narrow question. Movants filed their notice of appeal on March 25, 2026. That filing divested this Court of control over the aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The preliminary injunction is the central aspect on appeal. This Court retains only the limited authority that Federal Rule of Civil Procedure 62(d) expressly reserves: to suspend, modify, restore, or grant injunctive relief during an appeal. Movants do not ask this Court to revisit the merits of its March 16, 2026 order. The question is whether this Court will grant interim relief under Rule 62(d) in light of the intervening charter renewal, or deny the motion so that Movants may return to the Court of Appeals. The relevant intervening action is reflected in a public agency charter. Jaffe Decl. ¶¶3-4, Ex. 2.

## I. THE PRELIMINARY INJUNCTION HAS TWO OPERATIVE COMPONENTS

The March 16, 2026 preliminary injunction has two operative components.

First, it stays the appointments of thirteen of the fifteen voting members of the Advisory Committee on Immunization Practices. PI Order at 29-31. This Court found that nine of those members lacked relevant expertise as defined by the prior ACIP charter (And three had questionable qualifications)  Id. at 29 n.47-55 & 31 n.56.

Second, it reverses the CDC's January 6, 2026 changes to the childhood immunization schedule, which had moved six vaccines to shared clinical decision-making, removed COVID-19

from the schedule, and reduced the number of recommended disease categories from 17 to 11. PI Order at 32-44. The theory of this component was that the CDC Director lacked authority to change the schedule without a recommendation from a properly constituted ACIP. Id.

Movants seek a stay of both components pending appeal. The Secretary's April 1, 2026 charter renewal bears on both. Jaffe Decl. ¶¶3-11, Ex. 2.

## II. STANDARD FOR A STAY PENDING APPEAL

A stay pending appeal is governed by the four-factor test articulated in *Nken v. Holder*, 556 U.S. 418, 426 (2009), and *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987): (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties; and (4) where the public interest lies. The first two factors are "the most critical." *Nken*, 556 U.S. at 434. Factors three and four merge when the Government is the opposing party. *Id.* at 435; *Does 1-6 v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021). Because the notice of appeal divests the district court of control over aspects of the case involved in the appeal, Griggs, 459 U.S. at 58, this Court's authority to grant interim relief during the appeal derives from the express reservation in Federal Rule of Civil Procedure 62(d).

The stay factors substantially overlap with the factors governing preliminary injunctions. *Nken*, 556 U.S. at 434; see also *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (preliminary injunction standard). Movants' showing rests on an intervening fact no party presented to this Court when it applied *Winter*: the Secretary's April 1, 2026 charter renewal. That fact bears on likelihood of success as to both components of the injunction and on the balance of equities between the parties.

3

**III. THE APRIL 1, 2026 CHARTER RENEWAL**

On April 1, 2026, the Secretary of Health and Human Services filed a renewed ACIP charter pursuant to the mandatory biennial renewal provision of FACA, 5 U.S.C. § 1013(d). Notice of the renewal was published in the Federal Register on April 6, 2026. 91 Fed. Reg. 17279 (Apr. 6, 2026). Jaffe Decl. ¶¶3-4, Ex. 2.

The renewed charter makes two categories of changes relevant to the preliminary injunction. First, it expands the listed fields of expertise for ACIP membership. The prior charter required members to be "knowledgeable in the fields of immunization practices and public health" or to have expertise in vaccines or vaccine research. The renewed charter adds the following expertise categories: "medicine, vaccines, immunization practices, immunology, toxicology, pediatric neurodevelopment, epidemiology, data science, statistical analysis, health economics, recovery from serious vaccine injuries, or public health." Jaffe Decl. ¶¶7-8, Ex. 2 at 4.

Second, the renewed charter expands ACIP's scope of activities. It directs the committee to consider "cumulative exposures to vaccines and vaccine components," to engage in "re-analysis of vaccine safety and efficacy as gaps are identified," to evaluate "variability in immune response for various populations," to consider the safety and public health impact of "novel vaccine platforms such as mRNA vaccines," and to evaluate the risks and benefits of "tailoring immunization practices to maximize benefits and reduce risks." Jaffe Decl. ¶¶9-11, Ex. 2 at 2-3.

The biennial renewal is a statutory requirement. Under FACA, an advisory committee terminates two years from the date its charter is filed unless the charter is renewed. 5 U.S.C. § 1013(d); 41 C.F.R. § 102-3.55. The prior charter's filing date required renewal by April 2026. The Secretary was required to file a renewed charter regardless of this litigation.

No party has presented the renewed charter to this Court as a basis for reconsidering or modifying the preliminary injunction. Jaffe Decl. ¶6.

## IV. THE RENEWED CHARTER ELIMINATES THE FACTUAL PREDICATE FOR THE APPOINTMENTS STAY

This Court stayed the appointments of thirteen of fifteen voting ACIP members because nine of them did not fit the expertise categories of the prior charter. PI Order at 29-31 & notes 47-55. The renewed charter expands those categories. Under the expanded categories, every member this Court found unqualified or arguably qualified satisfies at least one listed field. Jaffe Decl. ¶¶20, 22-30.

