**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:25-cv-11916-BEM |

**Defendants' Motion to Stay Proceedings Pending the Resolution of Any Appeal of the March 16, 2026, Order of Preliminary Relief**

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

JAMES W. HARLOW
Acting Assistant Director

ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

**INTRODUCTION**

On March 16, 2026, this Court granted in part Plaintiffs' motion for preliminary relief. ECF No. 291. Defendants' deadline to appeal that order is May 15, 2026. Fed. R. App. P. 4(a)(1)(B); *see* 28 U.S.C. § 1292(a)(1). To promote judicial economy and avoid burdens on government agencies that may be rendered unnecessary by a decision on any appeal, Defendants respectfully request that the Court stay proceedings in this case until the later of May 15, 2026, or the resolution of any appeal taken by Defendants from this Court's preliminary relief order. Defendants conferred with Plaintiffs, who oppose this motion. In light of the upcoming administrative record deadlines, *see* ECF No. 296, and so that a stay can provide the efficiencies and avoid the burdens discussed below, Defendants respectfully request that the Court order expedited briefing on this motion and decide the motion as soon as practicable.

The requested stay serves the interests of judicial economy and avoids imposing potentially unnecessary burdens on Defendants. For example, a First Circuit decision on any appeal may require the dismissal of some or all of Plaintiffs' claims, thus obviating the need for Defendants to produce administrative records on those claims and for the parties to brief and the Court to decide those claims on summary judgment. At a minimum, a First Circuit decision on any appeal could narrow the issues in dispute and provide guidance on how to resolve any remaining issues. If Defendants continue producing administrative records and the parties start briefing cross-motions for summary judgment before Defendants' time to appeal has run and before the First Circuit has an opportunity to weigh in on any appeal, there is a significant potential for wasted time and resources. For example, agency employees may be diverted from other important responsibilities in furtherance of the public health. And if the Court decides issues on summary judgment while those same issues are pending on appeal, there is the potential for inconsistent rulings.

Meanwhile, a stay of proceedings would not harm Plaintiffs. The Court's preliminary relief order remains in full effect and continues to protect Plaintiffs against any irreparable harm. The stayed appointments to the Advisory Committee on Immunization Practices ("ACIP") remain stayed; the votes of the reconstituted ACIP remain stayed; and immunization schedules that do not reflect those votes or the January 2026 changes remain in place. Thus, Plaintiffs (and the public) will continue to be protected from any irreparable harm during a stay of proceedings. In sum, because judicial economy and the balance of equities favor a stay, there is good cause to stay proceedings pending the resolution of any appeal.

LEGAL STANDARD

"[F]ederal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (quoting *Landis*, 299 U.S. at 256) (cleaned up).

The movant must show "good cause" for a stay, and courts consider whether the requested stay is "reasonable in duration" and "must ensure that competing equities are weighed and balanced." *Marquis*, 965 F.2d at 1155; *see Clinton*, 520 U.S. at 708. The "pendency of a related proceeding in another tribunal" is a "typical reason" for a stay of proceedings. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

2

**ARGUMENT**

There is good cause to stay proceedings until the later of May 15, 2026, or the resolution of any appeal of the Court's preliminary relief order. Such a stay would promote judicial economy. And the balance of equities favors a stay, which avoids potentially unnecessary burdens on Defendants, imposes no harm on Plaintiffs or the public, and would have a reasonable duration. *See Marquis*, 965 F.2d at 1155.

### I.      A Stay of Proceedings Would Promote Judicial Economy

A stay would promote judicial economy and conserve Court and party resources because the resolution of any appeal could result in the dismissal of this case or at least "narrow the issues in [this] case and assist in the determination of the questions of law involved." *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (quoting *Landis*, 299 U.S. at 253–54) (cleaned up). For example, if Defendants were to appeal on jurisdictional grounds, and if the First Circuit were to agree with Defendants that this Court lacks jurisdiction, *see, e.g.*, ECF No. 232 at 11–15, 30–36; ECF No. 272 at 10–16, that would require the dismissal of some or all of Plaintiffs' claims. Or if the First Circuit were to rule that Secretary Kennedy was not required to follow the Membership Balance Plan in selecting ACIP members, ECF No. 254 at 1, 6–8, that would narrow the issues in dispute. And if the First Circuit were to agree with Defendants that agencies have wide discretion in satisfying the Federal Advisory Committee Act of 1972's ("FACA") fair balance requirement, and that judicial review of advisory committee balances should be deferential, ECF No. 232 at 24, the Circuit's decision could guide how this Court resolves Plaintiffs' FACA claim. In sum, the resolution of any appeal of this Court's preliminary relief order could significantly change the contours of this case.

