**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>        *Plaintiffs,*<br><br>        vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,<br><br>        *Defendants.* | Case No. 1:25-cv-11916 (BEM) |

**PLANTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS PENDING THE RESOLUTION OF ANY APPEAL
OF THE MARCH 16, 2026 ORDER OF PRELIMINARY RELIEF**

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND FACTS ............................................................................................. 1

III.    DEFENDANTS HAVE FAILED TO SHOW GOOD CAUSE FOR A STAY ................. 7

IV.     CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caraballo-Seda v. Mun. of Hormigueros*,
    395 F.3d 7 (1st Cir. 2005) ........................................................................................................8

*Clinton v. Jones*,
    520 U.S. 681 (1997) .................................................................................................................9

*Contour Design, Inc. v. Chance Mold Steel Co.*,
    649 F.3d 31 (1st Cir. 2011) ......................................................................................................7

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................................................9

*Marquis v. F.D.I.C.*,
    965 F.2d 1148 (1st Cir. 1992) ..................................................................................................9

*Taunton Gardens Co. v. Hills*,
    557 F.2d 877 (1st Cir. 1977) ....................................................................................................9

*Taunton Gardens Co. v. Hills*,
    421 F.Supp. 524 (D. Mass. 1976) ............................................................................................9

## I.    <u>INTRODUCTION</u>

With Defendants filing of a Notice of Appeal, ECF No. 306, in the evening of April 29, only six days after they filed the instant motion stating that Defendants "may" appeal, Defendants continue their delay tactics to postpone the production of complete Administrative Records ("ARs") and to delay adjudication of claims on which the Court has ruled that Plaintiffs are likely to succeed on the merits. *See* ECF No. 291. If a stay of proceedings is granted, Plaintiffs and the public will suffer more irreparable harm from the Defendants' arbitrary and capricious stewardship of the nation's vaccine ecosystem. For the sake of public health, this case must reach an adjudication of the merits as soon as possible. Indeed, one would think that the nation's chief health officer would be eager to defend his actions to change the Centers for Disease Control and Prevention's (the "CDC's") immunization schedules on the merits sooner than later if he had legitimate defenses. Defendants' Motion to Stay Proceedings Pending the Resolution of Any Appeals of the March 16, 2026, Order of Preliminary Relief (the "Motion to Stay Proceedings"), ECF No. 304, must be denied.

## II.    <u>BACKGROUND FACTS</u>

Ever since the first Case Management Conference ("CMC") in this case on July 31, 2025, before Judge Young, Defendants have been delaying, deflecting, and avoiding producing the administrative record (the "AR") on the actions challenged in this case. At the July 31 CMC, Judge Young opined that "I wouldn't think that the administrative record in support of that changed recommendation is extensive or hard to ferret out." Tr. of July 31, 2025 CMC at 8:2–5.[1] When counsel for Defendants stated that "the agency thinks that it can compile the records within 8

---

[1] At that time, the only action being challenged was the May 2025 Secretarial Directive changing the COVID-19 vaccine recommendation from routine to shared clinical decision making ("SCDM") for pregnant women and children. *See* First Am. Compl., ECF No. 63.

weeks, Judge Young called that amount of time "extraordinary," but allowed eight weeks, making September 25, 2025, the Defendants' deadline to produce the AR on the May 2025 Directive. *Id.* at 9:2–3. Counsel for Defendants agreed "[t]hat would work for us." *Id.* at 9:4. Defendants failed to produce the AR on the May 2025 Directive by Judge Young's deadline. In fact, only after this Court entered an Order on January 22, 2026, ECF No. 182, setting a schedule for production of the six ARs in this case did Defendants produce the AR on the May 2025 Directive, on March 12, 2026, *five and a half months after* Defendants had originally promised to produce that AR.

After reassignment of this case, the first in-person hearing before this Court was on October 30, 2025, on Plaintiffs' Motion to Lift Stay and Continue This Case on Schedule During the Federal Government Shutdown. ECF No. 127. During the hearing, the Court ruled: "I am going to lift the stay. I can tell you that *my policy on cases of national import is not to allow a stay*." Tr. of October 31, 2025 Hearing at 16:21–23 (emphasis added). At that hearing, the parties also discussed production of the Administrative Record. The Court stated: "I don't know what's reasonable in terms of how long it takes you to produce the administrative record . . . I want to give you deadlines that are reasonable and conceivable . . . ." Tr. of October 31, 2025 Hr'g at 19:15–18.

