## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN ACADEMY OF PEDIATRICS, *et al.*,

    *Plaintiffs,*

    vs.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,

    *Defendants.*

Case No. 1:25-cv-11916 (BEM)

## PLANTIFFS' OPPOSITION TO MOVANTS'
## MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL

With their Motion for Stay of Preliminary Injunction Pending Appeal ("Motion to Stay"), Children's Health Defense ("CHD"), Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, and Dr. Kenneth Stoller (collectively, "Movants"), seek relief that they have no standing to seek. Accordingly, their Motion to Stay should be denied.

### PERTINENT FACTS

The Court is well aware of the procedural history, facts, and claims in this case. Accordingly, Plaintiffs do not repeat them here but instead recite facts pertinent only to Movants' Motion to Stay.

Five days after the first preliminary injunction hearing in this case on February 13, 2026, Movants filed an emergency motion to intervene. (ECF 249, 2/18/26). Both Plaintiffs *and Defendants* opposed the Movants' intervention. (ECF 267 and 268). The Court denied Movants' request to intervene but stated that Movants were "welcome to file a brief as amicus curiae." (ECF

271, 2/27/26). Movants subsequently filed an amicus brief opposing Plaintiffs' request for injunctive relief. (ECF 281, 3/9/26).

In an Order dated March 16, 2026, the Court granted in part Plaintiffs' Motion for Preliminary Injunction (ECF 181, 182), staying "(i) the January 2026 Memo revising the CDC's childhood immunization schedule"; "(ii) the appointments of thirteen ACIP members"; and "(iii) all votes taken by the now-stayed ACIP." (ECF 291) ("March 16 Order"). In the March 16 Order, the Court expressly addressed issues raised in Movants' *amicus* brief:

> Amici Children's Health Defense raises concerns about the safety of many of the vaccinations at issue. *See generally* Dkt. 281. While the vaccinations may pose some health risk to some individuals, Children's Health Defense's proffered evidence does not demonstrate that the risks outweigh the broader benefits of the vaccines. On the record currently before the Court, the Court finds Plaintiffs' and the other amici's evidence more compelling on the public health risks.

(ECF 291 at 41, n. 75).

Although Movants' attempt to intervene and become parties to this case was denied, Movants nonetheless filed a Notice of Appeal purporting to appeal from both the Intervention Order and the March 16 Order. (ECF 297, 3/25/26). They then filed "Appellants' Emergency Motion Under FRAP 8(a)(2)(A)(ii), For Relief Pending Appeal" with the First Circuit on April 4, 2026,[1] which the First Circuit summarily denied, noting that "such a motion should be filed in the district court in the first instance. Accordingly, the motion is <u>denied</u>, without prejudice to movants-appellants' pursuit of relief in the district court in the first instance."[2]

This motion followed. Movants assert that the March 16 Order should be stayed because "the Secretary filed a renewed ACIP charter pursuant to the mandatory biennial renewal provision of FACA, 5 U.S.C. § 1013(d)." (ECF 303, p.1). Movants assert in their motion that the "factual

---

[1] This motion is attached to the Declaration of James J. Oh as Exhibit 1.
[2] The First Circuit's April 9 Order is attached to the Oh Declaration as Exhibit 2.

predicate for this Court's FACA analysis at least in part no longer exists. No party has presented this changed circumstance to this Court." (*Id*., p. 2).

**MOVANTS HAVE NO STANDING TO SEEK A STAY OF THE MARCH 16 ORDER**

One sentence in Movants' Motion to Stay compels the denial of this motion. On page 9, Movants admit that they "***are not parties to this action.***" (Emphasis added).

The Supreme Court has established that "an amicus curiae is not a 'party' to the case" for purposes of seeking review of a district court or appellate court decision. *International Union, United Auto., Aerospace and Agr. Implement Workers of America AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 209 (1965). District courts have discretion in determining the scope of amicus participation. Traditional amicus status typically permits filing memoranda and briefs on motions, participating in oral arguments on dispositive motions, and receiving notice and service of documents. *Alliance of Automobile Mfrs. v. Gwadowsky*, 297 F.Supp.2d 305, 308 (D. Maine 2003). Courts have denied requests for expanded "amicus curiae plus" status that would allow amici to do such things as call witnesses, cross-examine witnesses, or conduct discovery, finding such participation would "seriously compromise judicial efficiency." *Verizon New England v. Maine Public Utilities Commission*, 229 F.R.D. 335, 338 (D. Maine 2005).

The law in this Circuit is well-established that amici cannot raise arguments for the first time that the parties have not raised. Because amici are not parties, the "customary praxis in this circuit is to eschew arguments raised only by amici and not by the parties." *Ryan v. U.S. Immigration and Customs Enforcement*, 974 F.3d 9, 33 n. 10 (1st Cir. 2020); *Upper Blackstone Water Pollution Abatement District v. EPA,* 690 F.3d 9, 29 n.25 (1st Cir. 2012) *cert. denied* 569 U.S. 972 (2013) ("amicus is not a party and we do not engage those arguments"); *In re Sony BMG Music Ent*., 564 F.3d 1, 3 (1st Cir. 2009) *cert. denied sub nom Tenenbaum v. Sony BMG Music Ent.*, 558 U.S. 933 (2009) ("We ordinarily do not entertain arguments raised by amici and not by

3

parties" unless the issue relates to subject-matter jurisdiction); *Lane v. First Nat'l Bank of Bos.*, 871 F.2d 166, 175 (1st Cir. 1989) ("We know of no authority which allows an amicus to interject into a case issues which the litigants, whatever their reasons might be, have chosen to ignore.").

Here, Plaintiffs, to be sure, have no intention of ignoring the new ACIP Charter, since it appears to be an attempt by Defendants to do an end-run around the Court's March 16 Order granting preliminary relief. Plaintiffs will address the new Charter at an appropriate time and reserve the right to do so. However, simply because Plaintiffs have yet to challenge the new Charter, or Defendants have not sought a stay of the March 16 Order, does not mean Movants can interject and litigate the new Charter into this case as grounds for a stay. It is not their place.[3]

## CONCLUSION

The Motion to Stay should be denied.

Dated: May 4, 2026                                    Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
        kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com

---

[3] Because Movants do not have standing to seek a stay of the March 16 Order, there is no need to address the test for a stay pending an appeal set forth in *Nken v. Holder,* 556 U.S. 418, 427 (2009).

gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
          rwanerman@ebglaw.com
          wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (*pro hac vice* pending)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 4th day of May 2026:

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention

c/o Leah Belaire Foley, US Attorney
Michael L. Fitzgerald
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
michael.fitzgerald2@usdoj.gov

c/o Isaac Belfer
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044-0386
Isaac.C.Belfer@usdoj.gov

James W. Harlow
DOJ-Civ
Consumer Protection Branch
P.O Box 386
Washington, D.C. 20044
James.w.harlow@usdoj.gov

*/s/ James J. Oh*
James J. Oh

6