**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., *et al.*, <br><br> Defendants. | Case No. 1:25-cv-11916-BEM |

**[Proposed] Stipulated Protective Order**

This Stipulated Protective Order ("Protective Order" or "Order") is agreed to this 29th day of May, 2026, by the parties in the above-captioned case.  The parties agree, and the Court orders, as follows:

1.   For purposes of the Protective Order, the term "Confidential Information" means:

a.   any and all trade secrets, commercial, technical, manufacturing, financial, or other information that is not publicly known or able to be derived from public sources, and which is reasonably claimed as confidential information by (i) the parties, their affiliates or consultants; and/or (ii) non-parties, their affiliates and consultants,

b.   personally identifiable information; protected health information; documents relating to a person's past, present, or potential future employment; and information otherwise protected by the Privacy Act, 5 U.S.C. § 552a,

c.   protected health information within the meaning of the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See* 45 C.F.R. § 160.103

2

(defining protected health information),

      d.     personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2,

      e.     information subject to an obligation of confidentiality under agreements with non-parties, or

      f.     any other data or information that is confidential pursuant to any other applicable federal and state laws, regulations, or requirements that Defendants identify to Plaintiffs

in the administrative records in the above-captioned case.

2.     Defendants have a statutory or regulatory obligation to protect Confidential Information, and nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

3.     Documents that are part of the administrative records may be provided to Plaintiffs' outside counsel and the other individuals identified in paragraph 5 with Confidential Information unredacted. Such documents will be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on every page, and Plaintiffs' outside counsel and the other individuals identified in paragraph 5 shall treat the Confidential Information contained in such documents as confidential, subject to the procedures for filing documents with the Court provided in paragraph 4 and to the procedures for removing a confidential designation of particular documents provided in paragraph 6.

4.     No Confidential Information may be disclosed on the public court docket.

      a.     If, in advance of a court filing, the parties agree upon the redaction of

3

Confidential Information from a document, the parties may file the redacted version of the document on the public docket.

b.      Documents containing Confidential Information may be submitted to the Court under seal in accordance with the Court's Local Rules and procedures.  Counsel for the filing parties shall be responsible for serving a copy of all sealed documents on counsel for the non-filing parties. The parties shall then confer about whether it is reasonably feasible and not unduly burdensome to redact the Confidential Information contained in the documents filed under seal. To the extent such redactions are reasonably feasible and not unduly burdensome, the filing parties shall file on the public docket versions of the documents that redact any Confidential Information.

5.      Confidential Information shall not be used by counsel for any purpose other than the prosecution of this action.  Confidential Information will not be furnished, shown, or disclosed to any person except:

a.      U.S. Department of Health and Human Services employees, agents, attorneys, or contractors;

b.      U.S. Department of Justice attorneys assigned to this case, as well as those attorneys' supervisor(s) and supporting personnel, including paralegals, IT personnel, and secretarial and clerical personnel;

c.      Attorneys at the law firms for counsel of record in this action, as well as their supporting personnel and contract vendors, including but not limited to paralegals, clerks, secretaries, IT personnel, copy vendors, and clerical personnel;

d.      Judges, Magistrate Judges, law clerks, and clerical personnel of the

4

Court before which this action is pending or qualified court reporters;

e.        Any other person authorized to receive Confidential Information by order of the Court or by written agreement of the parties; and

f.        Up to thirty-five (35) total employees of the organizational plaintiffs, provided that

i.   Such designated individuals shall not use any information disclosed under this Protective Order for any purposes other than this litigation; and

ii.   Any party may, on an information-by-information basis, self-authorize without restriction the disclosure to its own personnel or agents portions of the administrative records that are confidential solely because they contain that party's confidential information.

Except as provided in this paragraph, under no circumstances may the Confidential Information be made available to any other person or entity without a specific court order or upon written agreement of the parties.  Nothing herein shall be deemed to restrict any party or their counsel with respect to their own documents and information and/or the documents and information of their respective affiliates.

6.        In the event that Plaintiffs oppose a confidential designation of a particular document or documents within the administrative records, Defendants will review the confidential designation and, within five business days, remove the designation, remove the designation subject to the redaction of specific information within the document(s), or stand on the designation. The parties shall attempt to informally resolve any disputes over whether information is Confidential Information.  If the parties are unable to informally resolve all disputes regarding a confidential designation or the scope of the information that must be

redacted in order to remove a confidential designation, Plaintiffs may seek intervention by the Court within five business days after meet-and-confer efforts have been exhausted on all disputed documents to determine whether such documents or information are entitled to protection.  The information shall be treated as confidential pending a ruling by the Court.

