**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, AMERICAN COLLEGE OF PHYSICIANS, INC., AMERICAN PUBLIC HEALTH ASSOCIATION, INFECTIOUS DISEASES SOCIETY OF AMERICA, MASSACHUSETTS PUBLIC HEALTH ASSOCIATION D/B/A MASSACHUSETTS PUBLIC HEALTH ALLIANCE, SOCIETY FOR MATERNAL-FETAL MEDICINE, THE MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, JANE DOE 1, JANE DOE 2, and JANE DOE 3,<br><br>*Plaintiffs,*<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JIM O'NEILL, in his official capacity as Acting Director of Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; and DOES 1–50, inclusive,<br><br>*Defendants.* | Case No. 1:25-cv-11916-BEM<br><br>**STATUS REPORT** |

Pursuant to the Court's Order of June 1, 2026 (ECF 321), the parties submit the following Status Report regarding the six Administrative Records ("ARs") in this case and a renewed motion to stay proceedings that Defendants intend to file.

**<u>Plaintiffs' Report</u>**

Defendants made a staggered production of the six ARs in this case, with the last of the six ARs produced in an initial round on May 12, 2026. Defendants represented in a Certification of

Administrative Record for AR # 1 (May 27, 2025, Secretarial Directive on Pediatric Covid Vaccines), # 2 (the CDC's decision to adopt the September 19, 2025, ACIP recommendation on the Covid vaccine), and # 6 (the ACIP's June 26, 2026, recommendation on thimerosal in seasonal flu vaccines) that these ARs were a "true, correct, and **complete** copy of the non-privileged information that was directly or indirectly considered" with regard to each challenged action. (Emphasis added).

With regard AR # 3 (ACIP reconstitution), #4 (CDC's adoption of revised Childhood and Adolescent Immunization Schedule), and #5 (CDC's decision to adopt the ACIP's December 5, 2025 recommendation for Hepatitis B immunization), the Certification of Administrative record stated that "[t]his **partial** record does not include documents that contain confidential information." (Emphasis added).

The parties thereafter negotiated a protective order, and on June 1, 2026, the Court granted the parties' motion to enter a Stipulated Protective Order. (ECF 320). Thereafter, on June 8, 2026, Defendants produced a Supplemental Administrative Record on ARs ## 3, 4, and 5. Noticeably absent from the Certification of Supplemental Administrative Record for these three ARs was the word "complete." Instead, each Certification of Supplemental Administrative Record for ARs ## 3, 4, and 5 stated: "I hereby certify that the documents listed on the attached Revised Administrative Record Index, which include the partial administrative record certified on [date], are to the best of my knowledge a true and correct copy of the non-privileged information that was directly or indirectly considered in connection with [challenged action]."

Accordingly, on June 19, 2026, counsel for Plaintiffs sent the email attached as Exhibit A to counsel for Defendants asking to meet and confer on two things: first, why the government did not state in the Certifications of Supplemental Administrative Record for ARs 3-5 that those ARs

2

were "complete;" and, second, why documents in the supplemental productions were stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Plaintiffs' position on these issues are stated in Exhibit A.

Plaintiffs previously identified other issues with the ARs produced in email correspondence. (*See* Exhibit B, May 26, 2026, email from Plaintiffs' counsel to Defendants' counsel). The main issue identified in the May 26 email was whether certain records, if they exist, properly are considered part of the administrative record. For example, as the Court knows, the Secretary announced the firing of ACIP members in a June 9, 2025, Wall Street Journal Commentary due to the ACIP allegedly having "persistent conflicts of interest." (*See* ECF 245, Fourth Amended Complaint, ¶¶ 72-76). In a meet and confer call on May 21, 2026, defense counsel took the position that Office of Government Ethics 450 forms for the individuals whom the Secretary appointed to the ACIP, if any, were not properly considered part of AR # 3.  (*See* Exhibit B). Plaintiffs disagree with Defendants' position for the reasons stated in Exhibit B.

Counsel for Defendants responded by email on June 23 (attached as Exhibit C) to Plaintiffs' June 19 email stating that Defendants would respond within five business days pursuant to the procedure set forth in paragraph 6 of the Stipulated Protective Order (ECF 320), which states:

> Defendants will review the confidential designation and, within five business days, remove the designation … or stand on the designation. The parties shall attempt to informally resolve any disputes over whether information is Confidential Information. If the parties are unable to informally resolve all disputes … Plaintiffs may seek intervention by the Court within five business days after meet-and-confer efforts have been exhausted on all disputed documents …

Pursuant to this procedure, Defendants' response on the confidential designations is due on June 26. Due to counsel for Plaintiffs having a multi-day hearing next week (on June 30, July 1, and

possibly July 2) and the upcoming holiday weekend, the parties have scheduled a meet and confer session on July 6.

Defense counsel also represented in their June 23 email that "AR ## 3, 4 and 5 are complete." (Exhibit C). Plaintiffs' counsel requested that Defendants serve an Amended Certification of Supplemental Administrative Record that states that ARs ## 3, 4, and 5 are "complete."

Plaintiffs propose that the parties file another status report on Friday, July 10, that will set forth a briefing schedule on any motion regarding the ARs.

