**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*, <br><br>      *Plaintiffs,* <br><br>      v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*, <br><br>      *Defendants.* | Case No. 1:25-cv-11916 (BEM) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO IMPOUND**

**I.    INTRODUCTION**

Plaintiffs seek a limited order allowing the unredacted eight identified AR 3 exhibits in the Oh Declaration to be filed under seal after the Court rules on this motion. Defendants designated the underlying exhibits confidential, and the Court's Protective Order prohibits Confidential Information from appearing on the public docket. The exhibits contain nonpublic communications about identifiable persons' nomination, evaluation, and potential appointment to ACIP, and paragraphs 7 through 14 of the Oh Declaration identify those communications and their correspondents. The request is confined to the unredacted Oh Declaration and Exhibits 5 through 12 and does not extend to Plaintiffs' underlying motion, Exhibits 1 through 4 or 13 through 17, or any future filing.

The requested procedure also preserves the possibility of greater public access. Once the Court permits submission of the unredacted Oh Declaration and exhibits, Plaintiffs will serve Defendants and the parties will confer, as the Protective Order requires, about feasible redactions.

Any reasonably feasible public redacted versions will then be filed. Until that process occurs, however, unilateral redactions would risk disclosing the very information the Court ordered the parties to protect. Impoundment until further order is therefore warranted, subject to modification when the parties' redaction process or other changed circumstances permit disclosure.

## II.     BACKGROUND

### A.  The Protective Order

On June 1, 2026, the Court entered the parties' Stipulated Protective Order. ECF No. 320. Paragraph 1(b) defines "Confidential Information" to include "personally identifiable information; protected health information; documents relating to a person's past, present, or potential future employment; and information otherwise protected by the Privacy Act, 5 U.S.C. § 552a." *Id.* ¶ 1(b). Paragraph 3 governs administrative record documents marked confidential and provides:

> Documents that are part of the administrative records may be provided to Plaintiffs' outside counsel and the other individuals identified in paragraph 5 with Confidential Information unredacted. Such documents will be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on every page, and Plaintiffs' outside counsel and the other individuals identified in paragraph 5 shall treat the Confidential Information contained in such documents as confidential, subject to the procedures for filing documents with the Court provided in paragraph 4 and to the procedures for removing a confidential designation of particular documents provided in paragraph 6.

*Id.* ¶ 3.

Paragraph 4 then states:

> No Confidential Information may be disclosed on the public court docket.
>
> a.      If, in advance of a court filing, the parties agree upon the redaction of Confidential Information from a document, the parties may file the redacted version of the document on the public docket.
>
> b.      Documents containing Confidential Information may be submitted to the Court under seal in accordance with the Court's Local Rules and procedures. Counsel for the filing parties shall be responsible for serving a copy of all sealed documents on counsel for the non-filing parties. The

2

parties shall then confer about whether it is reasonably feasible and not unduly burdensome to redact the Confidential Information contained in the documents filed under seal. To the extent such redactions are reasonably feasible and not unduly burdensome, the filing parties shall file on the public docket versions of the documents that redact any Confidential Information.

*Id*. ¶ 4(a)–(b).

## B.  The Oh Declaration and Specific Exhibits

Defendants withheld documents they deemed confidential from AR 3 until after entry of the Protective Order and later produced them marked confidential. Plaintiffs now rely on eight of those documents in support of their motion to complete the administrative records. Paragraphs 7 through 14 of the Oh Declaration identify each exhibit, its Bates range, and the correspondents whose nonpublic communications are at issue. Oh Decl. ¶¶ 7–14. Because those descriptions themselves disclose identifying information contained in the confidential materials, Plaintiffs seek to submit the unredacted Oh Declaration under seal in addition to the following exhibits attached thereto:

- Exhibit 5 is correspondence concerning ACIP nominations, HHS_AAP 015991. *See* Oh Decl. ¶ 7;

- Exhibit 6 is correspondence concerning the ACIP membership-selection process, HHS_AAP 016028–016029. *See* Oh Decl. ¶ 8;

- Exhibit 7 is correspondence concerning the ACIP membership-selection process, HHS_AAP 015578–015583. *See* Oh Decl. ¶ 9;

- Exhibit 8 is correspondence concerning the ACIP membership-selection process, HHS_AAP 015557. *See* Oh Decl. ¶ 10;

- Exhibit 9 is correspondence concerning the ACIP membership-selection process, HHS_AAP 015587. *See* Oh Decl. ¶ 11;

- Exhibit 10 is correspondence concerning the ACIP membership-selection process, HHS_AAP 015684. *See* Oh Decl. ¶ 12;

- Exhibit 11 is correspondence concerning potential ACIP candidates and related FACA analysis, HHS_AAP 015777–015778. *See* Oh Decl. ¶ 13;

- Exhibit 12 is correspondence concerning the vetting of a potential ACIP candidate, HHS_AAP 016036–016037. *See* Oh Decl. ¶ 14.

