# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>       *Plaintiffs,*<br><br>       v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,<br><br>       *Defendants.* | Case No. 1:25-cv-11916 (BEM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STAY PROCEEDINGS PENDING APPEAL AND TO POSTPONE RECORD DISPUTE**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION..........................................................................................................1

II.  BACKGROUND FACTS.............................................................................................2

   A.  First Motion to Stay Proceedings ...........................................................................2

   B.  Renewed Motion to Stay...........................................................................................3

III.  ARGUMENT ...............................................................................................................4

   A.  The Applicable Legal Standard.................................................................................4

   B.  For the Second Time, Defendants Fail To Establish Good Cause to
       Justify A Stay of Proceedings. ...............................................................................4

       1.  The Slight Change in Circumstances Would Not Lead to
           Greater Efficiencies in these Proceedings.......................................................4

       2.  The Equities and Public Interest Favor Continuing These
           Proceedings While the Appeal is Pending. .....................................................7

IV.  CONCLUSION .............................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Contour Design, Inc. v. Chance Mold Steel Co.*,
    649 F.3d 31 (1st Cir. 2011)..................................................................................................4, 6

*Department of Commerce, et al. v. New York, et al.*,
    588 U.S. 752 (2019) ..............................................................................................................7

*Marquis v. F.D.I.C.*,
    965 F.2d 11248 (1st Cir. 1992)..............................................................................................4

*Oregon v. Azar*,
    2019 WL 9045195 (D. Or. Sept. 17, 2019) ..........................................................................6

*San Luis Obispo Coastkeeper v. County of San Luis Osbispo*,
    2025 WL 2092809 (C.D. Cal. June 18, 2025) ...................................................................5, 6

**Statutes**

Administrative Procedure Act ...........................................................................................................1

Federal Advisory Committee Act ..................................................................................................1, 5

## I.    INTRODUCTION

A stay of proceedings in this Court at this point in time makes little sense if an "orderly and prompt resolution of this case" is really Defendants' goal. (*See* ECF 325 at p. 2). Their appeal to the First Circuit is only of this Court's stay of the Secretary's ACIP appointments, both sides already have filed their principal briefs in the First Circuit, Defendants' reply brief is due in the First Circuit on July 27, and, in granting Defendants' motion to expedite the appeal, the First Circuit stated that the appeal "will" be decided expeditiously. Thus, a decision on the appeal appears likely in August. In the meantime, after staggered and much-delayed initial productions of the six administrative records ("ARs") in this case, and after the parties exhausted a long, drawn-out meet and confer process on the completeness of the six ARs, Plaintiffs filed a Motion to Complete the Administrative Records on July 17. (*See* ECF 328). Defendants' response to that motion is due August 14, and a hearing on the motion to complete the records is scheduled for August 18. By that time, the appeal may have been decided. Under these circumstances, in the interest of an "orderly and prompt resolution of this case," a stay now makes no sense. Continuing with the hearing on August 18 on Plaintiffs' Motion to Complete the Administrative Records does.

Based on the timing of this renewed motion to stay (and the timing of Defendants' first motion to stay), this motion is a transparent attempt to delay producing a complete administrative record on the Plaintiffs' claim that Defendant, Robert F. Kennedy, Jr. (the "Secretary"), violated the Federal Advisory Committee Act ("FACA") and the Administrative Procedure Act ("APA") when he appointed unqualified individuals to the Advisory Committee on Immunization Practices ("ACIP"). Like the first time they tried to stay these proceedings, Defendants have failed to show good cause for a stay. Their motion should be denied.

## II.    BACKGROUND FACTS

### A.  First Motion to Stay Proceedings

The sequence leading to Defendants' renewed motion to stay proceedings in this Court mirrors the sequence leading to their first motion to stay proceedings. Defendants filed both motions to stay immediately after Plaintiffs informed them that they intended to file a motion to complete the administrative records.

