# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN ACADEMY OF PEDIATRICS, *et al.*,

       *Plaintiffs,*

       v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,

       *Defendants.*

Case No. 1:25-cv-11916 (BEM)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO IMPOUND

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................................................1

II.  BACKGROUND ..................................................................................................................2

    A.  The Protective Order .................................................................................................2

    B.  The Specific Exhibits ................................................................................................3

III.  ARGUMENT .......................................................................................................................3

    A.  The Court May Impound Judicial Records to Protect Substantial
        Privacy Interests. ......................................................................................................3

    B.  Exhibits B, F, G, & H May Contain Nonpublic Information
        Concerning Identifiable Nonparties ...........................................................................4

    C.  The Requested Impoundment is Limited in Scope and Duration. ...............................5

IV.  CONCLUSION ....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*FTC v. Standard Fin. Mgmt. Corp.*,
    830 F.2d 404 (1st Cir. 1987)................................................................................................3

*United States v. Kravetz*,
    706 F.3d 47 (1st Cir. 2013).............................................................................................3, 4

**Statutes**

Privacy Act, 5 U.S.C. § 552a....................................................................................................2

**Other Authorities**

Local Rule 7.2.........................................................................................................................4, 5

## I.    INTRODUCTION

Plaintiffs respectfully seek a limited order permitting them, after the Court resolves this motion, to file under seal the unredacted versions of Exhibits B, G, and H and Exhibit F in its entirety, all of which are attached to the Declaration of James J. Oh (ECF No. 337) in Support of Plaintiffs' Opposition to Defendants' Renewed Motion to Stay Proceedings. (ECF No. 334). Plaintiffs filed redacted versions of Exhibits B, G, and H on the public docket. (ECF Nos. 337-2, 337-7, and  337-8). Theses exhibits may contain portions that Defendants have designated as Confidential under the Protective Order, including nonpublic information concerning identifiable individuals' nomination, evaluation, or potential appointment to ACIP. The Protective Order requires Plaintiffs to maintain that information as Confidential pending resolution of any challenge to Defendants' designations. (*See* ECF No. 320, at pg. 4).

Defendants have designated information throughout Exhibit F (ECF No. 337-6) as confidential personally identifiable information. Filing a public version at this stage would require substantial redactions, and unilateral redaction would risk disclosing the information the Protective Order may require the parties to safeguard. Plaintiffs therefore request leave to file Exhibit F under seal in its entirety, subject to later modification if the parties identify reasonably feasible redactions that would permit a meaningful public version or if Plaintiffs succeed on their challenges to the Confidential designation.

Plaintiffs do not concede that all information Defendants designated as Confidential properly qualifies for protection. This request is made to comply with the Protective Order while preserving Plaintiffs' ability to challenge those designations and seek greater public access. The requested impoundment is limited to the unredacted versions of Exhibits B, G, and H and the full

version of Exhibit F; it does not extend to Plaintiffs' Opposition or Exhibits A and C–E. Plaintiffs

request that the materials remain impounded until further order of the Court.

## II.    BACKGROUND

### A.  The Protective Order

On June 1, 2026, the Court entered the parties' Stipulated Protective Order. *See* ECF No.

320. Paragraph 1(b) defines "Confidential Information" to include "personally identifiable

information; protected health information; documents relating to a person's past, present, or

potential future employment; and information otherwise protected by the Privacy Act, 5 U.S.C. §

552a." *Id*. ¶ 1(b).

Paragraph 3 governs administrative record documents marked confidential and provides:

> Documents that are part of the administrative records may be provided to
> Plaintiffs' outside counsel and the other individuals identified in paragraph 5
> with Confidential Information unredacted. Such documents will be marked
> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on every page,
> and Plaintiffs' outside counsel and the other individuals identified in
> paragraph 5 shall treat the Confidential Information contained in such
> documents as confidential, subject to the procedures for filing documents
> with the Court provided in paragraph 4 and to the procedures for removing a
> confidential designation of particular documents provided in paragraph 6.

*Id*. ¶ 3.

Paragraph 4 then states:

> No Confidential Information may be disclosed on the public court docket.
>
> a.        If, in advance of a court filing, the parties agree upon the
> redaction of Confidential Information from a document, the parties may file
> the redacted version of the document on the public docket.
>
> b.        Documents containing Confidential Information may be
> submitted to the Court under seal in accordance with the Court's Local Rules
> and procedures. Counsel for the filing parties shall be responsible for serving
> a copy of all sealed documents on counsel for the non-filing parties. The
> parties shall then confer about whether it is reasonably feasible and not
> unduly burdensome to redact the Confidential Information contained in the
> documents filed under seal. To the extent such redactions are reasonably

feasible and not unduly burdensome, the filing parties shall file on the public docket versions of the documents that redact any Confidential Information.

*Id.* ¶ 4(a)–(b).

### B. The Specific Exhibits

The four exhibits at issue consist of correspondence between counsel concerning Defendants' confidentiality designations for materials included in, or withheld from, the administrative records. Plaintiffs seek to impound only the following materials:

- Exhibit B is James J. Oh's April 18, 2026, email to Isaac Belfer concerning documents identified as Confidential in the Certified Administrative Index for AR No. 3 and withheld from production pending entry of the Protective Order. *See* Oh Decl. ¶ 3. Plaintiffs have filed a redacted version publicly and seek to impound only the unredacted version;

- Exhibit F consists of correspondence between Mr. Oh and Mr. Belfer dated June 19, June 26, and June 28, 2026, concerning Defendants' confidentiality designations for AR Nos. 3–5. *See* Oh Decl. ¶ 7. Because Defendants have designated information throughout this correspondence as confidential personally identifiable information, Plaintiffs seek to impound Exhibit F in its entirety at this stage;

- Exhibit G is Mr. Belfer's July 2, 2026, email to Plaintiffs' counsel forwarding revised certified indices for AR Nos. 3–5. *See* Oh Decl. ¶ 8. Plaintiffs have filed a redacted version publicly and seek to impound only the unredacted version;

- Exhibit H is Mr. Oh's July 7, 2026, email to Mr. Belfer concerning Defendants' confidentiality designations for the Supplemental Administrative Records produced on July 2, 2026. *See* Oh Decl. ¶ 9. Plaintiffs have filed a redacted version publicly and seek to impound only the unredacted version.

