**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*, <br><br> *Defendants.* | Case No. 1:25-cv-11916 (BEM) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE REDACTED VERSION OF PLAINTIFFS' MOTION
TO COMPLETE THE ADMINISTRATVE RECORDS**

**Page**

I.    INTRODUCTION..............................................................................................................4

II.   BACKGROUND................................................................................................................5

    A.  The Protective Order .............................................................................................5

    B.  The Memo, Oh Declaration, and Exhibit 17..........................................................6

III.  ARGUMENT .....................................................................................................................6

    A.  The Court May Allow Redactions and Impound Judicial Records
        to Protect Substantial Privacy Interests. ..............................................................6

    B.  The Memo, Oh Declaration, and Exhibit 17 May Contain
        Nonpublic Information Concerning Identifiable Nonparties...............................7

    C.  The Requested Impoundment Is Limited in Scope and Duration. .......................8

IV.  CONCLUSION ..................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*FTC v. Standard Fin. Mgmt. Corp.*,
830 F.2d 404 (1st Cir. 1987)......................................................................................6

*In re Providence Journal Co., Inc.*,
293 F.3d 1 (1st Cir. 2002)..........................................................................................7

*United States v. Kravetz*,
706 F.3d 47 (1st Cir. 2013).................................................................................6, 7, 8

**Statutes**

Privacy Act, 5 U.S.C. § 552a.............................................................................................5

**Other Authorities**

Local Rule 7.2....................................................................................................................7

## I.      INTRODUCTION

Plaintiffs respectfully seek a limited order allowing Plaintiffs to file redacted versions of the Memorandum in Support of Motion for Order to Complete the Administrative Record (ECF 330) (the "Memo"), the Declaration of James J. Oh  (ECF 338) ("Oh Declaration"), and Exhibit 17 (ECF 338-17) in Support of Plaintiffs' Motion to Complete the Administrative Record and to file the unredacted versions under seal.[1] This Motion comes after Defendants raised concerns with Plaintiffs about additional names contained in the Memo, Oh Declaration, and Exhibit 17 that Defendants believe should be designated as "Confidential" and redacted pursuant to the Protective Order.

Plaintiffs do not concede that the information Defendants designated as "Confidential" properly qualifies for protection. This request is made to comply with Defendants request that additional names be redacted pursuant to the Protective Order (ECF 320), while preserving Plaintiffs' ability to challenge those designations and seek greater public access. The impoundment requested in this Motion is limited to the unredacted versions of the Memo, Oh Declaration, and Exhibit 17 to the Oh Declaration. Plaintiffs request that these materials remain impounded until further order of the Court.

---

[1]      The Court entered an Order directing Plaintiffs to re-file the Oh Declaration and exhibits filed in support of Plaintiffs' Motion to Complete the Administrative Records (ECF 330) and "[o]nce corrected, the Affidavits originally filed will be deleted from incorrect filing." (ECF 336). Plaintiff re-filed the Oh Declaration and Exhibits (ECF 338), which incorporates Defendants additional requested redactions to the Oh Declaration and Exhibits 17 set forth in this Motion.  In addition, at the request of the Parties, the Courtroom Clerk has restricted access to the publicly filed un-redacted versions of the Memo (ECF 330) and Oh Declaration (ECF 330-1).

## II.    BACKGROUND

### A.  The Protective Order

On June 1, 2026, the Court entered the Parties' Stipulated Protective Order. (ECF 320). Paragraph 1(b) defines "Confidential Information" to include "personally identifiable information; protected health information; documents relating to a person's past, present, or potential future employment; and information otherwise protected by the Privacy Act, 5 U.S.C. § 552a." *Id.* ¶ 1(b).

Paragraph 3 governs administrative record documents marked confidential and provides:

> Documents that are part of the administrative records may be provided to Plaintiffs' outside counsel and the other individuals identified in paragraph 5 with Confidential Information unredacted. Such documents will be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on every page, and Plaintiffs' outside counsel and the other individuals identified in paragraph 5 shall treat the Confidential Information contained in such documents as confidential, subject to the procedures for filing documents with the Court provided in paragraph 4 and to the procedures for removing a confidential designation of particular documents provided in paragraph 6.

