**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF PEDIATRICS, *et al.*,<br><br>*Plaintiffs,*<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-11916 (BEM)<br><br>District Judge: Hon. Brian E. Murphy |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE STAY OF PROCEEDINGS PENDING RESOLUTION OF THE FIRST CIRCUIT APPEAL**

Defendants' Motion to Extend Stay of Proceedings, Dkt. No. 352, should be denied for four separate and independent reasons.

First, ten and a half months ago, on October 30, 2025, the parties first appeared before this Court on Plaintiffs' Motion to Lift Stay and Continue This Case on Schedule During the Federal Government Shutdown. Dkt. No. 122. At that hearing, the Court stated: "I'm going to lift the stay. I can tell you that my policy on cases of national import is not to allow a stay . . . This is clearly a case that's of national importance. It's one that needs to get addressed. . . . [T]his is a case that is significant enough and important enough that it must move forward."[1] This case still is of national import and needs to move forward.

Second, an indefinite extension of the stay of proceedings in this Court prejudices the Plaintiffs and their members. When this Court lifted the stay last October, the government shutdown was in its fourth week, with no end in sight. Now, a stay of proceedings has been in

[1] Tr. of October 30, 2025, Hr'g 16:25–17:9, Dkt. No. 137 (attached hereto as Exhibit A).

place for six weeks, and the government seeks an *indefinite* stay.[2] In the meantime, prejudice and harm continue to accrue to the Plaintiffs and their members. A significant harm that numerous declarants have attested to in this case is the confusion and uncertainty that Defendants' actions have caused in the clinical setting that has affected Plaintiffs' and their members' operations.[3] This Court's March 16 decision that granted stays, not preliminary injunctions, signaled a *temporary* pause of the challenged actions pending a decision on the merits. The longer that the country waits for a decision on the merits in this case, the more opportunity there is for further confusion and uncertainty to be injected into the vaccine ecosystem.[4] A decision on the merits of the lawfulness

---

[2] This is the fourth time that the government has sought a stay of these proceedings. *See* Defs.' Unopposed Mot. for a Stay of Their Reply Deadline in Light of Lapse of Appropriations, Dkt. No. 121; Defs.' Mot. to Stay Proceedings Pending the Resolution of Any Appeal of the March 16, 2026, Order of Prelim. Relief, Dkt. No. 304; Defs.' Renewed Mot. to Stay Proceedings Pending Appeal and to Postpone R. Disputes, Dkt. No. 325; Defs.' Mot. to Extend the Stay of Proceedings Pending Resolution of the First Circuit Appeal, Dkt. No. 352.

[3] *See, e.g.*, Decl. of Susan J. Kressly, MD., FAAP ¶ 15, Dkt. No. 185-27 ("The lack of clarity regarding the reach of the Secretary's Directive has also created confusion and uncertainty regarding what the CDC's COVID-19 recommendations are for children"); Decl. of Shannon Scott-Vernaglia, M.D. ¶ 24, Dkt. No. 185-29 ("HHS Directive like the Directive and the SCDM recommendation cause more confusion about appropriate medical recommendations, and erode the relationship between the pediatric physician and patient family"); Decl. of Mary-Cassie Shaw, MD, FAAP ¶ 6, Dkt. No. 185-33 ("ACIP's recommendation and CDC's adoption of the recommendations provides no guidance to me on how to apply the new recommendations and the lack of guidance to support the change has caused disruption and confusion to me and my practice"); Decl. of Carlene Pavlos ¶ 23, Dkt. No. 185-44 ("my day-to-day work and interactions with members and allies frequently concerns the SCDM COVID-19 recommendation, other more recent vaccine changes made by the CDC, and/or combatting the distrust, confusion, and misinformation circulating as a result of the CDC's and the Secretary's actions and messaging."); Decl. of Georges Benjamin, M.D. ¶ 29, 32, Dkt. No. 185-25 ("APHA clinician members also report now substantially more unreimbursed time correcting misinformation and explaining vaccine safety;" "public health professionals have been forced from proactive disease prevention into reactive crisis response"); Decl. of Andrew Pavia ¶ 25, Dkt. No. 185-36 (downgrading to SCDM has left "me and other IDSA physician members without clear guidance regarding what to discuss with patients or how to counsel them regarding the risks and benefits of the COVID-19 vaccine"); Decl. of Sindhu K. Srinivas, MD, MSCE ¶ 26, Dkt. No. 185-46 ("SMFM members are frontline physicians who will be forced, yet again, to divert substantial time, expertise, and organizational resources away from their high-risk patients to address confusion and erosion of trust generated by illegitimate federal guidance.").

[4] Amanda Geduld, *A Seasoned Pediatrician on What the Latest Vaccine Victory Means for Kids*, THE74 (April 7, 2026), https://www.the74million.org/article/a-seasoned-pediatrician-on-what-the-latest-vaccine-victory-means-for-kids/. (Question: "I would imagine that the majority of parents across the country are not keeping super close tabs on this lawsuit or tuning into ACIP meetings, but they are reading the headlines, and they're seeing these rulings go back and forth and practices being implemented and then rolled back. I'm wondering what impact that back-and-forth messaging is having on parents. Is that leading to confusion?" Answer: "Oh, I know that it is leading to massive confusion.") https://perma.cc/A2X7-AMLL.

of Defendants' actions with respect to vaccines, one way or another, will provide some clarity as to how Plaintiffs and their members should interact with their patients on a daily basis.

