# United States Court of Appeals
## For the First Circuit

No. 26-1325

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF PHYSICIANS, INC.; AMERICAN PUBLIC HEALTH ASSOCIATION; INFECTIOUS DISEASES SOCIETY OF AMERICA; SOCIETY FOR MATERNAL-FETAL MEDICINE; JANE DOE; MASSACHUSETTS PUBLIC HEALTH ASSOCIATION, d/b/a Massachusetts Public Health Alliance; MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, INC.; JANE DOE 2; JANE DOE 3,

Plaintiffs - Appellees,

v.

ROBERT F. KENNEDY, JR., in the official capacity as Secretary of the Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JAY BHATTACHARYA, in the official capacity as Acting Director of Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; DOES 1-50, Inclusive,

Defendants - Appellees,

KYLE DIAMANTAS, in the official capacity as Commissioner of the Food and Drug Administration; UNITED STATES FOOD & DRUG ADMINISTRATION; JAY BHATTACHARYA, in the official capacity as Director of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH,

Defendants,

---

ANDREA SHAW; SHANTICIA NELSON; DR. PAUL THOMAS; DR. KENNETH STOLLER; CHILDREN'S HEALTH DEFENSE,

Movants - Appellants.

---

Before

Barron, Chief Judge,
Gelpí and Rikelman, Circuit Judges.

---

**JUDGMENT**

Entered: October 21, 2026

Movants-appellants filed a notice of appeal designating the district court's February 27, 2026, order denying their "emergency motion . . . to intervene as defendants and counterclaim plaintiffs" and the district court's March 16, 2026, "memorandum and order on plaintiffs' motion for preliminary injunction."

Pending before this court are three motions: (1) defendants-appellees' "motion for summary affirmance"; (2) plaintiffs-appellees' "joinder to defendants-appellees' motion for summary affirmance"; and (3) plaintiffs-appellees' "partial motion to dismiss . . . appeal from March 16, 2026[,] preliminary injunction order." Movants-appellants have filed oppositions to each motion. Respective appellees have filed replies thereto. The court has carefully considered each motion, opposition, and reply, as well as relevant portions of the record. The motions are resolved as follows.

We conclude that summary affirmance is in order as to movants-appellants' appeal from the denial of intervention because, given the "facts at hand, the denial was within the compass of the district court's discretion." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 38 (1st Cir. 2020) (discussing standard of review and intervention general principles); see 1st Cir. R. 27.0(c) (court may summarily affirm when appeal presents "no substantial question"); Fed. R. Civ. P. 24(a)(2), (b) (intervention provisions); Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 561-62 (1st Cir. 2021) (explaining that, when a prospective intervenor seeks to intervene as a defendant alongside a government entity, "the burden of persuasion" as to the inadequate-representation factor "is ratcheted upward," that "[a] successful rebuttal requires a strong affirmative showing that the [government] is not fairly representing the applicants' interests"; and that the "movant-intervenors' interest in making an additional [] argument in defense of government action does not render the government's representation inadequate") (internal quotation marks omitted). Thus, we grant summary disposition insofar as the intervention ruling is concerned and affirm the district court's February 27, 2026, electronic order denying intervention.

Regarding movants-appellants' pursuit of review of the district court's March 16, 2026, preliminary injunction ruling, plaintiffs-appellees argue that movants-appellants may not proceed because movants-appellants are not parties to the underlying action, because the district court did not abuse its discretion in denying intervention, and because movants-appellants are not otherwise entitled to pursue the matter on appeal. See Marino v. Ortiz, 484 U.S. 301, 304 (1988) (per curiam) (describing as "well settled" "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"); see also Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund, 582 F.3d 30, 41 (1st Cir. 2009) (explaining that "the fact that a decision against a defendant may practically impact a third party is not ordinarily enough for appellant status absent intervention or joinder in the trial court"); Microsystems Software, Inc. v. Scandinavia Online AB, 226 F.3d 35, 42 (1st Cir. 2000) (explaining that "[a] mere interest in the outcome of litigation will not suffice to confer standing upon a nonparty").

In their filings before this court, movants-appellants seemingly concede relevant points to at least some degree. In any event, despite plaintiffs-appellees unambiguously having raised

relevant issues, movants-appellants have failed to demonstrate that they should be allowed to proceed in seeking review of the preliminary injunction ruling in the event this court were to affirm the denial of intervention, which the court now has done. See U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 55 (1st Cir. 2009) (explaining that party invoking appellate jurisdiction bears burden of establishing that appellate jurisdiction exists); see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction."). Accordingly, we grant the "partial motion to dismiss," and the appeal is dismissed in relevant part.

Affirmed in part, dismissed in part. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Robert N. Meltzer
Richard Jaffe
Donald Campbell Lockhart
Abraham R. George
Thomas Pulham
Michael L. Fitzgerald
Douglas C. Dreier
Robert E. Wanerman
Stuart M. Gerson
Elizabeth J. McEvoy
Kathleen Barrett
James J. Oh
Richard H. Hughes, IV
William Walters
Maurice Wells
Jose A. Perez
Francisco Maria Negrón, Jr.
Andrew Matthew London
David Steven Schumacher
Andrew J. Pincus
Natasha Harnwell-Davis
Allison Aviki
Graham White
Megan Barbero
Kyle H. Keraga