The Declaration walks through each of the nine members member-by-member. Dr. Blackburn satisfies "medicine," "public health," and "health economics." Jaffe Decl. ¶22. Dr. Griffin satisfies "medicine" and "public health." Jaffe Decl. ¶23. Dr. Hibbeln satisfies "pediatric neurodevelopment," a field now explicitly enumerated. Jaffe Decl. ¶24. Dr. Milhoan satisfies "medicine." Jaffe Decl. ¶25. Dr. Pagano satisfies "medicine," "public health," and "recovery from serious vaccine injuries." Jaffe Decl. ¶26. Dr. Pollak satisfies "immunology." Jaffe Decl. ¶27. Dr. Levi satisfies "data science," "statistical analysis," and "health economics." Jaffe Decl. ¶28. Dr. Malone satisfies "vaccines" and "immunology." Jaffe Decl. ¶29. Dr. Stein satisfies "epidemiology." Jaffe Decl. ¶30. Each fit is tied to the member's documented training, employment, and publication record.

At footnote 56 of the preliminary injunction order, this Court acknowledged that "there may be evidence to demonstrate that each of these individuals have more relevant experience or expertise than what is before the Court at this juncture." PI Order at 31 n.56. The Declaration presents that evidence in paragraphs 20-30. When the evidence is evaluated against the expertise

5

categories the Secretary has now enumerated in the renewed charter, every challenged member fits. Jaffe Decl. ¶¶22-30.

On likelihood of success, Movants are likely to prevail on the appointments component of the appeal because the factual predicate this Court relied upon has been superseded by intervening agency action. Movants are not asking this Court to revisit its prior findings on the record before it in March. Movants are presenting a new fact: that the operative charter against which ACIP membership is measured is no longer the pre-April 1 charter. Jaffe Decl. ¶¶3-4, Ex. 2.

## V. PRESERVATION OF THE CIRCUIT SPLIT ON JUSTICIABILITY

Movants acknowledge that *Union of Concerned Scientists v. Wheeler*, 954 F.3d 11 (1st Cir. 2020), is binding authority in this Circuit. Movants note, however, that *Wheeler* reviewed a categorical EPA policy that excluded all recipients of EPA grants from the Science Advisory Board, applying the FACA balance requirement to evaluate whether the exclusion was viewpoint discriminatory. The preliminary injunction here went further: it evaluated individual ACIP members' curricula vitae and publication records to determine whether each possessed sufficient "expertise" under the prior charter. No court, including the First Circuit in *Wheeler*, has previously applied FACA review that deeply into agency appointment decisions.

Movants also preserve for appellate review the argument that *Wheeler* conflicts with the Ninth Circuit's holding in *Ctr. for Policy Analysis on Trade & Health v. Office of U.S. Trade Rep.*, 540 F.3d 940, 945 (9th Cir. 2008), which held that a FACA balance challenge presents "a political question that is best left to the other branches of government," and with the D.C. Circuit's reasoning in *Pub. Citizen v. Nat'l Advisory Comm. on Microbiological Criteria for Foods*, 886 F.2d 419, 427 (D.C. Cir. 1989) (Silberman, J., concurring), that the judgment "as to what constitutes an appropriate or 'fair' balance of those views must be a political one." Movants do not

6

ask this Court to resolve that conflict. Movants preserve the issue for the First Circuit and, if necessary, the Supreme Court to address the circuit split.

## VI. THE RENEWED CHARTER BEARS ON THE SCHEDULE-REVERSAL COMPONENT

The injunction's reversal of the January 6, 2026 schedule changes rests on the premise that the CDC Director lacked authority to implement those changes without a recommendation from a properly constituted ACIP. The renewed charter bears on that premise in two ways.

First, the renewed charter does not merely reconstitute the committee under expanded expertise categories. It directs the committee to do substantive work that closely tracks the January 6 schedule changes.

The charter directs ACIP to consider "cumulative exposures to vaccines and vaccine components," to conduct "re-analysis of vaccine safety and efficacy as gaps are identified and new information becomes available," to evaluate "variability in immune response for various populations," and to consider "tailoring immunization practices to maximize benefits and reduce risks." Jaffe Decl. ¶¶9-11, Ex. 2 at 2-3. These are the substantive questions the January 6 schedule change began to address by moving six vaccines to shared clinical decision-making. The Secretary is using his chartering authority to direct ACIP toward exactly that work.

Second, the Supreme Court in *Kennedy v. Braidwood Management, Inc.*, 606 U.S. 748 (2025), recognized at footnote 4 that the CDC Director has discretion in adopting ACIP recommendations. That discretion presupposes independent authority. Kennedy is the first Director in sixteen years to exercise it. The Director's action on the January 6 schedule and the Secretary's action on the April 1 charter rest on recognized authority in each case.