It wastes scarce taxpayer resources for Defendants to continue producing administrative records for claims that may be dismissed based on the resolution of any appeal. And the

3

inefficiencies only compound if the parties brief (and the Court decides) cross-motions for summary judgment on claims that may be dismissed, and without the benefit of appellate guidance on any issues that remain. There is also the potential for inconsistent rulings if this Court decides issues on summary judgment while those same issues are pending on appeal. *See President & Fellows of Harvard Coll. v. U.S. Dep't of Homeland Sec.*, No. 25-CV-11472-ADB, 2026 WL 880412, at *3 (D. Mass. Mar. 31, 2026) (staying case pending appeal of preliminary injunction "to promote judicial economy and lower the risk of inconsistent judgments"); *Bean Me. Lobster, Inc. v. Monterey Bay Aquarium Found.*, No. 2:23-cv-00129-JAW, 2025 WL 1114801, at *5 (D. Me. Apr. 15, 2025) ("[p]roceeding . . . in the trial court while the First Circuit considers a potentially dispositive appeal," which "may advance the ultimate termination of this litigation by dismissing, or substantially narrowing, the case," would be "an inefficient use of the Court's and the parties' time and resources"). As the Fourth Circuit succinctly explained, "[t]wo courts at once is one court too many." *City of Martinsville, Va. v. Express Scripts, Inc.,* 128 F.4th 265, 272 (4th Cir. 2025).

## II.      The Balance of Equities Favors a Stay of Proceedings

A stay avoids potentially unnecessary burdens on Defendants, imposes no harm on Plaintiffs or the public, and would have a reasonable duration. *See Marquis*, 965 F.2d at 1155. As discussed above, absent a stay, Defendants would need to continue compiling administrative records and then brief cross-motions for summary judgment. That would impose a substantial resource burden and divert agency employees from other important responsibilities in furtherance of the public health. Those burdens will have been unnecessary if, for example, a First Circuit decision on any appeal results in some or all claims being dismissed, narrows the issues in dispute, or provides guidance that requires the parties to redo summary judgment briefing.

In contrast to the substantial burdens on Defendants that a stay would avert, a stay of proceedings would not harm Plaintiffs (or the public) because the Court's preliminary relief order remains in full effect. *See* ECF No. 291 at 45. The stayed ACIP appointments remain stayed. The votes of the reconstituted ACIP remain stayed. And immunization schedules that do not reflect those votes or the January 2026 changes remain in place. In short, the Court's preliminary relief order continues to protect Plaintiffs against any irreparable harm. And any benefits to patients, providers, or the public health from the Court's preliminary relief order also continue. Finally, the modest duration of the requested stay—only until any appeal of this Court's preliminary relief order is resolved—is reasonable. *Marquis*, 965 F.2d at 1155.

The Supreme Court has held that a stay is warranted under the circumstances present here: a "case[] of extraordinary public moment" and a stay request that is "not immoderate in extent and not oppressive in its consequences," which will promote "the public welfare or convenience" by furthering judicial economy and avoiding potentially unnecessary burdens on government agencies. *Clinton*, 520 U.S. at 707 (quoting *Landis*, 299 U.S. at 256). Supported by ample good cause, the requested stay should be granted.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings until the later of May 15, 2026, or the resolution of any appeal Defendants may take from this Court's preliminary relief order.

April 23, 2026                                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

5

JAMES W. HARLOW
Acting Assistant Director

*/s/ Isaac C. Belfer*
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Counsel for Defendants*

## LOCAL RULE 7.1 CERTIFICATE

Per Local Rule 7.1, counsel for Defendants state that they conferred with counsel for Plaintiffs by email on April 22–23, 2026, and counsel for Plaintiffs stated that Plaintiffs oppose this motion.

/s/ Isaac C. Belfer
Isaac C. Belfer

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the CM/ECF system, will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.


April 23, 2026                    */s/ Isaac C. Belfer*
                                  Isaac C. Belfer

8