At that point in time, the operative complaint was the Third Amended Complaint. ECF No. 139. The Defendants moved to dismiss the Third Amended Complaint on November 19, 2025, ECF No. 144, Plaintiffs opposed the motion to dismiss, ECF No. 146, a hearing was held on the motion to dismiss on December 17, 2025, and the Court denied the motion on January 6, 2026, ECF No. 168. Also on January 6, the Court ordered the parties to "file a Joint Status Report with a case management plan, including: 1) a proposed deadline for filing the administrative record . . . ." by January 9. ECF No. 169.

On January 5, 2026, the day before the Court's Order denying the motion to dismiss, Defendants announced changes to the CDC's childhood immunization schedules. The Parties' January 9, 2026, Joint Status Report proposed briefing schedules on both a motion for leave to file a Fourth Amended Complaint to challenge the January 5 schedule changes and on a preliminary injunction motion. ECF No. 175. The Court held another status conference on January 12, 2026, at which the parties were ordered to file another status report on the collection of the administrative record by January 21, 2026. *See* ECF No. 176.

Upon review of the January 21 status report, the Court entered the following order:

> Having reviewed the parties' Joint Status Report, the Court ORDERS the following schedule for Defendants' production of the administrative record: Records related to the May 2025 Directive by March 12, 2026. Records related to the October 2025 changes to the COVID vaccine recommendation by March 23, 2026. Records related to the reconstitution of the ACIP by March 23, 2026. Should the Court grant Plaintiffs' motion for leave to amend the complaint, records related to actions challenged in the proposed 4th Amended Complaint will be due within 60 days of the Court's order on said motion. *The Court will grant extensions only upon a showing of good cause*. Any requests to amend the schedule should detail the efforts already made with specific dates of action, the status of those efforts, what work remains, and why more time is necessary.

ECF No. 182 (emphasis added).

Plaintiffs filed their Motion for Leave to File a Fourth Amended Complaint on January 19, 2026, and a Motion for Preliminary Injunction on January 26, 2026. ECF Nos. 180, 184. Defendants filed oppositions to both motions on February 9. ECF Nos. 232, 233. The Court bifurcated the preliminary injunction hearing at a status hearing on January 30, 2026, with the first hearing scheduled for February 13, 2026, and the second hearing scheduled for March 4, 2026. *See* ECF No. 190. At the February 13, 2026, hearing, the Court granted Plaintiffs leave to file the Fourth Amended Complaint, making the Administrative Record on the January 5, 2026, schedule changes due 60 days later. *See* ECF No. 182.

The Court granted in part Plaintiffs' Motion for Preliminary Injunction on March 16, 2026. *See* ECF No. 291. A week after the Court's March 16 Order, Defendants filed the unopposed Motion for Extension. ECF No. 295. In that motion, the Defendants noted that they had "produced the first AR, relating to the May 2025 Secretarial Directive, on March 12, 2026, in accordance with the Court's schedule." *Id.* at 1.[2] The Defendants proposed, and Plaintiffs agreed, to the following extensions on productions of the remaining ARs:

| AR # | Challenged Action | Current Deadline | Defendants' Proposed Deadline | Length of Requested Extension |
|---|---|---|---|---|
| 2 | CDC's adoption of the ACIP's September 2025 COVID-19 vaccine recommendation | March 23, 2026 | April 13, 2026 | 21 days |
| 3 | Reconstitution of the ACIP | March 23, 2026 | April 17, 2026 | 25 days |
| 4 | January 2026 changes to the CDC immunization schedule | April 14, 2026 | May 1, 2026[2] | 17 days |
| 5 | CDC's adoption of the ACIP's December 2025 Hepatitis B vaccine recommendation | April 14, 2026 | May 5, 2026 | 21 days |
| 6 | HHS's adoption of the ACIP's June 2025 thimerosal recommendation | April 14, 2026 | May 12, 2026 | 28 days |

ECF No. 295 at 2. The Court so ordered Defendants' proposed schedule. ECF No. 296.

---

[2] The Certification of Administrative Record for AR # 1 dated March 12, 2026, is attached as <u>Exhibit 1</u> to the Declaration of James J. Oh (the "Oh Declaration"). Plaintiffs reserve the right to challenge the completeness of this and any of the other ARs.

Defendants supported their unopposed Motion for Extension with "summaries of Defendants' diligent work on each AR . . . [that] the Court requested" in its January 22 Order. *See* ECF No. 295 at 3–6). Defendants reported that, as of March 23, 2026, they had made significant progress on collecting and reviewing electronically stored information ("ESI") for production as follows:

- AR #3 (Reconstitution of the ACIP): Defendants reported that "ESI searches began on December 22, 2025, and [they had] collected over 17,500 documents spanning over 96,100 pages." ECF No. 295 at 3. The review of those documents were "ongoing" as of March 23, and "Defendants expect to complete this work by April 17, 2026." *Id.* at 3–4.