7.  Before disclosing Confidential Information to any persons identified in paragraphs 5(e) or 5(f) above, counsel shall require such persons to read a copy of the Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit 1, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; (c) agrees to submit to the Court's jurisdiction, for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and documents designated as Confidential Information have been destroyed pursuant to paragraph 11 below.  Counsel shall be responsible for providing a copy of this Order to all persons entitled to access Confidential Information under paragraphs 5(e) or 5(f), and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.

8.  This Order applies to Confidential Information belonging to non-parties, and nothing herein shall be construed as prohibiting a non-party from seeking additional protections. If Defendants are required to produce a non-party's confidential information and are subject to an agreement with the non-party not to produce that information, then Defendants shall:

a.  Promptly notify Plaintiffs and the non-party in writing that information required to be produced in this litigation is subject to a confidentiality agreement

6

with a non-party;

    b.    Promptly provide the non-party with a copy of this Stipulated Protective Order and a reasonably specific description of the information required to be produced; and

    c.    Make such information available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, Defendants may produce the non-party's confidential information in this litigation. If the non-party timely seeks a protective order, Defendants shall not produce any information in their possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

9.    The inadvertent or unintended disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Information. Defendants may notify Plaintiffs that Confidential Information was inadvertently disclosed without first being marked as Confidential Information as described in Paragraph 3. Upon receipt of such notice, Plaintiffs shall immediately treat documents containing such information as if they had been properly designated as Confidential Information. Defendants shall produce versions of those documents that are marked as Confidential Information as described in Paragraph 3, and within five business days of such production, Plaintiffs shall destroy the versions of those documents inadvertently produced without that marking.

10.    Confidential Information may be offered at any court proceeding, provided that the proponent advises opposing counsel and the Court before revealing the information so that

appropriate measures may be taken to secure the courtroom.  Any party may move the Court for an order that the information be received in camera or under other conditions to prevent unauthorized disclosure.

11.    Within 60 days after the final conclusion of all aspects of this litigation, Plaintiffs' counsel shall destroy documents in their possession designated as Confidential Information.  Plaintiffs' counsel  shall make certification of compliance herewith and shall deliver the same to Defendants not more than 60 days after final termination of this litigation. Plaintiffs' counsel, including any person who obtained access to Confidential Information pursuant to this Order, shall be barred from disclosing such information thereafter. Notwithstanding the above, Plaintiffs' counsel may retain archival copies of all confidential pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, the administrative records, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product.  The terms of this Protective Order shall continue to apply to any such retained information.

12.    Nothing in this Order shall prevent or otherwise restrict Plaintiffs' counsel from rendering advice to their clients, and, in the course thereof, relying generally on analysis performed based on any Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such clients, Plaintiffs' counsel shall not disclose the Confidential Information except as permitted under paragraph 5.  For the avoidance of doubt, no party shall seek to disqualify any attorney or law firm or any individual identified in paragraph 5 from representing their clients in any proceeding or with respect to any matter on the ground that such attorney, law firm, or individual identified in paragraph 5 received Confidential Information subject to this Protective Order.

13.     The production or filing of Confidential Information in accordance with this Protective Order constitutes the disclosure of protected information pursuant to a court order under the Privacy Act and HIPAA. *See, e.g.*, 5 U.S.C. § 552a(b)(12). Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

14.     The provisions of this Protective Order shall take effect immediately.

15.     This Protective Order shall govern all proceedings in this action.

16.     This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

17.     The provisions of this Protective Order may be modified at any time by the Court, upon its own motion or the motion of any party.

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.  The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.


Respectfully submitted,                          Respectfully submitted,


By: */s/ Isaac C. Belfer*                         By: */s/ James J. Oh*
Isaac C. Belfer (D.C. Bar No. 1014909)            James J. Oh (admitted *pro hac vice*)
Trial Attorney                                    Kathleen Barrett (admitted *pro hac vice*)
Federal Programs Branch                           EPSTEIN BECKER & GREEN, P.C.
Civil Division                                    227 W. Monroe Street, Suite 4500
U.S. Department of Justice                        Chicago, IL 60606
1100 L Street, NW                                 Tel:    312.499.1400
Washington, DC 20005                              Fax:    312.845.1998
(202) 305-7134                                    Email: joh@ebglaw.com


9

(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Attorney for Defendants*

Dated: May 29, 2026

kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
         gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
         sgerson@ebglaw.com
         rwanerman@ebglaw.com
         wwalters@ebglaw.com

Daniella R. Lee (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

*Attorneys for Plaintiffs*

SO ORDERED.


Dated: _____        _____
                                      Brian E. Murphy
                                      Judge, United States District Court

10