**<u>Defendants' Report</u>**

Defendants agree that they will respond to the confidentiality issues Plaintiffs raised on June 19, 2026, by June 26, 2026, pursuant to paragraph 6 of the Stipulated Protective Order, ECF No. 320. Defendants further agree that the parties will meet and confer on July 6, 2026, and file a joint status report on July 10, 2026. Although the parties have exchanged emails about other administrative record issues, the meet-and-confer process has not yet been exhausted as to any of those issues.

As Plaintiffs note, Defendants confirmed in writing that AR # 3, 4, and 5 are complete. Defendants agree to execute new certifications stating that those ARs are complete.

In light of several recent developments in the appeal of this Court's preliminary relief order, Defendants intend to file a renewed motion to stay proceedings in this case, at least as to Count II (challenging the ACIP reconstitution under the Federal Advisory Committee Act of 1972), until the appeal of this Court's preliminary relief order is resolved. Plaintiffs oppose that motion. The parties have agreed on the following briefing schedule: Defendants' motion due July 7 and Plaintiffs' opposition due July 21.

4

Although this Court previously declined to stay proceedings pending appeal, ECF No. 311, recent developments in the appeal warrant a stay. First, on June 12, 2026, Defendants moved to expedite the appeal, arguing that its resolution could narrow the case or at least clarify the applicable standard and the scope of the issues in further district court proceedings. Mot. to Expedite Appeal and for Expedited Briefing Schedule, at 5–7, *Am. Acad. of Pediatrics v. Kennedy,* No. 26-1503 (1st Cir. June 12, 2026). On June 16, 2026, the First Circuit granted expedition—over Plaintiffs' objection—and directed Defendants to file their opening brief by June 17, 2026, Plaintiffs to file their response brief by July 16, 2026, and Defendants to file their reply brief within 11 days following service of Plaintiffs' response brief. Order of Court, *Am. Acad. of Pediatrics,* No. 26-1503 (1st Cir. June 16, 2026). The First Circuit's order stated that "[o]ral argument, to the extent deemed necessary, will be scheduled as soon as practicable after the completion of briefing, and this matter will be resolved without undue delay." *Id.* Second, on June 17, 2026, Defendants filed their opening brief, which challenges only the preliminary relief on Count II. Defendants' opening brief explains that Plaintiffs lack standing to challenge the ACIP appointments; the ACIP appointments are not final agency action reviewable under the APA; the wrong standard was applied in reviewing the ACIP appointments; and the preliminary relief was improper.

As Defendants will explain in their motion, the requested stay is supported by good cause because it will further judicial economy, have a reasonable duration, and not harm Plaintiffs. *See Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154–55 (1st Cir. 1992); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And the notice of appeal divested this Court of control over the aspect of the case on appeal with respect to Count II, while the balance remains within its jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

A stay would promote judicial economy because, if the First Circuit agrees with Defendants regarding Count II, there will be no need for the parties to brief or the Court to decide administrative record disputes or summary judgment motions regarding the ACIP reconstitution. Even if the First Circuit does not order Count II dismissed, its decision could inform the standard this Court applies in reviewing Count II. Moreover, the ACIP reconstitution claim overlaps with Plaintiffs' other claims. *See, e.g.*, ECF No. 291 at 43–45 (staying ACIP votes on the grounds that the ACIP was improperly constituted). A stay would also have a reasonable duration because appellate briefing will be completed next month, and any oral argument "will be scheduled as soon as practicable" thereafter. Order of Court, *Am. Acad. of Pediatrics,* No. 26-1503 (1st Cir. June 16, 2026).

Finally, a stay would not harm Plaintiffs (or the public) because the Court's preliminary relief order remains in full effect. *See* ECF No. 291 at 45. Plaintiffs opposed Defendants' request to expedite the appeal, confirming they face no irreparable harm while this Court's preliminary relief is in place. Indeed, Plaintiffs' positions appear to shift with the forum. Opposing a stay here, they urged that "this case must reach an adjudication of the merits as soon as possible" and called Defendants' conduct "delay tactics." ECF No. 309, at 1. Opposing expedition on appeal, they urged that "ordinary appellate review is fully adequate" and that the questions "will remain justiciable" in the ordinary course. Plaintiffs-Appellees' Opp. to Appellants' Mot. to Expedite Appeal and for Expedited Briefing Schedule, at 5, 11, *Am. Acad. of Pediatrics,* No. 26-1503 (1st Cir. June 15, 2026). And a stay may avoid irreversible harm to non-parties: Plaintiffs press for public disclosure of non-party materials protected by the Privacy Act, *see* 5 U.S.C. § 552a, relating to a claim that may be resolved on appeal.

Respectfully submitted,

By: */s/ Isaac C. Belfer*
Isaac C. Belfer (D.C. Bar No. 1014909)
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
(202) 305-7134
(202) 514-8742 (fax)
Isaac.C.Belfer@usdoj.gov

*Attorney for Defendants*

Dated:  June 24, 2026

Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
         kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
         gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
         sgerson@ebglaw.com
         rwanerman@ebglaw.com
         wwalters@ebglaw.com

Daniella R. Lee (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

7

8

*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent via

electronic mail to the registered participants as identified on the Notice of Electronic Filing.


June 24, 2026                    */s/ Isaac C. Belfer*
                                 Isaac C. Belfer