## III.    ARGUMENT

### A.  The Court May Impound Judicial Records to Protect Substantial Privacy Interests.

The common law right of access to judicial records is not absolute. A court may restrict access when countervailing interests outweigh the public interest in disclosure. *United States v. Kravetz*, 706 F.3d 47, 59–62 (1st Cir. 2013); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410–12 (1st Cir. 1987). In conducting that inquiry, the Court considers the nature of the information, the harm likely to result from disclosure, and whether the requested restriction is appropriately tailored. *Kravetz*, 706 F.3d at 59–61.

Local Rule 7.2 provides the procedure for obtaining that relief. The motion must identify the materials to be impounded and the proposed duration of impoundment, and the Court must rule before the protected materials are submitted. L.R. 7.2(a)–(c). The requested order also must be confined to specifically identified materials rather than unspecified future filings. L.R. 7.2(d). As explained below, Plaintiffs' request satisfies those requirements: it protects identified nonparty privacy interests, is limited to the unredacted Oh Declaration and Exhibits 5 through 12, and preserves the opportunity for public filing of reasonably feasible redacted versions.

### B.  The Oh Declaration and Exhibits 5–12 Contain Nonpublic Information Concerning Identifiable Nonparties.

Exhibits 5 through 12 contain nonpublic communications concerning individuals considered for potential appointment to or service on ACIP. Exhibits 5, 11, and 12 concern nominations, prospective candidates, and candidate vetting. Exhibits 6 through 10 concern the individuals and process involved in identifying or evaluating potential ACIP members. Paragraphs 7 through 14 of the Oh Declaration identify those documents, their correspondents, and their Bates

ranges. The declaration therefore discloses some of the same identifying information that appears in the exhibits.

Public disclosure would reveal that particular nonparties were proposed, considered, or evaluated for federal service, together with internal communications concerning those individuals. Disclosure outside the context in which that information was provided could invade the individuals' privacy and cause professional or reputational harm. Those concerns are specific to the contents of the Oh Declaration and Exhibits 5 through 12 and are consistent with the category of Confidential Information identified in paragraph 1(b) of the Protective Order. ECF No. 320 ¶ 1(b).

The Protective Order provides that documents containing Confidential Information may be submitted under seal and served on the opposing party, after which the parties must confer concerning reasonably feasible redactions and the filing of public redacted versions. *Id.* ¶ 4(b). That procedure is appropriate here. The identifying and evaluative information appears throughout the short communications and in the Oh Declaration's descriptions of them. Filing the materials publicly before the parties complete the required redaction process would defeat the protection that process is intended to provide.

## C.  The Requested Impoundment is Limited in Scope and Duration.

Plaintiffs seek to impound only the unredacted Oh Declaration and Exhibits 5 through 12. Plaintiffs will file the nonconfidential materials publicly and, after conferring with Defendants as required by paragraph 4(b) of the Protective Order, will file public redacted versions of the Oh Declaration and Exhibits 5 through 12 to the extent reasonably feasible.

Good cause supports impoundment until further order of the Court. The affected privacy and professional interests have no readily ascertainable expiration date, while the parties' redaction

process may permit earlier public disclosure of portions of the materials. An until-further-order provision will protect the information presently at issue without foreclosing a later request to modify the restriction.

Consistent with Local Rule 7.2(c), Plaintiffs have not submitted the protected materials with this motion. If the Court grants the motion, Plaintiffs will submit the unredacted Oh Declaration and Exhibits 5 through 12 under seal, serve Defendants, and follow the Protective Order's procedure for preparing and filing any reasonably feasible public redacted versions.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion and enter the proposed order authorizing the Oh Declaration, Exhibits 5 through 12 attached thereto—and only those materials—to be filed under seal and impounded until further order of the Court.

Dated: July 17, 2026

Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
          kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
          gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)

Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
            rwanerman@ebglaw.com
            wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (*pro hac vice* pending)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 17th day of July 2026:

| | |
|---|---|
| Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services | Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention |

| | |
|---|---|
| c/o Leah Belaire Foley, US Attorney<br>Michael L. Fitzgerald<br>Office of the US Attorney for the District of Massachusetts<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>michael.fitzgerald2@usdoj.gov | c/o Isaac Belfer<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044-0386<br>Isaac.C.Belfer@usdoj.gov |

| | |
|---|---|
| James W. Harlow<br>DOJ-Civ<br>Consumer Protection Branch<br>P.O Box 386<br>Washington, D.C. 20044<br>James.w.harlow@usdoj.gov | Kyle Diamantas, in his official capacity as Acting Commissioner of the Food and Drug Administration |

*/s/ James J. Oh*
James J. Oh

8