On April 17, 2026, Defendants served a "Certification of Administrative Record" that stated that the "attached partial administrative record is … a true and correct copy of the non-privileged and non-confidential information that was directly or indirectly considered in connection with HHS's reconstitution of the" ACIP. (AR #3).[1] That Certification stated in a footnote that "Index entries marked with an asterisk (*) indicate that some or all of the documents have been withheld as confidential."[2] In an email sent the next day, the Plaintiffs questioned the Confidential designations and also identified categories of documents missing from the administrative records.[3] Plaintiffs asked to meet and confer, and if Defendants refused, asked whether they would agree that the email "satisfies Plaintiffs' obligations under the local rules to meet and confer before filing a motion."[4] Defendants responded on April 21 to state that they were "working diligently … and [would] send you a substantive response as soon as possible."[5] Defendants' substantive response, sent on April 22, was to state that: "tomorrow, 4/23, Defendants intend to file a motion seeking to stay proceedings until the later of May 15, 2026 (the deadline to appeal the Court's preliminary relief order) or the resolution of any appeal taken by Defendants

---

[1] *See* Declaration of James Oh ("Oh Decl.") at Exhibit A, Certification of Administrative Record (April 17, 2026).
[2] *See id.*
[3] *See* Oh Decl. at Ex. B, Plaintiffs' counsel's April 18, 2026, email correspondence.
[4] *See id.*
[5] *See* Oh Decl. at Ex. C, Defendants' counsel's April 21, 2026, email correspondence.

from the Court's preliminary relief order."[6] Defendants filed their first motion to stay on April 23, 2026 (ECF 304) and a Notice of Appeal on April 30, 2026 (ECF 306).[7] This Court denied the motion to stay on May 1, 2026. (ECF 311).

### B. Renewed Motion to Stay

After the Court entered a protective order on June 1 (ECF 320), Defendants produced on June 8 documents designated Confidential in ARs # 3 (ACIP reconstitution), AR #4 (changes to Centers for Disease Control and Prevention's childhood immunization schedule), and AR #5 (ACIP vote on newborn Hepatitis B immunizations), as well as Certifications of Supplemental Administrative Record that failed to state that any of these ARs were complete.[8] Defendants served on July 2 another Certification of Administrative Record for ARs ## 3-5 that certified that the ARs are "true, correct, and complete."[9]

On July 6, in a meet and confer session Plaintiffs "questioned the completeness of all of the records." [10] In that meet and confer, Plaintiffs stated their intention to file a motion to complete the record. [11] The next day, Defendants filed their "Renewed Motion to Stay Proceedings Pending Appeal And To Postpone Record Disputes." (ECF 325).

---

[6] *See* Oh Decl. at Ex. D, Defendants' counsel's April 22, 2026, email correspondence.

[7] *See* Oh Decl. at Ex. E, First Circuit Order. Defendants moved to expedite the appeal, which the First Circuit granted and set the following briefing schedule: Defendants' opening brief due June 16; Plaintiffs' response due July 16; and Defendants' reply due no later than 11 days after July 16, *i.e.*, no later than July 27. The First Circuit's Order stated further that "Oral argument, to the extent deemed necessary [Defendants did not request oral argument], will be scheduled as soon as practicable after the completion of briefing, and this matter will be resolved without undue delay."

[8] *See* Oh Decl. at Ex. F, Plaintiffs' counsel's June 29, 2026, email correspondence.

[9] *See* Oh. Decl. at Ex. G, Defendants' counsel's July 2, 2026, email correspondence.

[10] As set forth in Plaintiffs' Motion to Complete Administrative Records filed on July 17, 2026, none of the six ARs that Defendants have produced in this case are complete. (*See* ECF 329).

[11] *See* Oh. Decl. at Ex. H, Plaintiffs' counsel's July 7, 2026, email correspondence to Defendants' counsel.

### III.   ARGUMENT

#### A.  The Applicable Legal Standard

In this circuit, "'[a]n appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending.'" *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011) (quoting 11A Wright & Miller, Federal Practice and Procedure § 2962, at 438-39 (2d ed. 1995)). Thus, "absent a stay, further proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending. To conduct a trial and grant or deny a permanent injunction based on that trial is standard practice." *Id.* (citations omitted) (holding that district court remained free to proceed toward permanent relief while preliminary-injunction appeal was pending). Further, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 11248, 1155 (1st Cir. 1992).

#### B.  For the Second Time, Defendants Fail To Establish Good Cause to Justify A Stay of Proceedings.

Defendants argue that changed circumstances warrant a stay because a stay would lead to efficiencies, and the equities favor a stay. Neither argument has merit.