### III. ARGUMENT

#### A. The Court May Impound Judicial Records to Protect Substantial Privacy Interests.

The common law right of access to judicial records is not absolute. In determining whether impoundment is warranted, the Court balances the public interest in access against countervailing interests, including the privacy interests of third parties. *United States v. Kravetz*, 706 F.3d 47, 59–62 (1st Cir. 2013); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410–12 (1st Cir. 1987).

Any restriction on public access should extend no further than necessary to protect the interests at issue. *Kravetz*, 706 F.3d at 59–61.

Local Rule 7.2 provides the procedure for obtaining that relief. The motion must identify the materials to be impounded and the proposed duration of impoundment, and the Court must rule before the protected materials are submitted. L.R. 7.2(a)–(c). The requested order also must be confined to specifically identified materials rather than unspecified future filings. L.R. 7.2(d). As explained below, Plaintiffs' request satisfies those requirements: it protects nonparty privacy interests while the parties confer on the Confidential designations, is limited to the unredacted Exhibits B, F, G, & H, and preserves the opportunity for public filing of reasonably feasible redacted versions.

### B. Exhibits B, F, G, & H May Contain Nonpublic Information Concerning Identifiable Nonparties.

Defendants have designated portions of Exhibits B, F, G, and H as containing personally identifiable information concerning nonparties considered for appointment to ACIP or otherwise involved in the nonpublic nomination and selection process. Defendants contend that disclosure could reveal that particular individuals were nominated, considered, or evaluated for federal service, even though those individuals did not make that information public. *See Kravetz*, 706 F.3d at 62 (recognizing that third-party privacy interests may weigh against public access).

Plaintiffs rely on the exhibits to establish the parties' communications regarding Defendants' confidentiality designations and the contents of the administrative records. The redacted versions of Exhibits B, G, and H allow the public to understand the nature and relevance of those communications without disclosing the information Defendants believe should be designated as Confidential.

4

Exhibit F warrants different treatment at this stage because the information Defendants have designated as Confidential appears throughout the correspondence and is interwoven with the surrounding discussion. Attempting to prepare a public version before the parties complete the meet and confer process prescribed by the Protective Order would risk disclosing information that Plaintiffs presently must treat as Confidential. Impounding Exhibit F in its entirety is therefore warranted pending the parties' conferral concerning whether a meaningful redacted version can be filed. This request does not concede that all of Defendants' designations are proper or foreclose Plaintiffs from challenging them. Plaintiffs expressly reserve the right to challenge the Confidentiality designations.

### C.  The Requested Impoundment is Limited in Scope and Duration.

Plaintiffs seek to impound only the unredacted versions of Exhibits B, G, and H and Exhibit F in its entirety. Plaintiffs' Opposition, the Oh Declaration, Exhibits A and C–E, and the redacted versions of Exhibits B, G, and H remain publicly available. The requested order therefore preserves public access to all portions of the filing that can presently be disclosed without violating the Protective Order.

Good cause supports impoundment until further order to allow Plaintiffs to comply with the Protective Order entered by the Court while Plaintiffs challenges to Defendants' confidentiality designations remain unresolved. Impoundment until further order will protect the designated information without foreclosing greater public access if the parties' conferral, a designation challenge, or other changed circumstances permit further disclosure.

Consistent with Local Rule 7.2(c), Plaintiffs have not submitted the unredacted exhibits with this motion. If the Court grants the motion, Plaintiffs will file the unredacted versions of Exhibits B, G, and H and the full version of Exhibit F under seal and serve them on Defendants.

The parties will then confer as required by paragraph 4(b) of the Protective Order regarding whether a reasonably feasible and not unduly burdensome redacted version of Exhibit F can be filed publicly.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court authorize the unredacted versions of Exhibits B, G, and H and Exhibit F in its entirety to be filed under seal and impounded until further order of the Court.

Dated: July 22, 2026

Respectfully submitted,

By: */s/ James J. Oh* (IL Bar No. 6196413)
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
        kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
        gcostello@ebglaw.com

6

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
           rwanerman@ebglaw.com
           wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:    415.398.3500
Fax:    415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:    813.367.9454
Fax:    813.367.9441
Email: dlee@ebglaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 22nd day of July 2026:

| | |
|---|---|
| Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services | Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention |
| c/o Leah Belaire Foley, US Attorney<br>Michael L. Fitzgerald<br>Office of the US Attorney for the District of Massachusetts<br>1 Courthouse Way, Suite 9200<br>Boston, Massachusetts 02210<br>michael.fitzgerald2@usdoj.gov | c/o Isaac Belfer<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044-0386<br>Isaac.C.Belfer@usdoj.gov |
| James W. Harlow<br>DOJ-Civ<br>Consumer Protection Branch<br>P.O Box 386<br>Washington, D.C. 20044<br>James.w.harlow@usdoj.gov | Kyle Diamantas, in his official capacity as Acting Commissioner of the Food and Drug Administration |

*/s/ James J. Oh*
James J. Oh

8