*Id.* ¶ 3.

Paragraph 4 then states:

> No Confidential Information may be disclosed on the public court docket.
>
> a.        If, in advance of a court filing, the parties agree upon the redaction of Confidential Information from a document, the parties may file the redacted version of the document on the public docket.
>
> b.        Documents containing Confidential Information may be submitted to the Court under seal in accordance with the Court's Local Rules and procedures. Counsel for the filing parties shall be responsible for serving a copy of all sealed documents on counsel for the non-filing parties. The parties shall then confer about whether it is reasonably feasible and not unduly burdensome to redact the Confidential Information contained in the documents filed under seal. To the extent such redactions are reasonably feasible and not unduly burdensome, the filing parties shall file on the public docket versions of the documents that redact any Confidential Information.

*Id.* ¶ 4(a)–(b).

**B. The Memo, Oh Declaration, and Exhibit 17**

Defendants have requested that Plaintiffs redact additional names of individuals who suggested candidates for the ACIP and the identities of ACIP candidates who were not appointed.[2] Plaintiffs thus seek to impound the following materials:

- The Memo at pp. 10-12 and in the accompanying footnotes 29, 30, 31, 32, and 34. Plaintiffs have attached the redacted version of the Memo as Exhibit A and seek to continue impound only the unredacted version of the Memo (ECF 330).

- The Oh Declaration at Paragraphs 7-14. Plaintiffs have filed the redacted version of the Oh Declaration (ECF 338) and seek only to impound the unredacted version of the Declaration.

- Exhibit 17 to the Oh Declaration at ECF 338-17 p. 7, 10, 12, 17, 18, 21, 33, 36, 38, 39, 41, 42, 48, 51, 52, 55, 57, and 58. Plaintiffs have filed the redacted version of Exhibit 17 to the Of Declaration (ECF 338-17) and seek to only impound the unredacted version of Exhibit 17.

**III.    ARGUMENT**

**A. The Court May Allow Redactions and Impound Judicial Records to Protect Substantial Privacy Interests.**

The common law right of access to judicial records is not absolute. In determining whether impoundment is warranted, the Court balances the public interest in access against countervailing interests, including the privacy interests of third parties. *United States v. Kravetz*, 706 F.3d 47, 59–62 (1st Cir. 2013); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410–12 (1st Cir. 1987).

---

[2]    Attached as Exhibit B is the July 21, 2026 email correspondence from Defendants' counsel to Plaintiffs' counsel requesting the additional redactions to the Memo, Oh Declaration, and Exhibit 17 set forth herein.

Any restriction on public access should extend no further than necessary to protect the interests at issue. *Kravetz*, 706 F.3d at 59–61. "Redaction constitutes a time-tested means of minimizing any intrusion on" the constitutional right of access. *In re Providence Journal Co., Inc.*, 293 F.3d 1, 15 (1st Cir. 2002).

Local Rule 7.2 provides the procedure for obtaining that relief. The motion must identify the materials to be impounded and the proposed duration of impoundment, and the Court must rule before the protected materials are submitted. L.R. 7.2(a)-(c). The requested order also must be confined to specifically identified materials rather than unspecified future filings. L.R. 7.2(d). As explained below, at the request of Defendants and pursuant to the Protective Order, Plaintiffs have identified the specific redactions to the Memo, Oh Declaration, and Exhibit 17, which Defendants believe are necessary to protect nonparty privacy interests and request only that the unredacted versions be impounded.