Third, Defendants have failed to argue, let alone demonstrate with evidence, that they will suffer any hardship if the stay is not extended. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (explaining that docket-control stays require judgment that weighs competing interests and that a stay proponent must make a clear showing of hardship if there is a fair possibility of damage to another party); *Marquis v. Fed. Deposit Ins. Corp.*, 965 F.2d 1148, 1155 (1st Cir. 1992) (cautioning that stays "cannot be cavalierly dispensed" and must be supported by good cause, reasonable in duration, and based on a balancing of competing equities); *Clinton v. Jones*, 520 U.S. 681, 707–08 (1997) (recognizing a district court's discretion to manage proceedings and holding that a stay was premature where the record did not establish the need for postponement).

Finally, it is clear that Defendants seek to extend the stay of proceedings before this Court to delay for as long as possible responding to Plaintiffs' Motion to Complete the Administrative Records.[5] After all, Defendants filed the Renewed Motion to Stay Proceedings Pending Appeal and *To Postpone Record Disputes*[6] in the midst of meet and confer meetings over the completeness of the administrative records.[7] Moreover, Defendants overstate the impact the First Circuit's decision could have on the Motion to Complete the Administrative Records. In the instant motion, the government argues that the "First Circuit's ruling could significantly streamline this case." However, in their opening First Circuit brief, the government defined the scope of its appeal to be very narrow: "This appeal presents a single error and its consequences. The district court

[5] Mem. in Supp. of Pls.' Mot. to Complete the Administrative Rs., Dkt. No. 330.

[6] Defs.' Renewed Mot. to Stay Proceedings Pending Appeal and to Postpone R. Disputes, Dkt. No. 325 (emphasis added).

[7] Status Report at 4, Dkt. No. 322 ("Plaintiffs propose that the parties file another status report on Friday, July 10, that will set forth a briefing schedule on any motion regarding the ARs.").

adjudicated a non-final action – the ACIP appointments – that the APA does not reach."[8] It admitted that "Plaintiffs' concrete injuries trace to the downstream CDC-adopted recommendations, ***which are independently actionable under Counts I, III, and IV***."[9] Since the government admits that Counts I (the childhood schedule), III (the HepB, Covid, and thimerosal votes), and IV (the May 2025 Covid Directive) are independently actionable, and the Court's decision on Counts I, III, and IV have not been appealed, there is no reason not to move forward now on adjudicating the completeness of those administrative records.

There also is good reason to move forward on the administrative record on the ACIP reconstitution claim. Regardless of how the First Circuit rules, that record on how the ACIP was reconstituted last year is set in stone. There were, however, no documents produced in this AR on what criteria were relied upon to vet and choose candidates.[10] The stay should not be extended so that Defendants file a response forthwith to the Motion to Complete the Administrative Records that presumably would state whether any documentation of selection criteria for the ACIP candidates chosen last year exist.[11]

First Circuit law is clear that this Court is free to proceed toward permanent relief while a preliminary-injunction appeal is pending. *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011). That is exactly what this Court should do now in this case of national importance. Defendants' Motion to Extend the Stay should be denied.

---

[8] Br. for Federal Defs.-Appellants at 22, Am. Acad. of Pediatrics v. Kennedy, No. 26-1503 (1st Cir. June 18, 2026).
[9] *Id*. pp. 22-23 (emphasis added).
[10] *See* Mem. in Supp. of Pls.' Mot. to Complete the Administrative Rs. 12, Dkt. No. 330 ("The selection criteria, if any, are unidentified, . . . .").
[11] *Id*. n. 7.

Dated: September 10, 2026

Respectfully submitted,

By: /s/ *James J. Oh*

James J. Oh (admitted pro hac vice)
Kathleen Barrett (admitted pro hac vice)
EPSTEIN BECKER & GREEN, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel: 312.499.1400
Fax: 312.845.1998
Email: joh@ebglaw.com
kbarrett@ebglaw.com

Elizabeth J. McEvoy (BBO No. 683191)
Gianna M. Costello (BBO No. 715031)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel: 617.603.1100
Fax: 617.249.1573
Email: emcevoy@ebglaw.com
gcostello@ebglaw.com

Richard H. Hughes IV (admitted pro hac vice)
Robert Wanerman (admitted pro hac vice)
William Walters (admitted pro hac vice)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel: 202.861.0900
Fax: 202.296.2882
Email: rhhughes@ebglaw.com
rwanerman@ebglaw.com
wwalters@ebglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed and served through the ECF system upon the following counsel of record for Defendants on this 10th day of September 2026:

Isaac Belfer
DOJ-Crt
Civil Division, Consumer Protection Branch
P.O. Box 386
Washington, DC 20044-0386
202-305-7134
Fax: 202-514-8742
Email: isaac.c.belfer@usdoj.gov

James W Harlow
DOJ-Civ
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-514-6786
Email: james.w.harlow@usdoj.gov

Matthew Charles Zorn
DOJ-Oasg
950 Pennsylvania Ave.
Washington, DC 20530
202-570-6060
Email: matthew.zorn2@usdoj.gov

*/s/ James J. Oh*
James J. Oh