7

On likelihood of success, Movants are likely to prevail on the schedule-reversal component of the appeal because (a) the renewed charter directs ACIP to undertake the substantive analyses the January schedule change was designed to implement, and (b) the injunction's theory that the Director acted without authority conflicts with the independent discretion recognized in *Braidwood* footnote 4.

## VII. IRREPARABLE INJURY, BALANCE OF EQUITIES, AND PUBLIC INTEREST

Absent a stay, the preliminary injunction will continue to operate through the pendency of the appeal. The appellate timeline is compressed. The Supreme Court's October Term 2025 concludes in late June 2026. Without prompt disposition of this motion and the renewed First Circuit motion that will follow, Movants' ability to obtain meaningful appellate review within the current Term will be impaired. That constitutes irreparable injury to the appellate rights the First Circuit's April 9 order contemplates. *See Nken*, 556 U.S. at 427 (the stay power allows appellate courts to act responsibly by preventing irreparable injury to the party aggrieved by the order under review during the time needed for considered judgment).

The third and fourth factors merge because the United States is the opposing party on the preliminary injunction. *Nken*, 556 U.S. at 435; *Does 1-6*, 16 F.4th at 37. The public interest lies with permitting the Secretary to exercise the chartering authority FACA expressly grants him, 5 U.S.C. § 1013(d), and with permitting ACIP to conduct the substantive work the renewed charter directs it to perform. A stay of the preliminary injunction would return the parties to the posture in which the April 1 charter operates as intended.

## VIII. MOVANTS' POSTURE UNDER THE FIRST CIRCUIT'S ORDER

Movants acknowledge the procedural posture. Movants are intervenor-appellants whose intervention this Court denied on February 27, 2026. Movants are not parties to this action. Movants cannot amend the complaint. Movants cannot move on Defendants' behalf to modify the preliminary injunction. Movants cannot defend the challenged ACIP members on the merits in this Court, because Movants have no pleading in which to raise a defense. The ordinary procedural mechanisms for presenting the April 1, 2026 charter renewal to this Court as a material changed circumstance, an amended pleading by Plaintiffs or a motion to modify by Defendants.

Movants are before this Court because the United States Court of Appeals for the First Circuit directed them to seek stay relief here in the first instance under FRAP 8(a)(1)(A). Jaffe Decl. ¶5, Ex. 1. No party has presented the charter renewal to this Court. Plaintiffs may not because the renewed charter may work against their position (unless enjoined). Defendants have told the First Circuit, in the motion they filed on April 15, 2026, that the preliminary injunction is causing them irreparable harm. Defendants have not sought relief from this Court. Defendants have not presented the renewed charter as grounds for modifying the preliminary injunction. Defendants' time to appeal the preliminary injunction has not yet run. Movants ask this Court to grant or deny stay relief under Rule 62(d) per the First Circuit's order, A denial on the ground that the charter issue is better presented by a party would satisfy that threshold.

## IX. THE NARROW ASK UNDER RULE 62(d)

This Court's authority under Rule 62(d) is to suspend, modify, restore, or grant injunctive relief during an appeal, notwithstanding the divestiture of jurisdiction over the aspects of the case involved in the appeal. *Griggs*, 459 U.S. at 58. The First Circuit's April 9, 2026 order, citing FRAP

9

8(a)(1)(A), confirms that this Court retains that authority and directs Movants to invoke it here in the first instance.

## CONCLUSION

Movants respectfully request that this Court:

(a) Stay the March 16, 2026 preliminary injunction pending disposition of the appeal in the United States Court of Appeals for the First Circuit, No. 26-1325, pursuant to Federal Rule of Civil Procedure 62(d);

(b) In the event this Court denies any relief, certify that it has considered and denied the motion for purposes of FRAP 8(a)(2), so that Movants may renew their motion in the First Circuit without further delay; and

(c) Set an expedited schedule for consideration of this motion.

Prompt disposition is warranted. The motion raises no factual disputes requiring development. Further delay would prolong the operation of an injunction whose factual predicate the renewed charter has superseded and would impair Movants' ability to obtain meaningful appellate review. The Court should grant the narrow relief this motion seeks or deny the motion so that Movants may return to the Court of Appeals.

Dated: April 17, 2026

Respectfully submitted,

/s/ Richard Jaffe
Richard Jaffe
428 J Street, 4th Floor
Sacramento, California
95814
Tel: 916-492-6038
rickjaffeesquire@gmail.com

10

Robert N. Meltzer
The Mountain States Law Group
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, Massachusetts 01742
Tel: (978) 254-6289
inbox@mountainstateslawgroup.com

*Counsel for Movants*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that counsel for Movants conferred with counsel for Plaintiffs and counsel for Defendants on April 20, 2026 regarding the relief sought in this motion and attempted in good faith to resolve or narrow the issue. Plaintiffs oppose the Motion. Defendants are "conferring and will get back to you as soon as we can."

/s/ Richard Jaffe

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I caused the foregoing Movants' Motion for Stay of Preliminary Injunction Pending Appeal, together with the Declaration of Richard Jaffe and Exhibits, to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: April 20, 2026

/s/ Richard Jaffe