- AR #4 (January 2026 Changes to the CDC Immunization Schedule): Defendants reported that "[i]n February and March 2026, agency attorneys began collecting records from [multiple offices] and other CDC subject matter experts. The agency began running ESI searches on March 2, 2026 . . . ***Defendants expect to finish compiling this AR by May 1, 2026.***" *Id.* at 4 (emphasis added).

- AR #5 (CDC's Adoption of the ACIP's December 2025 Hepatitis B Vaccine Recommendation): Defendants reported that "[p]romptly after the Court granted leave to file the Fourth Amended Complaint on February 13, 2026, agency attorneys began collecting records" from multiple offices in March 2026, "CDC attorneys also requested materials from" another office, and "ESI searches began on March 11, 2026. . . . Defendants expect to finish compiling this AR by May 5, 2026." *Id.* at 5.

- AR #6 (HHS's Adoption of the ACIP's June 2025 Thimerosal Recommendation): Defendants reported that "[p]romptly after the Court granted leave to file the Fourth Amended Complaint on February 13, 2026, agency attorneys began requesting records from" multiple offices, that "CDC attorneys also requested materials from" another office, and that ESI searches began on March 11, 2026. . . . Defendants expect to finish compiling this AR by May 12, 2026." *Id.* at 5–6.

The Defendants produced an administrative record on the CDC's adoption of the ACIP's September 2025 COVID-19 vaccine recommendation (AR # 2) on April 13.[3]

---

[3] The Certification of Administrative Record for AR # 2 dated April 13, 2026, is attached as Exhibit 2 to the Oh Declaration.

On the evening of April 17, the Defendants produced an administrative record on the reconstitution of the ACIP (AR #3).[4] The next day, counsel for Plaintiffs sent counsel for the Defendants a meet and confer email about AR # 3. Three days later, Defendants responded with the following encouraging message:

> Thank you for your patience, and apologies for the delay in responding. Defendants are actively considering all the issues raised in your emails, and there are ongoing discussions among several different government offices. James and I are working diligently to move these discussions forward and will ***send you a substantive response as soon as possible***.
>
> Although we're not in a position to have a meaningful discussion today, we're aiming to get back to you in the next day or two. Once we do so, ***we're hopeful that the parties can resolve many of the issues you raised amongst themselves***.[5]

(emphasis added). The next day, however, the Defendants' "substantive response" was:

> [T]omorrow, 4/23, Defendants intend to file a motion seeking to stay proceedings until the later of May 15, 2026 (the deadline to appeal the Court's preliminary relief order) or the resolution of any appeal taken by Defendants from the Court's preliminary relief order. The requested stay will promote judicial economy, conserve Court and party resources, and avoid the potential for inconsistent rulings because a decision on appeal could narrow the issues in dispute or provide guidance on how to resolve them. A stay of proceedings would not harm Plaintiffs because Defendants do not seek to stay the Court's preliminary relief order, and that order remains in full effect and continues to protect Plaintiffs against any irreparable harm.[6]

So much for the parties working out issues regarding the ARs amongst themselves.

Defendants predicated the Motion to Stay Proceedings on many "mays" and "ifs." Defendants speculated in the Motion to Stay Proceedings that they "may" appeal the Court's

---

[4] The Certification of Administrative Record for AR #3 dated April 17, 2026, is attached as <u>Exhibit 3</u> to the Oh Declaration.

[5] The email correspondence from Isaac C. Belfer to James J. Oh sent on Tuesday, April 21, 2026, at 5:50 p.m., is attached as <u>Exhibit 4</u> to the Oh Declaration.

[6] The email correspondence from Isaac C. Belfer to James J. Oh on Wednesday, April 22, 2026, at 9:05 p.m., is attached as <u>Exhibit 5</u> to the Oh Declaration.

March 16 Order and, therefore, there *may* be work that can be avoided in collecting and producing the remaining ARs. *See* ECF No. 304. The Defendants further claimed that the First Circuit *may* narrow the issues in dispute *if* the Defendants appeals and *if* "the parties start briefing cross-motions for summary judgment before Defendants' time to appeal has run," because "there is a significant *potential* for wasted time and resources." *Id.* at 1.

Six days after expressing uncertainty as to whether they would appeal, Defendants filed a Notice of Appeal at 7:14 p.m. EDT on Wednesday, April 29, two days before this brief was due. *See* ECF No. 306. AR # 4 is due today, May 1, per the Court's March 24 Order. *See* ECF No. 296. In an email from counsel for Defendants on April 30 at 5:21 p.m. CT, Defendants confirmed that they "will produce AR #4 tomorrow if the Court has not granted our motion to stay proceedings."[7]

## III.    DEFENDANTS HAVE FAILED TO SHOW GOOD CAUSE FOR A STAY

The law in this circuit is that "[a]n appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending." *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011) (citation omitted). Thus, "absent a stay, further proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending. To conduct a trial and grant or deny a permanent injunction based on that trial is standard practice." *Id.* (citations omitted) (holding that district court remained free to proceed toward permanent relief while preliminary-injunction appeal was pending).