##### 1.   The Slight Change in Circumstances Would Not Lead to Greater Efficiencies in these Proceedings.

The changed circumstance here is slight. Defendants appeal only one part of the Court's Order of March 16, 2026 (the "March 16 Order"): the stay of the Secretary's appointments to the ACIP. (ECF 325-4 at p. 1). As of this filing, Defendants' reply brief in the First Circuit is due July 27, and the First Circuit has indicated it will decide the appeal with alacrity. *See* Oh Decl. at Ex.

4

5. A hearing on this motion is scheduled for July 23. At most, it seems, a stay of these proceedings would last about a month.

In the meantime, Plaintiffs filed a Motion to Complete the Administrative Records on July 17. (ECF 329). Per their request in the Status Report filed July 10, which the Court granted, Defendants' response to the Motion to Complete the Administrative Records is due August 14, and a hearing on that motion is scheduled for August 18. (ECF 328). By that time, the First Circuit may have already decided the appeal. The First Circuit's decision will not be on the merits of Count II (the ACIP reconstitution claim), as it will decide only whether the temporary stay was providently granted. Accordingly, a decision favorable to Defendants on the one issue they have appealed will not moot Count II. Indeed, Defendants concede in their appellate brief that "[r]eversing the relief as to Count II does not erase the FACA evidence or shield the agency from scrutiny. The agency must still address a fair balance issue, to the extent one exists." (ECF 325-4 at p. 64). Moreover, the appeal will not disturb Plaintiffs' other claims one way or another, since Defendants have not appealed any other relief that the Court granted in the March 16 Order. Accordingly, regardless of how the First Circuit decides the appeal, the Motion to Complete the Administrative Records will need to be decided. Finally, Defendants' claim that time may be wasted on summary judgment briefing is not within the realm of possibility, as the procedural posture of the proceedings before this Court are such that there is no chance that the parties will engage in summary judgment briefing while the appeal is pending.

Both cases that Defendants cite to support their renewed request for a stay based on changed circumstances are distinguishable and inapplicable here. In *San Luis Obispo Coastkeeper v. County of San Luis Osbispo*, 2025 WL 2092809 (C.D. Cal. June 18, 2025), after the district court granted plaintiffs' motion for preliminary injunction, defendant "under[took] several

measures to remedy and prevent harm" consistent with the preliminary injunction order and thereafter filed an interlocutory appeal. Accordingly, the defendant had "timely complied with the actions mandated by the preliminary injunction order" when it filed a motion to stay proceedings in the district court during pendency of their appeal. Moreover, by that time, the parties had engaged in "extensive discovery" that had "involved production of voluminous documents and evidence." The district court granted the motion to stay because "a partial stay of this action would not impair the progress achieved by the injunctive measures implemented thus far," and because defendant, "a local public agency with limited staff capacity," had "limited resources to maintain its normal operations" while continuing to engage in additional discovery and motion practice before the district court while also pursuing an appeal. Here, in contrast, Defendants have done nothing to comply with the Court's order on Plaintiffs' motion for preliminary injunction, repeatedly delayed production of the administrative records, produced incomplete administrative records, have the largest budget of any United States administrative agency, and have the might of the United States Department of Justice defending them. The facts of *San Luis Obispo* stand in stark contrast to the facts of this case.

*Oregon v. Azar* is likewise inapplicable due to the different procedural posture of that case when defendants sought a stay of proceedings in the district court. *Oregon v. Azar*, 2019 WL 9045195 (D. Or. Sept. 17, 2019). There, "[w]ith a fully developed administrative record and virtually no issues of fact, both parties agree[d] that the issues in this case are legal in nature." *Id.*, at *1. Here, in contrast, the record is far from developed, and Plaintiffs only just filed a Motion to Complete the Administrative Records. Accordingly, the interests of judicial economy weigh in favor of continuing to develop the administrative records in this case while the narrow appeal to the First Circuit is pending. *Contour Design*, 649 F.3d at 34 ("further proceedings in the same

6

controversy often may continue in the district court while an appeal in an earlier phase is pending.").

> 2. The Equities and Public Interest Favor Continuing These Proceedings While the Appeal is Pending.