### B. The Memo, Oh Declaration, and Exhibit 17 May Contain Nonpublic Information Concerning Identifiable Nonparties.

Defendants have designated portions of the Memo and Oh Declaration as containing personally identifiable information concerning nonparties considered for appointment to ACIP or otherwise involved in the nonpublic nomination and selection process. (*See* Ex. B.) Defendants contend that disclosure could reveal that particular individuals were nominated, considered, or evaluated for federal service, even though those individuals did not make that information public. *See Kravetz*, 706 F.3d at 62 (recognizing that third-party privacy interests may weigh against public access); *Standard Financial*, 830 F.2d at 411–12. Plaintiffs rely on the Memo, Oh Declaration, and Exhibit 17 to establish the parties' communications regarding Defendants' confidentiality designations and the contents of the administrative records. The redacted versions

of the Memo and Oh Declaration allow the public to understand the nature and relevance of those communications without disclosing the information Defendants have designated as Confidential.[3]

### C. The Requested Impoundment Is Limited in Scope and Duration.

This Motion seeks to impound only the unredacted versions of the Memo, Oh Declaration, and Exhibit 17. Plaintiffs request that the redacted versions of the Memo (attached as Exhibit A), Oh Declaration (ECF 338), and Exhibit 17 (ECF 338-17) remain publicly available. The requested order therefore preserves public access to all portions of the filing that can presently be disclosed without violating the Protective Order. Good cause supports impoundment until further order by the Court to allow Plaintiffs to comply with the Protective Order entered by the Court while Plaintiffs challenge Defendants' confidentiality designations. Furthermore, the asserted privacy interests of the affected nonparties have no readily ascertainable expiration date, and the challenges to Defendants' confidentiality designations remain unresolved. Because the public's right of access competes with privacy rights, it is proper for this Court to allow redactions of the Memo, Oh Declaration, and Exhibit 17 in order to allow access to appropriate portions of the document. *See Kravetz*, 706 F.3d at 62.

If the Court grants the motion, Plaintiffs will re-file the unredacted versions of the Memo, Oh Declaration, and Exhibit 17 under seal and serve them on Defendants. The parties will confer as required by paragraph 4(b) of the Protective Order regarding Defendants' Confidential designations.

---

[3] This request does not concede that Defendants' confidentiality designations are proper or foreclose Plaintiffs from challenging them. Plaintiffs expressly reserve the right to challenge the Confidentiality designations.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court allow the filing of the redacted Memo (attached as Exhibit A), Oh Declaration (ECF 338), and Exhibit 17 (ECF 338-17). Plaintiffs further request that the Court authorize the unredacted versions of the Memo, Oh Declaration, and Exhibit 17 in its entirety to be filed under seal and impounded until further order of the Court.

Dated: July 22, 2026

Respectfully submitted,

By: */s/ James J. Oh*
James J. Oh (admitted *pro hac vice*)
Kathleen Barrett (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email: joh@ebglaw.com
          kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:    617.603.1100
Fax:    617.249.1573
Email: emcevoy@ebglaw.com
          gcostello@ebglaw.com

Richard H. Hughes IV (admitted *pro hac vice*)
Robert Wanerman (admitted *pro hac vice*)
William Walters (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:    202.861.0900
Fax:    202.296.2882
Email: rhhughes@ebglaw.com
          rwanerman@ebglaw.com
          wwalters@ebglaw.com

Jeremy A. Avila (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
57 Post Street, Suite 703
San Francisco, CA 94104
Tel:     415.398.3500
Fax:     415.398.0955
Email: javila@ebglaw.com

Daniella R. Lee (admitted *pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
201 East Kennedy Blvd., Suite 1260
Tampa, FL 33602
Tel:     813.367.9454
Fax:     813.367.9441
Email: dlee@ebglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and served through the ECF system upon the

following parties on this 22nd day of July 2026:

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services

c/o Leah Belaire Foley, US Attorney
Michael L. Fitzgerald
Office of the US Attorney for the District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
michael.fitzgerald2@usdoj.gov

James W. Harlow
DOJ-Civ
Consumer Protection Branch
P.O Box 386
Washington, D.C. 20044
James.w.harlow@usdoj.gov

Jay Bhattacharya, MD, PhD, in his official capacity as Acting Director Centers for Disease Control and Prevention

c/o Isaac Belfer
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044-0386
Isaac.C.Belfer@usdoj.gov

Kyle Diamantas, in his official capacity as Acting Commissioner of the Food and Drug Administration

*/s/ James J. Oh*
James J. Oh