Defendants have failed to demonstrate good cause for a stay. While they claim that a stay "avoids imposing *potentially* unnecessary burdens on Defendants," they offer only speculation to

---

[7] Email correspondence from Isaac Belfer to James J. Oh sent on Thursday, April 30, 2026, at 5:21 p.m., is attached as Exhibit 6 to the Oh Declaration.

7

support this assertion. ECF No. 304 at 1 (emphasis added). For example, Defendants claim that "agency employees *may* be diverted from other important responsibilities in furtherance of the public health," but they do not identify who would be diverted from what responsibilities on what public health efforts. *Id.* (emphasis added). Moreover, in their Motion for Extension to produce the administrative records, ECF No. 295, Defendants stated that "Defendants have added four contract attorneys and a staff attorney to this matter to expedite review," ECF No. 294 at 4, thus undermining their own claim that agency employees *may* be diverted from public health responsibilities.

Defendants also make the conclusory, speculative assertions that a stay "serves the interests of judicial economy" and that "a First Circuit decision on any appeal could narrow the issues in dispute and provide guidance on how to resolve any remaining issues." These are dubious propositions, given that the Court granted only preliminary stays, not injunctions, of the January 2026 memo revising the CDC's childhood immunization schedule, the appointments of thirteen ACIP members, and the votes taken by the now-stayed ACIP. The best Defendants can do at the First Circuit is a ruling that one or more of the stays were improvidently granted. The First Circuit cannot narrow—*i.e.*, dismiss—any of the claims, given the preliminary nature of the relief granted and the fact that no dispositive motions have been filed.[8] Moreover, a First Circuit decision in favor of the Defendants is unlikely to eliminate the obligation of Defendants to produce any of the remaining ARs.

Judicial economy will be better served by continuing with the proceedings before this Court while an appeal is pending. When Defendants moved for an extension of the deadlines to produce

---

[8] While Defendants assert that they may "appeal on jurisdictional grounds, "[a]s a general rule, we do not grant interlocutory appeals from a denial of a motion to dismiss." *Caraballo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005).

the ARs, Defendants reported substantial progress in compiling all of the ARs and that they "expect" to meet the deadlines in the Court's January 22 Order. ECF No. 182. That was more than a month ago, and, since then, Defendants have admittedly made progress, since Defendants represented that they will produce AR # 4 today if the Court does not grant a stay today. The deadlines for production of ARs ## 5 and 6 are near—May 5 and May 12. Defendants have not requested an extension of those deadlines, and the filing of the Motion to Stay Proceedings does not excuse Defendants from complying with those deadlines. If Defendants in fact prosecute an appeal, the efficient path forward for this case is to continue advancing the matter to a resolution on the merits, including by production of the ARs, while the First Circuit decides the appeal. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (explaining that docket-control stays require judgment that weighs competing interests and that a stay proponent must make a clear showing of hardship if there is a fair possibility of damage to another party); *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992) (cautioning that stays "cannot be cavalierly dispensed" and must be supported by good cause, reasonable in duration, and based on a balancing of competing equities); *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (recognizing a district court's discretion to manage proceedings and holding that a stay was premature where the record did not establish the need for postponement).[9]

---

[9] The Defendants' reliance on *Taunton Gardens Co. v. Hills* is misplaced. ECF No. 304 at 4. There, a stay was granted and affirmed because plaintiffs were members of a separate class action case, and a final judgment would be *res judicata* as to plaintiffs in that case. *Taunton Gardens Co. v. Hills*, 421 F.Supp. 524, 526 (D. Mass. 1976), *aff'd*, 557 557 F.2d 877, 878 (1st Cir. 1977).

## IV.    CONCLUSION

Defendants' Motion to Stay Proceedings should be denied.

Dated: May 1, 2026                                        Respectfully submitted,


By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
           kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
           gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
           rwanerman@ebglaw.com
           wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email: javila@ebglaw.com

10

Daniella R. Lee (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 1st day of May 2026:

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention

c/o Leah Belaire Foley, US Attorney
Michael L. Fitzgerald
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
michael.fitzgerald2@usdoj.gov

c/o Isaac Belfer
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044-0386
Isaac.C.Belfer@usdoj.gov

James W. Harlow
DOJ-Civ
Consumer Protection Branch
P.O Box 386
Washington, D.C. 20044
James.w.harlow@usdoj.gov

/s/ James J. Oh
James J. Oh

12