Plaintiffs' Motion to Complete the Administrative Records attempts to move this case closer to the ultimate question in this case: whether there are reasonable explanations for the Secretary's challenged actions on vaccines. "The reasoned explanation requirement of administrative law, after all, is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public." *Department of Commerce, et al. v. New York, et al.,* 588 U.S. 752, 785 (2019). Defendants, however, attempt with this Motion to delay providing reasoned explanation for their actions. In response to Plaintiffs' Motion to Complete Administrative Records, Defendants will be hard-pressed to dispute that they wrongfully withheld electronic communications and other documents that demonstrate that the Secretary began "an informed consent campaign" as soon as he entered office, that he had decided to reconstitute the ACIP even before his confirmation, and that the Secretary gave instructions on what to put on agendas for ACIP meetings. (*See* ECF 330 at pp. 8, 10, 16). A stay here would unnecessarily delay decision on Plaintiffs' motion that asks the Court to require Defendants to produce the documents that provide explanations, reasonable or not, for actions the Secretary has taken on vaccines that affect every person in this country.

If the Court is not inclined to stay all proceedings, Defendants alternatively request a partial stay only on Count II "to defer briefing on record disputes until it resolves this Motion." The intent of this request is clear – to delay as long as possible producing documents that will reveal the truth of why the Secretary reconstituted the ACIP with the individuals whom he appointed. Furthermore, Defendants' attempt to delay briefing on record disputes is inconsistent with the motion to expedite

7

the appeal they filed in the First Circuit. In their motion to expedite the appeal, Defendants claimed that this Court "froze[] the architecture of the national immunization system" and "stayed the committee out of existence," at a "critical" time, [when] the "2026-2027 respiratory virus season (i.e., RSV, influenza, COVID) begins in the fall."[12] (ECF 325-1 at pp. 1-2, 4-5, 11). These statements mischaracterize the Court's March 16 Order. The March 16 Order stays only the Secretary's appointments to the ACIP. It does not prohibit him from appointing new, qualified members, consistent with FACA's fair balance requirement nor does it prohibit the Secretary from temporarily appointing ex-officio members as voting members on the ACIP. He has had ample time to appoint a new ACIP in time for them to meet and to vote on the flu immunization recommendations for the upcoming respiratory virus season.[13] Indeed, the March 16 Order states that "it is the agency's job and prerogative" to fairly balance the ACIP's members, and "it would be inappropriate" to "enjoin the ACIP from meeting" or to "select-by-veto a different ACIP." (ECF. 291 at p. 44). That Defendants want to delay motion practice on the administrative records in this Court flies in the face of their claim in the First Circuit that their appeal needs to be decided urgently and expeditiously because of the upcoming fall respiratory virus season.

The March 16 Order left the Secretary with the ability to fix the problems he created by, *inter alia*, appointing qualified experts in vaccinology, epidemiology, and infectious diseases to the ACIP. He wrongly blames this Court for his inaction. The Defendants' motion to stay fails to provide any cause to delay proceedings in this Court, including motion practice on the administrative records.

---

[12] In their opening brief in the First Circuit, Defendants further mischaracterized the March 16 Order, claiming that the Order "transferred vaccine policy authority from the Executive Branch to a single district judge," that the government cannot "reconvene [the ACIP] without judicial permission," and "[s]hould a pathogen emerge tomorrow, the government's only path to respond would run through the district court." *See* ECF 325-4 at p. 10.

[13] That Defendants waited until April 30 to file a Notice of Appeal of the Court's March 16 Order (ECF 306) and then waited until June 12 to move to expedite the appeal calls into question the genuineness of Defendants' alleged concern about an ACIP acting this year on flu immunizations for the fall.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' renewed motion to stay.

Dated: July 21, 2026

Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
      kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
      gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
      rwanerman@ebglaw.com
      wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500

9

Fax:     415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (*pro hac vice* pending)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:     813.367.9454
Fax:     813.367.9441
Email: dlee@ebglaw.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 21st day of July 2026:

| | |
|---|---|
| Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services | Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention |
| c/o Leah Belaire Foley, US Attorney<br>Michael L. Fitzgerald<br>Office of the US Attorney for the District of Massachusetts<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>michael.fitzgerald2@usdoj.gov | c/o Isaac Belfer<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044-0386<br>Isaac.C.Belfer@usdoj.gov |
| James W. Harlow<br>DOJ-Civ<br>Consumer Protection Branch<br>P.O Box 386<br>Washington, D.C. 20044<br>James.w.harlow@usdoj.gov | Kyle Diamantas, in his official capacity as Acting Commissioner of the Food and Drug Administration |

*/s/ James J. Oh*
James J. Oh

11